Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff Gucci America, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

GUCCI AMERICA, INC.,

        Plaintiff,

- against -

JENNIFER GUCCI, JENCO DESIGNS, LLC,
JENNICOR, LLC, VERATEX, INC.,
COLLEZIONE DI CASA, INC., E.L. ERMAN -
DEAD SEA COSMETICS CORP., LOUISVILLE
BEDDING COMPANY, EDWARD LITWAK d/b/a
ED LITWAK & ASSOCIATES, ABC
CORPORATIONS 1-10, and JOHN DOES 1-10,

        Defendants.

-------------------------------------------------------- x

**07 CV 6820**

**Judge Berman**

Civil Action No.

**COMPLAINT**

Plaintiff Gucci America, Inc. ("Gucci"), by and through its attorneys, Arnold & Porter LLP, complains and alleges against defendants Jennifer Gucci, Jenco Designs, LLC, Jennicor, LLC, Veratex, Inc., Collezione Di Casa, Inc., E.L. Erman - Dead Sea Cosmetics Corp., Louisville Bedding Company, ABC Corporations 1-10, and John Does 1-10 (collectively "Defendants") as follows:

**NATURE OF THE ACTION**

1.     Gucci seeks injunctive relief and damages for acts of trademark infringement, false designation of origin, trademark dilution, unfair competition, and unfair and deceptive trade

practices, engaged in by Defendants in violation of the laws of the United States and the State of New York.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act (15 U.S.C. § 1121), and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Gucci's claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., and substantial and related claims under the statutory and common law of the State of New York.

3. Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 1400(a) and (b), because Defendants are subject to personal jurisdiction within this judicial district and/or because a substantial part of the events giving rise to these claims occurred within this judicial district.

## THE PARTIES

4. Gucci is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 685 Fifth Avenue, New York, New York. Gucci is the sole and exclusive distributor in the United States of items bearing the world famous Gucci Trademarks (as defined herein) including, but not limited to, leather goods, clothing, accessories, home products, fragrances and perfumes, and jewelry and watches.

5. Upon information and belief, defendant Jennifer Gucci is an individual who resides in this judicial district.

6. Upon information and belief, defendant Jenco Designs, LLC ("Jenco") is a limited liability company organized and existing under the laws of the State of Delaware, having an address for service of process at 2711 Centerville Road, Suite 400, Wilmington, Delaware. Upon further information and belief, Jenco maintains offices in the State of New York.

and/or Veratex.

11.     Upon information and belief, defendant E.L. Erman - Dead Sea Cosmetics Corp., also known as E.L. Erman Cosmetics Manufacturing Corp. ("Erman") is a corporation organized and existing under the laws of the State of California, having its principal place of business at 31238 Via Colinas, Westlake, California. Upon further information and belief, Erman is engaged in manufacturing, distributing, selling and advertising skin care and cosmetic products, including products under license from Jennifer Gucci and/or Veratex.

12.     Upon information and belief, defendant Louisville Bedding Company ("Louisville") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 10400 Bunsen Way, Louisville, Kentucky, and operates a showroom within this judicial district at 111 West 40th Street, New York, New York. Upon further information and belief, Louisville is engaged in manufacturing, distributing, selling and advertising bedding and home accessory products, including products under license from Jennifer Gucci and/or Veratex.

13.     Upon information and belief, defendant Edward Litwak ("Litwak") is an individual residing in the State of California, doing business as Ed Litwak and Associates, which maintains a principal place of business at 12868 Via Latina, Del Mar, California. Upon further information and belief, Litwak, is, among other things, in the business of attempting to license, and licensing, to third parties the name and trademark JENNIFER GUCCI for use on various consumer products.

14.     ABC Corporations 1-10 and John Does 1-10 are corporations or other legal entities and/or individuals whose identities or location are unknown to Gucci, and who are also engaged in manufacturing, distributing, selling and advertising products under license from

Jennifer Gucci and/or Veratex.

