UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

GUCCI AMERICA, INC.,

    Plaintiff,

- against -

JENNIFER GUCCI, JENCO DESIGNS, LLC,
JENNICOR, LLC, VERATEX, INC.,
COLLEZIONE DI CASA, INC., E.L. ERMAN -
DEAD SEA COSMETICS CORP., LOUISVILLE
BEDDING COMPANY, EDWARD LITWAK d/b/a
ED LITWAK & ASSOCIATES, ABC
CORPORATIONS 1-10, and JOHN DOES 1-10,

    Defendants.

-------------------------------------------------------------- x



Civil Action No.
07 cv 6820 (RMB)(JCF)

TEMPORARY RESTRAINING
ORDER AND ORDER FOR
EXPEDITED DISCOVERY ON
CONSENT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/20/07

WHEREAS, plaintiff Gucci America, Inc. ("Gucci") moved for expedited discovery and other relief in this action pursuant to an Order to Show Cause entered August 1, 2007; and

WHEREAS, Gucci submitted a Declaration of Louis S. Ederer, Esq. and a Memorandum of Law in support of the Order to Show Cause, and the defendants Veratex, Inc. and Collezione di Casa, Inc. (collectively the "Veratex Defendants") submitted a Reply Memorandum of Law in opposition to the Order to Show Cause, and defendant Louisville Bedding Company ("Louisville") submitted a Declaration of Scott Walters in opposition to the Order to Show Cause; and

WHEREAS, Gucci's Order to Show Cause came on for hearing before this Court on August 3, 2007; and

WHEREAS, the Veratex Defendants and Louisville, together with plaintiff Gucci, appeared before the Hon. James C. Francis IV on the hearing of Gucci's motion for expedited discovery; and

1

WHEREAS, defendants Jennifer Gucci, Jenco Designs, LLC, and Jennicor, LLC (collectively the "Jennifer Gucci Defendants"), E.L. Erman - Dead Sea Cosmetics Corp. ("Erman"), and Edward Litwak d/b/a Ed Litwak & Associates ("Litwak") did not appear on the hearing of Gucci's motion for expedited discovery, but have subsequently appeared, or are soon to appear, in this action through counsel; and

WHEREAS Gucci and Louisville have reached an agreement resolving Gucci's claims against Louisville, which will result in the entry of a Stipulation of Dismissal;

WHEREAS Gucci, the Veratex Defendants, the Jennifer Gucci Defendants, Erman and Litwak have reached agreement with respect to the relief sought in Gucci's motion for expedited discovery and have consented to the entry of the instant order on the terms set forth below:

NOW, THEREFORE. IT IS HEREBY ORDERED, based on the agreement of the parties, and good cause appearing, as follows:

1.  The Jennifer Gucci Defendants, the Veratex Defendants, Erman, and Litwak shall provide responses to the requests for production set forth in Exhibits N, O, P, and Q, respectively, to the Declaration of Louis S. Ederer ("Ederer Declaration"), within seven (7) days of the entry of this Order;

2.  The Jennifer Gucci Defendants, the Veratex Defendants, Erman, and Litwak shall produce to Gucci the documents and other things responsive to Gucci's requests, subject to any appropriate objections and/or assertions of privilege, and, in the case of the those defendants residing and/or based in California, make available samples of product for inspection within Los Angeles County, California, within five (5) days of the responses to the requests for production or five (5) days of the Court's entry of a stipulated protective order, whichever is later ; and

3.  The Jennifer Gucci Defendants, the Veratex Defendants, Erman, and Litwak shall

2

make available for deposition the witnesses most knowledgeable concerning the topics contained in the deposition notices attached as Exhibits S, T, U, V, W, X, and Z, respectively, to the Ederer Declaration, at a mutually convenient time for the witnesses and counsel, but in no event later than ten (10) business days following the production and/or inspection of the documents and other things responsive to Gucci's requests, and, in the case of those defendants residing and/or based in California, such depositions are to take place at the offices of Arnold & Porter LLP, 777 South Figueroa Street, Los Angeles, California (or such other location to which Gucci and such defendants may mutually agree).

