UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

GUCCI AMERICA, INC.,

    Plaintiff,

- against -

JENNIFER GUCCI, JENCO DESIGNS, LLC,
JENNICOR, LLC, VERATEX, INC.,
COLLEZIONE DI CASA, INC., E.L. ERMAN -
DEAD SEA COSMETICS CORP., EDWARD
LITWAK d/b/a ED LITWAK & ASSOCIATES,
ABC CORPORATIONS 1-10, and JOHN DOES 1-
10,

    Defendants.

------------------------------------------------------------------ x

Civil Action No.
07 cv 6820 (RMB) (JCF)

[~~PROPOSED~~] ORDER
EXTENDING TEMPORARY
RESTRAINING ORDER AND
ORDER FOR EXPEDITED
DISCOVERY ON CONSENT

  WHEREAS, plaintiff Gucci America, Inc. ("Gucci") moved for expedited discovery and other relief in this action pursuant to an Order to Show Cause entered August 1, 2007; and

  WHEREAS Gucci, defendants Jennifer Gucci, Jenco Designs, LLC, and Jennicor, LLC (collectively the "Jennifer Gucci Defendants"); Veratex, Inc. and Collezione di Casa, Inc. (collectively the "Veratex Defendants"); E.L. Erman - Dead Sea Cosmetics Corp. ("Erman") and Edward Litwak d/b/a Ed Litwak & Associates ("Litwak") reached agreement with respect to the relief sought in Gucci's motion for expedited discovery and consented to the entry of a Temporary Restraining Order and Order for Expedited Discovery, which was subsequently entered by the Hon. James C. Francis IV, on August 20, 2007 (the "August 20 Order") (attached hereto as Exhibit A); and

  WHEREAS, the August 20 Order provides, among other things, that (i) Gucci shall take expedited discovery of the Jennifer Gucci Defendants, the Veratex Defendants, Erman, and Litwak, including document discovery by September 4, 2007 and depositions by September 18,

1

2007; and (ii) during the foregoing discovery period, and for a period of ten (10) business days thereafter (i.e., at least until October 2, 2007), and for such additional period as may be ordered by the Court (the "Expedited Discovery Period"), the Jennifer Gucci Defendants, the Veratex Defendants, Erman, and Litwak, and their subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, shall be temporarily restrained from:

(a) licensing, sublicensing, manufacturing, importing, exporting, advertising, promoting, displaying, distributing, circulating, offering for sale, selling or otherwise disposing of in any manner or removing from their respective business premises (except as otherwise provided herein) any products bearing the JENNIFER GUCCI name; and

(b) imitating, copying or making unauthorized use of the following federally-registered trademarks owned by Gucci, including: U.S. Trademark Reg. Nos. 876,292, 959,338, 972,078, 1,093,769, 1,140,598, 1,168,477, 1,169,019, 1,168,922, 1,200,991, 1,202,802, 1,321,864, and 1,340,599 for the GUCCI word mark; U.S. Trademark Reg. Nos. 1,122,780, 1,123,224, and 1,483,526 for Gucci's Green-Red-Green stripe Design; and U.S. Trademark Reg. Nos. 2,680,237, 3,072,547, and 3,072,549 for Gucci's Repeating GG Design; and

WHEREAS, the Jennifer Gucci Defendants were unable to appear for deposition on September 17, 2007, as scheduled, at the offices of Gucci's counsel in Los Angeles, California;

WHEREAS, counsel for the Jennifer Gucci Defendants have agreed to produce the Jennifer Gucci Defendants for deposition at the offices of Gucci's counsel in New York, New York, at a mutually convenient date; and

2

WHEREAS, counsel for all parties have agreed to extend the Expedited Discovery Period for a period of ten (10) business days following the deposition of the Jennifer Gucci Defendants.

NOW, THEREFORE, IT IS HEREBY ORDERED, based on the agreement of the parties, and good cause appearing, as follows:

1. The Expedited Discovery Period shall be, and is hereby, extended for a period of ten (10) business days following the deposition of the Jennifer Gucci Defendants, and for such additional period as may be ordered by the Court; and

2. The August 20 Order shall otherwise remain in full force and effect.

IT IS FURTHER ORDERED that the foregoing orders shall be without prejudice to any party's rights to make or assert any allegations, claims and defenses, or take any position, with respect to any allegations, claims, or defenses of any other party, and nothing in this Order constitutes, nor shall be deemed or interpreted to constitute, a finding or implication of any wrongdoing or of the merits of any assertion of rights or causes of action by or against any of the parties herein. Moreover, neither Gucci's agreement to the schedule set forth above for the Expedited Discovery Period, its agreement not to contact any non-party who has been provided notice of the instant order during the Expedited Discovery Period, nor any of defendants' business activities during the Expedited Discovery Period shall be used by defendants to argue any asserted lack of irreparable harm to Gucci or that the balance of hardships favors defendants, in any hearing for preliminary relief or in any trial on the merits of this action.

Dated: New York, New York  
September 28, 2007

SO ORDERED:

*James C. Francis IV*  
Hon. James C. Francis IV  
United States Magistrate Judge

3