Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York  10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff Gucci America, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

GUCCI AMERICA, INC.,

        Plaintiff,

- against -

JENNIFER GUCCI, JENCO DESIGNS, LLC,
JENNICOR, LLC, JENNY GUCCI COFFEE AND
GELATO COMPANY, INC., VERATEX, INC.,
COLLEZIONE DI CASA, INC., E.L. ERMAN -
DEAD SEA COSMETICS CORP., ELE BRANDS
ENTERPRISE, INC., GBN WATCH
COLLECTION, INC., GBN GLOBAL BUSINESS
NETWORK, EDWARD LITWAK d/b/a ED
LITWAK & ASSOCIATES, GEMMA GUCCI,
GEMMA GUCCI COFFEE AND GELATO
COMPANY, INC., ABC CORPORATIONS 1-10,
and JOHN DOES 1-10,

        Defendants.

---------------------------------------------------------------- x

Civil Action No. 07 CV 6820

**AMENDED COMPLAINT**

Plaintiff Gucci America, Inc. ("Gucci"), by and through its attorneys, Arnold & Porter LLP, complains and alleges against defendants Jennifer Gucci, Jenco Designs, LLC, Jennicor, LLC, Jenny Gucci Coffee and Gelato Company, Inc., Veratex, Inc., Collezione Di Casa, Inc., E.L. Erman - Dead Sea Cosmetics Corp., ELE Brands Enterprise, Inc., GBN Watch Collection, Inc., GBN Global Business Network, Gemma Gucci, Gemma Gucci Coffee and Gelato

resides in this judicial district.

6. Upon information and belief, defendant Jenco Designs, LLC ("Jenco") is a limited liability company organized and existing under the laws of the State of Delaware, having an address for service of process at 2711 Centerville Road, Suite 400, Wilmington, Delaware. Upon further information and belief, Jenco maintains offices in the State of New York.

7. Upon information and belief, defendant Jennicor, LLC ("Jennicor") is a limited liability company organized and existing under the laws of the State of New York, having an address for service of process at 81 Main Street, Suite 215, White Plains, New York.

8. Upon information and belief, Jennifer Gucci, Jennicor and Jenco (sometimes hereinafter collectively referred to as "Jennifer Gucci") are, separately or collectively, in the business of attempting to license, and licensing, to third parties the name and trademark JENNIFER GUCCI for use on various consumer products. Upon further information and belief, Jennifer Gucci, individually, is the moving, active, conscious force directing Jennicor and Jenco's willful infringing activities, and, as such, is personally responsible for Jennicor's and, Jenco's activities complained of herein.

9. Upon information and belief, defendant Veratex, Inc. ("Veratex") is a corporation organized and existing under the laws of the State of California, having its principal place of business at 14000 Arminta Street, Van Nuys, California, and operates a showroom within this judicial district at 261 Fifth Ave, Suite 2205, New York, New York. Upon further information and belief, Veratex is engaged in the business of licensing, manufacturing, distributing, selling and advertising home textile, bedding, bedding accessory, bath accessory and window treatment products, and is also in the business of acting as a licensee for such products and other consumer products, including products under license from Jennifer Gucci and/or Litwak and/or Collezione.

Collezione.

14. Upon information and belief, defendant GBN Global Business Network ("GBN Global"), is a corporation organized under the laws of the State of California, having its principal place of business located at 31238 Via Colinas, Westlake Village, California. Upon further information and belief, GBN Glabal is engaged in manufacturing, distributing, selling and advertising watches and jewelry products, including products under license from Veratex and/or Collezione.

15. Upon information and belief, defendant Edward Litwak ("Litwak") is an individual residing in the State of California, doing business as Ed Litwak and Associates, which maintains a principal place of business at 12868 Via Latina, Del Mar, California. Upon further information and belief, Litwak, is, among other things, in the business of attempting to license, and licensing to third parties the names and trademarks JENNIFER GUCCI, JENNY GUCCI and GEMMA GUCCI for use on various consumer products.

16. Upon information and belief, defendant Gemma Gucci is an individual who resides in this judicial district.

17. Upon information and belief, defendant Jenny Gucci Coffee and Gelato Company, Inc. ("Jenny Gucci Gelato"), is a corporation organized and existing under the laws of the State of Nevada, having its principal place of business at 12868 Via Latina, Del Mar, California. Upon further information and belief, Jenny Gucci Gelato is engaged in the business of licensing, manufacturing, distributing, selling and advertising coffee, gelato, and other products, including products under license from Jennifer Gucci and/or Litwak. Upon further information and belief, Litwak is the moving, active, conscious force directing Jenny Gucci Gelato's willful infringing activities, and, as such, is personally responsible for Jenny Gucci

Gelato's activities complained of herein.

