Edward G. Williams (EW 8737)
Frank S. Occhipinti (FO 7204)
STEWART OCCHIPINTI, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 239-5500

*Attorneys for Defendant Jennifer Gucci*

UNITED STATES DISTIRCT COURT
SOUTHERN DISTRICT OF NEW YORK
..................................................................X
                                                                :
GUCCI AMERICA, INC.,                                            :
                                                                :
                         Plaintiff,                             :
                                                                :
                                                                :          **ANSWER TO**
           -against-                                            :      **AMENDED COMPLAINT**
                                                                :
JENNIFER GUCCI, JENCO DESIGNS, LLC,                             :
JENNICOR, LLC, JENNY GUCCI COFFEE                               :      07 Civ. 6820 (RMB)(JCF)
AND GELATO COMPANY, INC., VERATEX,                              :
INC., COLLEZIONE DI CASA, INC., E.L.                            :
ERMAN- DEAD SEA COSMETICS CORP.,                                :
ELE BRANDS ENTERPRISES, INC., GBN                               :
WATCH COLLECTION, INC., GBN GLOBAL                              :
BUSINESS NETWORK, EDWARD LITWAK                                 :
d/b/a ED LITWAK & ASSOCIATES, ABC                               :
CORPORATIONS 1-10, and JOHN DOES 1-10,                          :
                                                                :
                         Defendants.                            :
                                                                :
..................................................................X

Defendant, JENNIFER GUCCI (hereinafter, "Ms. Gucci" or "Defendant"), by her attorneys, Stewart Occhipinti, LLP, for her Answer to Plaintiff's Amended Complaint (the "Complaint"):

1.       To the extent the allegations contained in Paragraph "1" of the Complaint purport to state the alleged bases for this action, such allegations require no response,

1

except Defendant denies that she engaged in any such wrongful conduct as alleged or any such conduct which violated the laws of the United States and or the State of New York.

2. The allegations contained in paragraph "2" of the Complaint involve questions of law as to which no response is required by the answering Defendant, and the Court is respectfully referred to the statutory and common law basis alleged by Plaintiff for a determination as to jurisdiction.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint that a "substantial part of the events giving rise to these claims occurred within this judicial district," and further denies that Ms. Gucci is subject to personal jurisdiction within this judicial district.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5. Denies the allegations contained in paragraph "5" of the Complaint.

6. With respect to the allegations contained in paragraph "6", admits only that an entity known as Jenco Designs, LLC was a duly organized Delaware business corporation, but has been dissolved, and denies the remaining paragraphs contained therein. During the periods relevant to this action, Jenco Designs, LLC has not transacted any business.

7. With respect to the allegations contained in paragraph "7", admits only that an entity known as Jennicor, LLC, is a duly organized Delaware business corporation, and denies the remaining paragraphs contained therein. During the periods relevant to this action, Jennicor, LLC has not transacted any business.

8. Denies the allegations contained in paragraph "8" of the Complaint.

9. The allegations of paragraph "9" are not directed to the answering Defendant, and therefore require no response; but to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "9".

10. The allegations of paragraph "10" are not directed to the answering Defendant, and therefore require no response; but to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "10".

11. The allegations of paragraph "11" are not directed to the answering Defendant, and therefore require no response; but to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "11".

12. The allegations of paragraph "12" are not directed to the answering Defendant, and therefore require no response; but to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "12".

13. The allegations of paragraph "13" are not directed to the answering Defendant, and therefore require no response; but to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "13".

14. The allegations of paragraph "14" are not directed to the answering

Defendant, and therefore require no response; but to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "14".

15. The allegations of paragraph "15" are not directed to the answering Defendant, and therefore require no response; but to the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "15".

16. The allegations of paragraph "16" are not directed to the answering Defendant, and therefore require no response; but to the extent a response is required, Defendant denies the allegations of paragraph "16".

17. With respect to the allegations contained in paragraph "17", admits that Jenny Gucci Coffee and Gelato Company, Inc, is a duly organized Nevada business corporation with an address at 12868 Via Latina, Del Mar, California, and denies the remaining allegations contained in paragraph "17."

18. The allegations of paragraph "18" are not directed to the answering Defendant, and therefore require no response; but to the extent a response is required, Defendant denies the allegations of paragraph "18".

19. The allegations of paragraph "19" are not directed to the answering Defendant, and therefore require no response; but to the extent a response is required, Defendant denies the allegations of paragraph "19".

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint.

26. Answering Defendant denies knowledge or information sufficient to form a belief as to what Plaintiff allegedly "recently discovered" and denies the remaining allegations contained in paragraph '26" of the Complaint.

27. Answering Defendant admits she was married to Paolo Gucci, a member of the Gucci family from 1977 to 1995, but denies the remaining allegations contained in paragraph "27" of the Complaint.

