UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
GUCCI AMERICA, INC., :
: CASE NO.:   07 CIV. 6820(RMB)
Plaintiff, :
:
vs. :
:
JENNIFER GUCCI, JENCO DESIGNS, LLC, : **ANSWER OF DEFENDANTS VERATEX,**
JENNICOR, LLC, JENNY GUCCI COFFEE : **INC., COLLEZIONE DI CASA, INC., E.L.**
AND GELATO COMPANY, INC., VERATEX, : **ERMAN – DEAD SEA COSMETICS CORP.**
INC., COLLEZIONE DI CASA, INC., E.L. : **ELE BRANDS ENTERPRISE, INC., GBN**
ERMAN-DEAD SEA COSMETICS CORP., ELE : **WATCH COLLECTION, INC. and GBN**
BRANDS ENTERPRISE, INC., GBN WATCH : **GLOBAL BUSINESS NETWORK TO**
COLLECTION, INC., GBN GLOBAL : **PLAINTIFF'S AMENDED COMPLAINT**
BUSINESS NETWORK, EDWARD LITWAK, :
d/b/a ED LITWAK & ASSOCIATES, GEMMA :
GUCCI, GEMMA GUCCI COFFEE AND :
GELATO COMPANY, INC.,  ABC :
CORPORATIONS 1-10, and JOHN DOES 1-10, :
:
:
Defendants. :
------------------------------------------------------------ X

Defendants Veratex, Inc. ("Veratex") and Collezione di Casa, Inc. ("Collezione"),

E.L.Erman – Dead Sea Cosmetics Corp. ("Erman"), ELE Brands Enterprise, Inc. ("ELE"), GBN

Watch Collection, Inc. ("GBN Watch"), and GBN Global Business Network ("Global"),

(hereinafter, collectively, "Defendants"), by their attorneys, Bryan Cave LLP, for their Answer

to the Amended Complaint of Plaintiff Gucci America, Inc. ("Plaintiff" or "Gucci"), allege as

follows:

    1.    Admit that paragraph 1 of the Amended Complaint sets forth the relief sought by

Plaintiff, but deny that Plaintiff is entitled to any such relief or that Defendants have engaged in

any of the unlawful conduct alleged in the Amended Complaint.

2. Admit that Plaintiff has alleged that this Court has subject matter jurisdiction over the claims that Plaintiff has asserted in this action, but denies each and every claim asserted in the Amended Complaint against Defendants under the Lanham Act or New York statutory and common law.

3. Admit that Plaintiff has alleged that this Court has personal jurisdiction over the claims that Plaintiff has asserted in this action, and that venue is properly founded in this jurisdiction, but deny each and every claim asserted in the Amended Complaint against Defendants under the Lanham Act of New York statutory and common law.

4.-8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 4 through 8 of the Amended Complaint.

9. Admit the allegations contained in the first sentence of paragraph 9 of the Amended Complaint, and deny the allegations contained in the remainder of paragraph 9 concerning Veratex's activities.

10. Admit that Collezione has its principal place of business at the stated address in Van Nuys, California, but deny that Collezione is an affiliate of Veratex and further deny the allegations of paragraph 10 of the Amended Complaint concerning Collezione's activities.

11. Admit that Erman is a California corporation with its principal place of business in Westlake Village, California, but deny the allegations of paragraph 11 of the Amended Complaint concerning Erman's activities.

12. Admit that ELE is a California corporation with its principal place of business in Westlake Village, California, but deny the allegations of paragraph 12 of the Amended Complaint concerning ELE's activities.

13. Admit that GBN Watch is a California corporation with its principal place of business in Westlake Village, California, but deny the allegations of paragraph 13 of the Amended Complaint concerning GBN Watch's activities.

14. Admit that Global is a California corporation with its principal place of business in Westlake Village, California, but deny the allegations of paragraph 14 of the Amended Complaint concerning Global's activities.

15. – 19. The allegations of paragraphs 15 through 19 of the Amended Complaint are not directed towards, and do not pertain to, Defendants, and Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations.

20. – 25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 20 through 25 of the Amended Complaint.