## THE FAMOUS GUCCI BRAND AND TRADEMARKS

15. Gucci is the owner of, and the sole and exclusive distributor of fine leather goods, clothing, accessories, home products, fragrances and perfumes, and jewelry and watches sold under, the world famous GUCCI brand name in the United States. The GUCCI brand has become synonymous with luxurious and elegant products and services. Moreover, the brand owners of the GUCCI brand have long been recognized as worldwide leaders in the design, marketing and distribution of premium, high quality products. Consumers and the trade instantly identify Gucci as the source of all products bearing the GUCCI name and trademark.

16. Gucci is the owner of the right, title and interest in and to, <u>inter alia</u>, the following federally registered trademarks and/or service marks:

|  |  |  |  |
|---|---|---|---|
| GUCCI | 876,292 | 09/09/69 | 16, 18, 21, 25 |
|  | 959,338 | 05/22/73 | 14 |
|  | 972,078 | 10/30/73 | 42 |
|  | 1,093,769 | 06/20/78 | 16 |
|  | 1,140,598 | 10/21/80 | 3 |
|  | 1,168,477 | 09/08/81 | 25 |
|  | 1,169,019 | 09/15/81 | 9 |
|  | 1,168,922 | 09/15/81 | 6 |
|  | 1,200,991 | 07/13/82 | 14 |
|  | 1,202,802 | 07/27/82 | 25 |
|  | 1,321,864 | 02/26/85 | 9 |
|  | 1,340,599 | 06/11/85 | 14 |
| GREEN-RED-GREEN STRIPE | 1,122,780 | 07/24/79 | 18 |
|  | 1,123,224 | 07/31/79 | 14 |
|  | 1,483,526 | 04/05/88 | 25 |

| | | | |
|---|---|---|---|
| REPEATING GG DESIGN | 2,680,237 | 01/28/03 | 14 |
| | 3,072,547 | 03/28/06 | 25 |
| | 3,072,549 | 03/28/06 | 18 |

Attached hereto as Exhibit A are true and correct copies of the U.S. Patent and Trademark Office registration certificates evidencing Gucci's ownership of the foregoing trademarks. All of the registrations set forth in Exhibit A are valid, subsisting, and in full force and effect. Moreover, many of the registrations have achieved incontestable status pursuant to 15 U.S.C. § 1065. These trademarks are collectively referred to as the "Gucci Trademarks." Examples of the Gucci Trademarks as they are used in connection with GUCCI branded products are attached hereto as Exhibit B.

17. Gucci has extensively advertised and promoted the products manufactured under the Gucci Trademarks. For decades, the Gucci Trademarks have received widespread exposure in the marketplace. Over the years, millions of consumers have been exposed to the Gucci Trademarks through extensive advertising campaigns, in mainstream and fashion magazines and other periodicals, as depicted on television and in motion pictures, on the Internet, and in other forms of unsolicited media coverage.

18. Further, over many years, Gucci has realized enormous and ever-increasing success in its sales of products bearing the Gucci Trademarks, such sales totaling in the billions of dollars in the United States alone.

19. Moreover, Gucci always endeavors to maintain the prestige and reputation for

quality and luxury associated with the GUCCI brand. Strict quality control standards are imposed in the manufacture of all GUCCI branded products. Gucci's painstaking adherence to only the highest quality standards has resulted in widespread and favorable public acceptance among consumers for all products bearing the Gucci Trademarks.

20. As a result of Gucci's extensive advertising and promotion, adherence to the highest quality standards, and extraordinary sales success, the Gucci Trademarks, as well as other well known designs, logos and indicia introduced by Gucci, are among the most widely-recognized trademarks in the United States, possessing strong secondary meaning among consumers and the trade, immediately identifying Gucci as the exclusive source of the products to which they are affixed, and signifying goodwill of incalculable value.