IT IS FURTHER ORDERED that the Jennifer Gucci Defendants, the Veratex Defendants, Erman, and Litwak, and their subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, shall be temporarily restrained during the pendency of the foregoing discovery period, and for a period of ten (10) business days thereafter, and for such additional period as may be ordered by the Court (the "Expedited Discovery Period"), from:

1. licensing, sublicensing, manufacturing, importing, exporting, advertising, promoting, displaying, distributing, circulating, offering for sale, selling or otherwise disposing of in any manner or removing from their respective business premises (except as otherwise provided herein) any products bearing the JENNIFER GUCCI name; and

2. imitating, copying or making unauthorized use of the following federally-registered trademarks owned by Gucci, including: U.S. Trademark Reg. Nos. 876,292, 959,338, 972,078, 1,093,769, 1,140,598, 1,168,477, 1,169,019, 1,168,922, 1,200,991, 1,202,802, 1,321,864, and 1,340,599 for the GUCCI word mark; U.S. Trademark Reg. Nos. 1,122,780, 1,123,224, and 1,483,526 for Gucci's Green-Red-Green stripe Design; and U.S. Trademark Reg.

Nos. 2,680,237, 3,072,547, and 3,072,549 for Gucci's Repeating GG Design.

IT IS FURTHER ORDERED, based on the Veratex Defendants' representations to the Court that they have no signed license agreements concerning the use of the JENNIFER GUCCI name with any entities other than two entities affiliated with Erman, that the Jennifer Gucci Defendants, the Veratex Defendants and Litwak, within two (2) business days after the entry of the instant order, shall provide a copy of the instant order, by overnight courier or such other means reasonably likely to ensure receipt, to all non-parties with whom they, individually or collectively, have entered into license agreements, written or oral, for the use of the JENNIFER GUCCI name, to all non-parties with whom the Veratex Defendants have publicly announced that they have license agreements for the use of the JENNIFER GUCCI name, including, but not limited to, Therapedic, Inc. and Peach Direct, and any other non-parties of the Jennifer Gucci Defendants', the Veratex Defendants', and Litwak's choosing, provided that each provides Gucci with a list of all non-parties to which they have provided a copy of the instant order within one (1) business day of providing said copy.

IT IS FURTHER ORDERED that, for the pendency of the Expedited Discovery Period, Gucci shall not make contact, directly or indirectly, with any of the non-parties to which the Jennifer Gucci Defendants, the Veratex Defendants or Litwak have given the instant order, provided, however, that the aforesaid order shall not prevent Gucci from contacting any such non-party (provided Gucci gives the Jennifer Gucci Defendants, the Veratex Defendants or Litwak 48 hours advance notice of any such contact), or seeking relief against any such non-party, should Gucci discover that any such non-party is, or will be:

1. licensing, sublicensing, manufacturing, importing, exporting, advertising, promoting, displaying, distributing, circulating, offering for sale, selling or otherwise disposing

of in any manner or removing from its business premises any products bearing the JENNIFER GUCCI name; and

2.  imitating, copying or making unauthorized use of the following federally-registered trademarks owned by Gucci, including: U.S. Trademark Reg. Nos. 876,292, 959,338, 972,078, 1,093,769, 1,140,598, 1,168,477, 1,169,019, 1,168,922, 1,200,991, 1,202,802, 1,321,864, and 1,340,599 for the GUCCI word mark; U.S. Trademark Reg. Nos. 1,122,780, 1,123,224, and 1,483,526 for Gucci's Green-Red-Green stripe Design; and U.S. Trademark Reg. Nos. 2,680,237, 3,072,547, and 3,072,549 for Gucci's Repeating GG Design.

IT IS FURTHER ORDERED that the foregoing orders shall be without prejudice to any party's rights to make or assert any allegations, claims and defenses, or take any position, with respect to any allegations, claims, or defenses of any other party, and nothing in this Order constitutes, nor shall be deemed or interpreted to constitute, a finding or implication of any wrongdoing or of the merits of any assertion of rights or causes of action by or against any of the parties herein. Moreover, neither Gucci's agreement to the schedule set forth above for the Expedited Discovery Period, its agreement not to contact any non-party who has been provided notice of the instant order during the Expedited Discovery Period, nor any of defendants' business activities during the Expedited Discovery Period shall be used by defendants to argue any asserted lack of irreparable harm to Gucci or that the balance of hardships favors defendants, in any hearing for preliminary relief or in any trial on the merits of this action.

Dated: New York, New York
August **20**, 2007

SO ORDERED:

*/s/ James C. Francis IV*
Hon. James C. Francis IV
United States Magistrate Judge

5