18. Upon information and belief, defendant Gemma Gucci Coffee and Gelato Company, Inc. ("Gemma Gucci Gelato"), is a corporation organized and existing under the laws of the State of Nevada, having its principal place of business at 12868 Via Latina, Del Mar, California. Upon further information and belief, Gemma Gucci Gelato is engaged in the business of licensing, manufacturing, distributing, selling and advertising coffee, gelato and other products, including products under license from Gemma Gucci and/or Litwak. Upon further information and belief, Litwak is the moving, active, conscious force directing Gemma Gucci Gelato's willful infringing activities, and, as such, is personally responsible for Gemma Gucci Gelato's activities complained of herein.

19. ABC Corporations 1-10 and John Does 1-10 are corporations or other legal entities and/or individuals whose identities or location are unknown to Gucci, and who are also engaged in manufacturing, distributing, selling and advertising products under license from Jennifer Gucci and/or Veratex and/or Collezione and/or Gemma Gucci and/or Litwak.

## THE FAMOUS GUCCI BRAND AND TRADEMARKS

20. Gucci is the owner of, and the sole and exclusive distributor of fine leather goods, clothing, accessories, home products, fragrances and perfumes, and jewelry and watches sold under, the world famous GUCCI brand name in the United States. The GUCCI brand has become synonymous with luxurious and elegant products and services. Moreover, the brand owners of the GUCCI brand have long been recognized as worldwide leaders in the design, marketing and distribution of premium, high quality products. Consumers and the trade instantly identify Gucci as the source of all products bearing the GUCCI name and trademark.

21. Gucci is the owner of the right, title and interest in and to, inter alia, the following federally registered trademarks and/or service marks:

**EXHIBIT A**

| Mark | Registration No. | Registration Date | Class |
|---|---|---|---|
| GUCCI | 876,292<br>959,338<br>972,078<br>1,093,769<br>1,140,598<br>1,168,477<br>1,169,019<br>1,168,922<br>1,200,991<br>1,202,802<br>1,321,864<br>1,340,599 | 09/09/69<br>05/22/73<br>10/30/73<br>06/20/78<br>10/21/80<br>09/08/81<br>09/15/81<br>09/15/81<br>07/13/82<br>07/27/82<br>02/26/85<br>06/11/85 | 16, 18, 21, 25<br>14<br>42<br>16<br>3<br>25<br>9<br>6<br>14<br>25<br>9<br>14 |
| *Gucci* | 3,061,918 | 2/28/06 | 18 |
| GREEN-RED-GREEN STRIPE | 1,122,780<br>1,123,224<br>1,483,526 | 07/24/79<br>07/31/79<br>04/05/88 | 18<br>14<br>25 |
| REPEATING GG DESIGN | 2,680,237<br>3,072,547<br>3,072,549 | 01/28/03<br>03/28/06<br>03/28/06 | 14<br>25<br>18 |

Attached hereto as Exhibit A are true and correct copies of the U.S. Patent and Trademark Office registration certificates evidencing Gucci's ownership of the foregoing trademarks. All of the registrations set forth in Exhibit A are valid, subsisting, and in full force and effect. Moreover,

7

Litwak and Gemma Gucci Gelato, attempted to capitalize on the popularity of the world famous GUCCI Trademark by licensing, attempting to license and/or permitting various companies to use GEMMA GUCCI as a brand name and trademark.

30. Upon information and belief, Gemma Gucci has granted to Litwak a master license to use and license the GEMMA GUCCI trademark across numerous consumer product categories, including, but not limited to, coffee, ice cream and wine.

31. Upon information and belief, Litwak is acting as master licensee, licensing manager and/or licensing agent with respect to the Infringing Marks on behalf of Jennifer Gucci, Veratex/Collezione and Gemma Gucci, and has arranged for and/or issued licenses and/or sub-licenses for the use of the Infringing Marks.

32. Upon information and belief, Jennifer Gucci has granted to Litwak and Veratex/Collezione a worldwide master license to use and license the Infringing Marks across numerous consumer product categories.

33. Upon information and belief, Veratex and/or Collezione has licensed, manufactured, imported, advertised, promoted, distributed, sold and/or offered for sale, and/or is causing to be licensed, manufactured, imported, advertised, promoted, distributed, sold and/or offered for sale, without authorization or license from Gucci, consumer products bearing the Infringing Marks in a wide variety of product categories.