28. With respect to the allegations contained in paragraph "28" of the Complaint, admit only that Jennifer Gucci has on one or more occasion sought unsuccessfully to register a mark or marks containing or comprised of the name Jennifer Gucci, and denies the remaining allegations contained in paragraph "28" of the Complaint.

29. Denies the allegations contained in paragraph "29" of the Complaint, except admits that Gemma Gucci is the natural daughter of Jennifer Gucci and Paolo Gucci.

30. The allegations of paragraph "30" are not directed to the answering Defendant, and therefore require no response; but to the extent a response is required, Defendant denies the allegations of paragraph "30".

31. Denies the allegations contained in paragraph "31" of the Complaint.

32. Denies the allegations contained in paragraph "32" of the Complaint.

33. The allegations of paragraph "33" are not directed to the answering Defendant, and therefore require no response; but to the extent a response is required, Defendant denies the allegations of paragraph "33".

34. The allegations of paragraph "34" are not directed to the answering Defendant, and therefore require no response; but to the extent a response is required, Defendant denies the allegations of paragraph "34".

35. The allegations of paragraph "35" are not directed to the answering Defendant, and therefore require no response; but to the extent a response is required, Defendant denies the allegations of paragraph "35".

36. The allegations of paragraph "36" are not directed to the answering Defendant, and therefore require no response; but to the extent a response is required, Defendant denies the allegations of paragraph "36".

37. The allegations of paragraph "37" are not directed to the answering Defendant, and therefore require no response; but to the extent a response is required, Defendant denies the allegations of paragraph "37".

38. Denies the allegations contained in paragraph "38" of the Complaint, to the extent such allegations are directed to the answering Defendant.

39. Denies the allegations contained in paragraph "39" of the Complaint, to the extent such allegations are directed to the answering Defendant.

40. In respect of the allegations contained in paragraph "40" of the Complaint, repeats and re-alleges her responses to paragraphs 1 through 39 of Plaintiff's Complaint, as forth above, as if the same were fully set forth herein.

41. Denies the allegations contained in paragraph "41" of the Complaint.

42. Denies the allegations contained in paragraph "42" of the Complaint.

43. Denies the allegations contained in paragraph "43" of the Complaint.

44. Denies the allegations contained in paragraph "44" of the Complaint.

45. Denies the allegations contained in paragraph "45" of the Complaint.

46. Denies the allegations contained in paragraph "46" of the Complaint.

47. In respect of the allegations contained in paragraph "47" of the Complaint, repeats and re-alleges her responses to paragraphs 1 through 46 of Plaintiff's Complaint, as forth above, as if the same were fully set forth herein.

48. Denies the allegations contained in paragraph "48" of the Complaint.

49. Denies the allegations contained in paragraph "49" of the Complaint.

50. Denies the allegations contained in paragraph "50" of the Complaint.

51. Denies the allegations contained in paragraph "51" of the Complaint.

52. Denies the allegations contained in paragraph "52" of the Complaint.

53. Denies the allegations contained in paragraph "53" of the Complaint.

54. In respect of the allegations contained in paragraph "54" of the Complaint, repeats and re-alleges her responses to paragraphs 1 through 53 of Plaintiff's Complaint, as forth above, as if the same were fully set forth herein.

55. Denies the allegations contained in paragraph "55" of the Complaint.

56. Denies the allegations contained in paragraph "56" of the Complaint.

57. Denies the allegations contained in paragraph "57" of the Complaint.

58. Denies the allegations contained in paragraph "58" of the Complaint.

59. Denies the allegations contained in paragraph "59" of the Complaint.

60. In respect of the allegations contained in paragraph "60" of the Complaint, repeats and re-alleges her responses to paragraphs 1 through 59 of Plaintiff's Complaint, as forth above, as if the same were fully set forth herein.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "61" of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "62" of the Complaint.

63. Paragraph "63" of Plaintiff's Complaint alleges conclusions of law, which require no response from the answering Defendant, and answering Defendant respectfully refers the Court to the statute cited by Plaintiff for determination of the issues alleged in paragraph "63.".

64. Denies the allegations contained in paragraph "64" of the Complaint.

65. Denies the allegations contained in paragraph "65" of the Complaint.

66. Denies the allegations contained in paragraph "66" of the Complaint.

67. Denies the allegations contained in paragraph "67" of the Complaint.

68. Denies the allegations contained in paragraph "68" of the Complaint.

69. In respect of the allegations contained in paragraph "69" of the Complaint, repeats and re-alleges her responses to paragraphs 1 through 68 of Plaintiff's Complaint, as forth above, as if the same were fully set forth herein.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "70" of the Complaint.