26. Deny the allegation of paragraph 26 of the Amended Complaint as to the Defendants as defined herein, and further deny that the designs and other indicia conclusorily labeled "Infringing Marks" are imitations of the Gucci Trademarks, or, in fact or in law, infringe the Gucci Trademarks. Defendants further state that none of the designs or other indicia referred to was ever finalized or used in connection with any products sold to the public.

27. – 30. The allegations of paragraphs 27 through 30 of the Amended Complaint do not pertain to, and are not directed toward, Defendants, and Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations.

31. The allegations of paragraph 31 of the Amended Complaint do not pertain to Defendants and Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations, except it is admitted that Litwak issued a license to Collezione.

3

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of those allegations of paragraph 32 of the Amended Complaint pertaining to Litwak, but admit that Jennifer Gucci issued a license to Collezione.

33. Deny the allegations of paragraph 33 of the Amended Complaint. To date, to the best of Defendants' knowledge, no such products referred to have been finalized or sold. Defendants further deny that the designs or indicia conclusorily labelled by Plaintiff as the "Infringing Marks" are, in fact or in law, infringing of the Gucci Trademarks.

34. Deny the allegations contained in paragraph 34 of the Amended Complaint, except admit that Collezione entered into agreements with ELE and GBN Watch for specific product categories set forth in the agreements with each entity. Defendants deny that the designs or other indicia conclusorily referred to as the "Infringing Marks" are, in fact or in law, infringing of the Gucci Trademarks.

35. Deny the allegations of paragraph 35 of the Amended Complaint. The website images referred to were removed from the web sites prior to Plaintiff's filing of its Complaint.

36. – 37. Deny the allegations of paragraphs 36 and 37 of the Amended Complaint.

38. Defendants deny the allegations of paragraph 38 of the Amended Complaint.

39. Deny the allegations contained in paragraph 39 of the Amended Complaint that Defendants at any time engaged in any unlawful activity or acted in disregard of Plaintiff's rights. Defendants further deny that the marks referred to as "the Infringing Marks" are infringing.

40. As and for their answer to paragraph 40 of the Amended Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 39 above, inclusive, as if fully set forth herein.

41.–46. Defendants deny the allegations set forth in paragraphs 41–46 of the Amended Complaint.

47. As and for their answer to paragraph 47 of the Amended Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 46 above, inclusive, as if fully set forth herein.

48. – 51. Deny the allegations of paragraph 48-51 of the Amended Complaint.

52. Deny the allegations of paragraph 52 of the Amended Complaint.

53. Deny the allegations of paragraph 53 of the Amended Complaint.

54. As and for their answer to paragraph 54 of the Amended Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 53 above, inclusive, as if fully set forth herein.

55 – 59. Deny the allegation of paragraphs 55-59 of the Amended Complaint.

60. As and for their answer to paragraph 60 of the Amended Complaint, Defendants repeat and reallege their answer to paragraphs 1 through 59 above, inclusive, as it is fully set forth herein.

61 – 63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61-63 of the Amended complaint.

64 – 66. Deny the allegations of paragraph 64-66 of the Amended Complaint.

67. Deny the allegations of paragraph 67 of the Amended Complaint.

68. Deny the allegations of paragraph 68 of the Amended Complaint.

69. As and for its answer to paragraph 69 of the Amended Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 68 above, inclusive, as if fully set forth herein.

C066970/0214319/1453396.4

70. Deny knowledge or information sufficient to form a belief as to the truth of the averments allegations of paragraph 70 of the Amended Complaint.

71 – 74. Deny the allegations of paragraph 71-74 of the Amended Complaint.

75. As and for their answer to paragraph 75 of the Amended Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 74 above, inclusive, as if fully set forth herein.

76-77. Deny the allegations of paragraph 76-77 of the Amended Complaint.

78. Deny the allegations of paragraph 78 of the Amended Complaint.

79. Deny the allegations of paragraph 79 of the Amended Complaint.

80. As and for their answer to paragraph 80 of the Amended Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 79 above, inclusive, as if fully set forth herein.

81-83. Deny the allegations of paragraphs 81-83 of the Amended Complaint.