**DEFENDANTS' ACTS OF INFRINGEMENT AND UNFAIR COMPETITION**

21. Gucci has recently discovered that Defendants are engaged in licensing, designing, manufacturing, promoting, selling, and offering for sale consumer products in a wide variety of product categories under the JENNIFER GUCCI name and trademark, in conjunction with various other designs, logos and source-identifying indicia that are studied imitations of the Gucci Trademarks, including a green-red-green stripe design and a repeating JG design (collectively the "Infringing Marks"). Upon information and belief, such products include, but are not limited to, home textile, bedding, bedding accessory, bath accessory, window treatment, and skincare and cosmetic products. Copies of marketing materials published by Veratex depicting the Infringing Marks are attached hereto as Exhibit C.

22. Upon information and belief, Jennifer Gucci, who was married to Paolo Gucci, a Gucci family member, from 1978 to 1991, but who otherwise has no affiliation with Gucci, has, individually and through Jennicor and Jenco, attempted to capitalize on the popularity of the Gucci Trademarks by licensing, attempting to license and/or permitting various companies to the

7

Infringing Marks.

23.  Upon information and belief, Jennifer Gucci, through Jennicor and Jenco, has, on several occasions over a period of years, attempted to register trademarks comprising or containing the name JENNIFER GUCCI, both in the United States and internationally. In each instance, such attempted registration has been refused on the basis that the name JENNIFER GUCCI is likely to be confused with the world famous GUCCI trademark.

24.  Upon information and belief, Jennifer Gucci has granted to Veratex a worldwide master license to use and license the Infringing Marks across numerous consumer product categories.

25.  Upon information and belief, Veratex has licensed, manufactured, imported, advertised, promoted, distributed, sold and/or offered for sale, and/or is causing to be licensed, manufactured, imported, advertised, promoted, distributed, sold and/or offered for sale, without authorization or license from Gucci, consumer products bearing the Infringing Marks in a wide variety of product categories.

26.  Upon information and belief, acting as master licensee of the Infringing Marks, Veratex has entered into sublicenses with various companies, including, but not limited to, Collezione, Erman and Louisville, for the use of the Infringing Marks on a wide variety of consumer products, including, but not limited to, home textile, bedding, bedding accessory, bath accessory, window treatment, and skincare and cosmetic products. Copies of news articles and/or press releases issued by Veratex concerning its efforts to license the Infringing Marks are attached hereto as Exhibit D.

27.  Upon information and belief, Collezione, pursuant to its license agreement with Veratex, has manufactured, imported, advertised, promoted, distributed, sold and/or offered for

8

sale, and/or is causing to be manufactured, imported, advertised, promoted, distributed, sold and/or offered for sale, without authorization or license, home textile, bedding and bath products, bearing the Infringing Marks.

28. Upon information and belief, Erman, pursuant to its license agreement with Veratex, has manufactured, imported, advertised, promoted, distributed, sold and/or offered for sale, and/or is causing to be manufactured, imported, advertised, promoted, distributed, sold and/or offered for sale, without authorization or license, skin care and cosmetic products, bearing the Infringing Marks. A printout from Erman's website depicting products bearing the brand name JENNIFER GUCCI is attached hereto as Exhibit E.

29. Upon information and belief, Louisville, pursuant to its license agreement with Veratex, has manufactured, imported, advertised, promoted, distributed, sold and/or offered for sale, and/or is causing to be manufactured, imported, advertised, promoted, distributed, sold and/or offered for sale, without authorization or license, bedding products, including bed pillows, comforters, mattress pads and pillow protectors, bearing the Infringing Marks. A press release issued by Louisville concerning its impending launch of a JENNIFER GUCCI branded product line is attached hereto as Exhibit F.

30. Upon information and belief, Litwak is acting as licensing manager or licensing agent with respect to the Infringing Marks on behalf of Jennifer Gucci and/or Veratex, and has arranged for and/or issued licenses and/or sub-licenses for the use of the JENNIFER GUCCI name and the Infringing Marks.