34. Upon information and belief, acting as master licensee of the Infringing Marks, Veratex and/or Collezione has entered into sublicenses with various companies, including, but not limited to, Collezione, Erman, ELE Brands, GBN Watch and GBN Global, for the use of the Infringing Marks on a wide variety of consumer products, including, but not limited to, home textile, bedding, bedding accessory, bath accessory, window treatment, skincare and cosmetic

products, watches and jewelry. Copies of news articles and/or press releases issued by Veratex concerning its efforts to license the Infringing Marks are attached hereto as Exhibit D.

35. Upon information and belief, Erman and ELE Brands, pursuant to their license agreement with Veratex and/or Collezione, has manufactured, imported, advertised, promoted, distributed, sold and/or offered for sale, and/or is causing to be manufactured, imported, advertised, promoted, distributed, sold and/or offered for sale, without authorization or license, skin care and cosmetic products, bearing the Infringing Marks. A printout from Erman's website depicting products bearing the brand name JENNIFER GUCCI is attached hereto as Exhibit E.

36. Upon information and belief, GBN Watch and GBN Global, pursuant to their license agreement with Veratex and/or Collezione, has manufactured, imported, advertised, promoted, distributed, sold and/or offered for sale, and/or is causing to be manufactured, imported, advertised, promoted, distributed, sold and/or offered for sale, without authorization or license, watches and jewelry products bearing the Infringing Marks.

37. Upon information and belief, ABC Corporations 1-10 and John Does 1-10, pursuant to license agreements with Veratex and/or Collezione and/or Jennifer Gucci and/or Gemma Gucci and/or Litwak, have manufactured, advertised, promoted, distributed, sold and/or offered for sale, and/or are causing to be manufactured, advertised, promoted, distributed, sold and/or offered for sale, without authorization or license, additional products bearing the Infringing Marks. Upon learning the identities of these defendants, Gucci will seek leave to amend its complaint to add them as parties.

38. Together with the Infringing Marks, Defendants are using various other design elements and designations, including, but not limited to, certain fonts, typefaces and graphic designs, which are intended to suggest design elements and designations used by or associated

with Gucci, all with the deliberate intention to cause consumers and the trade to believe that their products bearing the Infringing Marks are authorized, sponsored, approved, endorsed or licensed by Gucci, or that Defendants are in some way affiliated with Gucci.

39. Defendants are well aware of the extraordinary fame and strength of the Gucci Trademarks, and the incalculable goodwill symbolized thereby, and that the Infringing Marks cannot be used as indicators of source or sponsorship for the products they are licensing, manufacturing and/or distributing. Accordingly, Defendants have been engaging in the above-described unlawful activities knowingly and intentionally, or with reckless disregard for Gucci's rights in the Gucci Trademarks.

## FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(a))

40. The allegations set forth in paragraphs 1 through 39 hereof are adopted and incorporated by reference as if fully set forth herein.

41. Defendants' use of the Infringing Marks is intended to cause, has caused and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to whether products bearing the Infringing Marks originate from, or are affiliated with, sponsored by, or endorsed by Gucci.

42. Upon information and belief, Defendants have acted with knowledge of Gucci's ownership of the Gucci Trademarks and with the deliberate intention to unfairly benefit from the incalculable goodwill symbolized thereby.

43. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

44. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

12

45. Upon information and belief, Defendants intend to continue their infringing acts, and will continue to willfully infringe the Gucci Trademarks, unless restrained by this Court.

46. Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## TRADEMARK COUNTERFEITING (15 U.S.C. §§ 1114(1)(a), 1116)

47. The allegations set forth in paragraphs 1 through 46 hereof are adopted and incorporated by reference as if fully set forth herein.

48. Defendants, without authorization from Gucci, have used and are continuing to use, spurious designations that are identical to, or substantially indistinguishable from, the Gucci Trademarks.

49. The foregoing acts of Defendants are likely to cause confusion, or to cause mistake, or to deceive consumers into believing that Defendants' products are genuine or authorized products of Gucci.

50. Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114), and Section 34 of the Lanham Act (15 U.S.C. § 1116).

51. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

52. Upon information and belief, Defendants intend to continue their infringing acts, and will continue to willfully infringe the Gucci Trademarks, unless restrained by this Court.

53. Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

54. The allegations set forth in paragraphs 1 through 53 hereof are adopted and

13

incorporated by reference as if fully set forth herein.

55. Defendants' use of the Infringing Marks and other designations and indicia is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of products bearing the Infringing Marks, and is intended, and is likely to cause such parties to believe in error that the products bearing the Infringing Marks have been authorized, sponsored, approved, endorsed or licensed by Gucci, or that Defendants are in some way affiliated with Gucci.