71. Denies the allegations contained in paragraph "71" of the Complaint.

72. Denies the allegations contained in paragraph "72" of the Complaint.

73. Denies the allegations contained in paragraph "73" of the Complaint.

74. Denies the allegations contained in paragraph "74" of the Complaint.

75. In respect of the allegations contained in paragraph "75" of the Complaint, repeats and re-alleges her responses to paragraphs 1 through 74 of Plaintiff's Complaint, as forth above, as if the same were fully set forth herein.

76. Denies the allegations contained in paragraph "76" of the Complaint.

77. Denies the allegations contained in paragraph "77" of the Complaint.

78. Denies the allegations contained in paragraph "78" of the Complaint.

79. Denies the allegations contained in paragraph "79" of the Complaint.

80. In respect of the allegations contained in paragraph "80" of the Complaint, repeats and re-alleges her responses to paragraphs 1 through 79 of Plaintiff's Complaint, as forth above, as if the same were fully set forth herein.

81. Denies the allegations contained in paragraph "81" of the Complaint.

82. Denies the allegations contained in paragraph "82" of the Complaint.

83. Denies the allegations contained in paragraph "83" of the Complaint.

84. Denies the allegations contained in paragraph "84" of the Complaint.

85. Denies the allegations contained in paragraph "85" of the Complaint.

86. In respect of the allegations contained in paragraph "86" of the Complaint, repeats and re-alleges her responses to paragraphs 1 through 85 of Plaintiff's Complaint, as forth above, as if the same were fully set forth herein.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "87" of the Complaint.

88. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "88" of the Complaint.

89. Denies the allegations contained in paragraph "89" of the Complaint.

90. Denies the allegations contained in paragraph "90" of the Complaint.

91. Denies the allegations contained in paragraph "91" of the Complaint.

92. Denies the allegations contained in paragraph "92" of the Complaint.

**FIRST DEFENSE**

93. The Court lacks personal jurisdiction over Jenifer Gucci.

**SECOND DEFENSE**

94. Defendant has not advertised to the public, or marketed or sold any product, or engaged in any other activity, in violation of any State or Federal statute; nor has Defendant engaged in any trademark infringement or unfair competition in violation of the common law of the state of New York.

## THIRD DEFENSE

95.     Defendants' products, if and when advertised, marketed and sold to the public, will be clearly identified as to origin, and will identify the source and design of the product so as to obviate any alleged likelihood or confusion or dilution.

## FOURTH DEFENSE

96.     Defendants' packaging and product, if and when advertised, marketed and sold to the public, will not be confusingly similar to Plaintiff's packaging and product.

## FIFTH DEFENSE

97.     Defendants' packaging and product, if and when advertised and marketed, will not expressly or impliedly mislead consumers into believing that their product was designed or marketed by Plaintiff.

## SIXTH DEFENSE

98.     Defendants, if an when they advertise and market their products, do not intend to copy any nonfunctional, distinctive feature of Plaintiff's alleged distinctive design.

## SEVENTH DEFENSE

99.     Defendants have not commercially used in commerce a mark that causes dilution, or is confusingly similar, with plaintiff's alleged protected design and marks.

## AS AND FOR A FIRST COUNTERCLAIM FOR RELIEF
(Declaratory Judgment)

100.    This Court has jurisdiction over this counterclaim under 28 United States Code, Sections 2201 and 2202, as ancillary to the Plaintiff's claims.

101. An actual and justiciable controversy exists between Plaintiff and Jennifer Gucci regarding the permissible use or uses of any mark containing or comprised of the words Jennifer Gucci, in whole or in part.

102. Defendant is entitled to have this Court declare the rights and other legal relations between Plaintiff and Jennifer Gucci as to such permissible use or uses.

103. By reason of the foregoing, Jennifer Gucci seeks a judicial determination by this Court that her use of a mark containing or comprised of her name together with "designed by", "created by" or "styled by" (or the like) does not infringe upon any rights, if any, of Plaintiff. Such a judicial determination is necessary and appropriate at this time under the circumstances alleged.

WHEREFORE, Jennifer Gucci respectfully requests judgment in her favor

(a) Dismissing the first, second, third, fourth, fifth, sixth, seventh and eighth claims for relief contained in Plaintiff's Complaint;

(b) On the first counterclaim for relief for a declaratory judgment, that Jennifer Gucci's use of a mark containing or comprised of her name together with the words "designed by", "created by" or "styled by" (or the like) does not infringe upon any rights, if any, of Plaintiff;

(c) For costs and expenses, including reasonable attorneys' fees, incurred by Defendant in connection with this action and her declaratory judgment claim; and

(d) For such other and further relief as may be deemed just and proper.

Dated: New York, New York
November 2, 2007

STEWART OCCHIPINTI, LLP

By: _/s/ Edward G. Williams_____

Edward G. Williams, Esq.
Frank S. Occhipinti Esq.
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 239-5500
*Attorneys for Defendant Jennifer Gucci*

13