84. Deny the allegations of paragraph 84 of the Amended Complaint.

85. Deny the allegations of paragraph 85 of the Amended Complaint.

86. As and for their answer to paragraph 86 of the Amended Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 85 above, inclusive, as if fully set forth herein.

87-88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 87-88 of the Amended Complaint.

89-90. Deny the allegations of paragraph 89-90 of the Amended Complaint.

91. Deny the allegations of paragraph 91 of the Amended Complaint.

92. Deny the allegations of paragraph 92 of the Amended Complaint.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny each and every allegation, factual conclusion and legal conclusion not specifically admitted or otherwise answered herein, and further deny Plaintiff's entitlement to any compensatory damages, monetary relief, injunctive relief, or any other form of relief whatsoever against Defendants as asserted in the "Prayer For Relief" section of the Amended Complaint. Defendants request the dismissal of each and every one of Plaintiff's claims in the Amended Complaint, that Plaintiff be directed to pay all of Defendants' legal fees and costs in connection with this lawsuit, and that Defendants be granted such other and further relief as this Court determines to be just and proper under the circumstances.

## AFFIRMATIVE AND OTHER DEFENSES

For affirmative and other defenses, and without assuming the burden of proof as to any issue, Defendants allege as follows:

### FIRST DEFENSE

93. This Court lacks personal jurisdiction over the Defendants and venue is not properly founded in this judicial district.

### SECOND DEFENSE

94. The Amended Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

95. At all relevant times, Defendants acted in good faith.

### FOURTH DEFENSE

96. Plaintiff's trademark claims must fail because the alleged marks licensed to Defendants were adopted in good faith, reflect Jennifer Gucci's right to use her own name and are not likely to be confused with any mark of Plaintiff.

### FIFTH DEFENSE

97. Plaintiff's trademark claims must fail because Defendants have not made actual trademark use of the allegedly infringing marks.

### SIXTH DEFENSE

98. Plaintiff's claims are not ripe or justiciable because Defendants have not sold any products bearing the marks or indicia complained of in Plaintiff's Amended Complaint.

### SEVENTH DEFENSE

99. Plaintiff has acted in bad faith by failing and refusing, prior to the filing of Plaintiff's Complaint, to meet with Defendants at their request for the purpose of resolving any potential dispute and avoiding any possible confusion between the parties' respective marks.

### EIGHTH DEFENSE

100. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### NINTH DEFENSE

101. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### TENTH DEFENSE

102. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### ELEVENTH DEFENSE

103. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### TWELFTH DEFENSE

104. Plaintiff's request for injunctive relief is not warranted by the balance of hardships.

### THIRTEENTH DEFENSE

105. Plaintiff's Amended Complaint, which contains several numbered paragraphs that include multiple allegations, is not in compliance with the requirement of Rule 8 of the Federal

C066970/0214319/1453396.4

Rules of Civil Procedure that the pleadings set forth "a short and plain statement of the claim." It is also noted that Plaintiff's Complaint improperly and confusingly lumps together each of the defendants as "Defendants." Thus, certain allegations are made collectively against all of the defendants when logically they may be intended to be directed only against a single, particular defendant.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant's seek judgment as follows:

i) That judgment be ordered in favor of Defendants against Plaintiff on Plaintiff's claims asserted in this action;

ii) That Plaintiff be directed to pay all of Defendants' legal fees and expenses incurred in connection with this lawsuit; and

iii) That Defendants be granted such other and further relief as this Court may deem just and proper.

C066970/0214319/1453396.4

Dated: November 2, 2007
      New York, New York

                          R. Kevin Fisher, Esq.
                          Fisher & Krekorian
                          3130 Wilshire Boulevard, Suite 200
                          Santa Monica, California 90403

                          - and -

                          BRYAN CAVE LLP

                          /s/ Howard M. Rogatnick
                          Howard M. Rogatnick (HR-3777)
                          1290 Avenue of the Americas
                          New York, NY 10104-3300
                          Telephone: (212) 541-1296
                          Fax: (212) 541-4630

                          *Attorneys for Defendants Veratex, Inc., Collezione Di Casa, Inc., ELE Erman – Dead Sea Cosmetics Corp., ELE Brands Enterprise, Inc., GBN Watch Collection, Inc., and GBN Global Business Network*