31. Upon information and belief, ABC Corporations 1-10 and John Does 1-10, pursuant to license agreements with Veratex and/or Jennifer Gucci, have manufactured, advertised, promoted, distributed, sold and/or offered for sale, and/or are causing to be

9

manufactured, advertised, promoted, distributed, sold and/or offered for sale, without authorization or license, additional products bearing the Infringing Marks. Upon learning the identities of these defendants, Gucci will seek leave to amend its complaint to add them as parties.

32. Together with the Infringing Marks, Defendants are using various other design elements and designations, including, but not limited to, certain fonts, typefaces and graphic designs, which are intended to suggest design elements and designations used by or associated with Gucci, all with the deliberate intention to cause consumers and the trade to believe that their products bearing the Infringing Marks are authorized, sponsored, approved, endorsed or licensed by Gucci, or that Defendants are in some way affiliated with Gucci.

33. Defendants are well aware of the extraordinary fame and strength of the Gucci Trademarks, and the incalculable goodwill symbolized thereby, and that the Infringing Marks cannot be used as indicators of source or sponsorship for the products they are licensing, manufacturing and/or distributing. Accordingly, Defendants have been engaging in the above-described unlawful activities knowingly and intentionally, or with reckless disregard for Gucci's rights in the Gucci Trademarks.

## FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(a))

34. The allegations set forth in paragraphs 1 through 33 hereof are adopted and incorporated by reference as if fully set forth herein.

35. Defendants' use of the Infringing Marks is intended to cause, has caused and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to whether products bearing the Infringing Marks originate from, or are affiliated with, sponsored by, or endorsed by Gucci.

320626_1.DOC

36. Upon information and belief, Defendants have acted with knowledge of Gucci's ownership of the Gucci Trademarks and with the deliberate intention to unfairly benefit from the incalculable goodwill symbolized thereby.

37. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

38. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

39. Upon information and belief, Defendants intend to continue their infringing acts, and will continue to willfully infringe the Gucci Trademarks, unless restrained by this Court.

40. Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## TRADEMARK COUNTERFEITING (15 U.S.C. §§ 1114(1)(a), 1116)

41. The allegations set forth in paragraphs 1 through 40 hereof are adopted and incorporated by reference as if fully set forth herein.

42. Defendants, without authorization from Gucci, have used and are continuing to use, spurious designations that are identical to, or substantially indistinguishable from, the Gucci Trademarks.

43. The foregoing acts of Defendants are likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Defendants' products are genuine or authorized products of Gucci.

44. Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114), and Section 34 of the Lanham Act (15 U.S.C. § 1116).

45. Upon information and belief, by their acts, Defendants have made and will make

substantial profits and gains to which they are not in law or equity entitled.

46. Upon information and belief, Defendants intend to continue their infringing acts, and will continue to willfully infringe the Gucci Trademarks, unless restrained by this Court.

47. Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

48. The allegations set forth in paragraphs 1 through 47 hereof are adopted and incorporated by reference as if fully set forth herein.

49. Defendants' use of the Infringing Marks and other designations and indicia is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of products bearing the Infringing Marks, and is intended, and is likely to cause such parties to believe in error that the products bearing the Infringing Marks have been authorized, sponsored, approved, endorsed or licensed by Gucci, or that Defendants are in some way affiliated with Gucci.

50. Defendants' acts constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

51. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

52. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

53. Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

12

## FOURTH CLAIM FOR RELIEF
## TRADEMARK DILUTION (15 U.S.C. § 1125(c))

54. The allegations set forth in paragraphs 1 through 53 hereof are adopted and incorporated by reference as if fully set forth herein.

55. Gucci is the exclusive owner of the Gucci Trademarks in the United States.

56. The Gucci Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

57. The Gucci Trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

58. Defendants' use of the Infringing Marks, without authorization from Gucci, is diluting the distinctive quality of the Gucci Trademarks and decreasing the capacity of such marks to identify and distinguish Gucci's goods.

59. Defendants have intentionally and willfully diluted the distinctive quality of the famous Gucci Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

60. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

61. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

62. Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

63. The allegations set forth in paragraphs 1 through 62 hereof are adopted and incorporated by reference as if fully set forth herein.