56. Defendants' acts constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

57. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

58. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

59. Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## TRADEMARK DILUTION (15 U.S.C. § 1125(c))

60. The allegations set forth in paragraphs 1 through 59 hereof are adopted and incorporated by reference as if fully set forth herein.

61. Gucci is the exclusive owner of the Gucci Trademarks in the United States.

62. The Gucci Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

63. The Gucci Trademarks are famous within the meaning of Section 43(c) of the

Lanham Act (15 U.S.C. § 1125(c)).

64. Defendants' use of the Infringing Marks, without authorization from Gucci, is diluting the distinctive quality of the Gucci Trademarks and decreasing the capacity of such marks to identify and distinguish Gucci's goods.

65. Defendants have intentionally and willfully diluted the distinctive quality of the famous Gucci Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

66. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

67. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

68. Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

69. The allegations set forth in paragraphs 1 through 68 hereof are adopted and incorporated by reference as if fully set forth herein.

70. Gucci owns all right, title, and interest in and to the Gucci Trademarks as aforesaid, including all common law rights in such marks.

71. The aforesaid acts of Defendants constitute trademark infringement in violation of the common law of the State of New York.

72. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

73. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

15

74.     Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

75.     The allegations set forth in paragraphs 1 through 74 hereof are adopted and incorporated by reference as if fully set forth herein.

76.     The aforesaid acts of Defendants constitute unfair competition in violation of the common law of the State of New York.

77.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

78.     Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

79.     Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
## DECEPTIVE ACTS AND PRACTICES (N.Y. G.B.L. § 349)

80.     The allegations set forth in paragraphs 1 through 79 hereof are adopted and incorporated by reference as if fully set forth herein.

81.     The aforesaid acts of Defendants constitute consumer-oriented conduct that has affected the public interest of New York and has resulted and/or may result in injury to consumers in New York and/or harm to the public.

82.     By the acts described herein, Defendants have willfully engaged in deceptive acts or practices in the conduct of its business in violation of New York General Business Law § 349.

83.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

84. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

85. Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF
## TRADEMARK DILUTION (N.Y. G.B.L. § 360-L)

86. The allegations set forth in paragraphs 1 through 85 hereof are adopted and incorporated by reference as if fully set forth herein.

87. Gucci is the exclusive owner of the Gucci Trademarks throughout the United States, including the State of New York.

88. Through prominent, long and continuous use in commerce, including commerce within the State of New York, Gucci Trademarks have become and continue to be famous and distinctive.

89. By the acts described herein, Defendants have diluted the distinctiveness of the Gucci Trademarks and have caused a likelihood of harm to Gucci's business reputation in violation of New York General Business Law § 360-1.

90. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

91. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

92. Defendants' acts have damaged and will continue to damage Gucci, and Gucci has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Gucci demands judgment against Defendants as follows:

1.      Finding that (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendants have engaged in deceptive acts and practices under New York General Business Law § 349; (iii) Defendants have diluted the Gucci Trademarks in violation of New York General Business Law § 360-1; (iv) Defendants have engaged in trademark infringement and unfair competition under the common law of New York; and (v) Defendants have been unjustly enriched in violation of New York common law.

2.      Granting an injunction preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from:

(a)     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale or selling any products which bear the Infringing Marks, the Gucci Trademarks, or any other mark substantially or confusingly similar thereto, and engaging in any other activity constituting an infringement of any of Gucci's rights in the Gucci Trademarks, or any other trademark owned by Gucci; and

(b)     engaging in any other activity constituting unfair competition with Gucci, or acts and practices that deceive the public and/or the trade; and

(c)     engaging in any activity that will cause the distinctiveness of the Gucci Trademarks to be diluted.

3.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale or sold by Defendants, has been authorized by Gucci, or is related to or associated in any

way with Gucci or its products.

4. Directing that Defendants account to and pay over to Gucci all profits realized by their wrongful acts and directing that such profits be trebled in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117).

5. At its election, awarding Gucci statutory damages in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117).

6. Awarding Gucci its actual damages in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117).

7. Awarding Gucci its costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act (15 U.S.C. § 1117).

8. Requiring Defendants to deliver up to Gucci for destruction or other disposition all remaining inventory of all products bearing the Infringing Marks, including all advertising, promotional and marketing materials therefor, as well as all means of making same.

9. Awarding Gucci pre-judgment interest on any monetary award made part of the judgment against Defendants.

10. Awarding Gucci such additional and further relief as the Court deems just and proper.

Dated: New York, New York
       October 2, 2007

ARNOLD AND PORTER LLP

By: *Louis S. Ederer* (signature)
Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
399 Park Avenue
New York, New York 10022
(212) 715-1000

*Attorneys for Plaintiff Gucci America, Inc.*

Exhibit B