64. Gucci owns all right, title, and interest in and to the Gucci Trademarks as

13

329626.1.DOC

aforesaid, including all common law rights in such marks.

65.   The aforesaid acts of Defendants constitute trademark infringement in violation of the common law of the State of New York.

66.   Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

67.   Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

68.   Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION

69.   The allegations set forth in paragraphs 1 through 68 hereof are adopted and incorporated by reference as if fully set forth herein.

70.   The aforesaid acts of Defendants constitute unfair competition in violation of the common law of the State of New York.

71.   Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

72.   Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

73.   Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

### SEVENTH CLAIM FOR RELIEF
### DECEPTIVE ACTS AND PRACTICES (N.Y. G.B.L. § 349)

74.   The allegations set forth in paragraphs 1 through 73 hereof are adopted and incorporated by reference as if fully set forth herein.

14

320626_1.DOC

75. The aforesaid acts of Defendants constitute consumer-oriented conduct that has affected the public interest of New York and has resulted and/or may result in injury to consumers in New York and/or harm to the public.

76. By the acts described herein, Defendants have willfully engaged in deceptive acts or practices in the conduct of its business in violation of New York General Business Law § 349.

77. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

78. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

79. Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

### EIGHTH CLAIM FOR RELIEF
### TRADEMARK DILUTION (N.Y. G.B.L. § 360-L)

80. The allegations set forth in paragraphs 1 through 79 hereof are adopted and incorporated by reference as if fully set forth herein.

81. Gucci is the exclusive owner of the Gucci Trademarks throughout the United States, including the State of New York.

82. Through prominent, long and continuous use in commerce, including commerce within the State of New York, Gucci Trademarks have become and continue to be famous and distinctive.

83. By the acts described herein, Defendants have diluted the distinctiveness of the Gucci Trademarks and have caused a likelihood of harm to Gucci's business reputation in violation of New York General Business Law § 360-1.

84. Upon information and belief, by their acts, Defendants have made and will make

substantial profits and gains to which they are not in law or equity entitled.

85. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

86. Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Gucci demands judgment against Defendants as follows:

1. Finding that (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendants have engaged in deceptive acts and practices under New York General Business Law § 349; (iii) Defendants have diluted the Gucci Trademarks in violation of New York General Business Law § 360-1; (iv) Defendants have engaged in trademark infringement and unfair competition under the common law of New York; and (v) Defendants have been unjustly enriched in violation of New York common law.

2. Granting an injunction preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from:

(a) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale or selling any products which bear the Infringing Marks, the Gucci Trademarks, or any other mark substantially or confusingly similar thereto, and engaging in any other activity constituting an infringement of any of Gucci's rights in the Gucci Trademarks, or any other trademark owned by Gucci; and

(b) engaging in any other activity constituting unfair competition with Gucci, or acts and practices that deceive the public and/or the trade; and

330626_1.DOC

    (c)  engaging in any activity that will cause the distinctiveness of the Gucci Trademarks to be diluted.

  3.  Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale or sold by Defendants, has been authorized by Gucci, or is related to or associated in any way with Gucci or its products.

  4.  Directing that Defendants account to and pay over to Gucci all profits realized by their wrongful acts and directing that such profits be trebled in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117).

  5.  At its election, awarding Gucci statutory damages in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117).

  6.  Awarding Gucci its actual damages in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117).

  7.  Awarding Gucci its costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act (15 U.S.C. § 1117).

  8.  Requiring Defendants to deliver up to Gucci for destruction or other disposition all remaining inventory of all products bearing the Infringing Marks, including all advertising, promotional and marketing materials therefor, as well as all means of making same.

  9.  Awarding Gucci pre-judgment interest on any monetary award made part of the judgment against Defendants.

10. Awarding Gucci such additional and further relief as the Court deems just and proper.

Dated: New York, New York
July 30, 2007

ARNOLD AND PORTER LLP

By: *[signature]*
Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
399 Park Avenue
New York, New York 10022
(212) 715-1000

*Attorneys for Plaintiff Gucci America, Inc.*