```
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

| | |
|---|---|
| GUCCI AMERICA, INC., | Civil Action No. |
| Plaintiff, | 07 cv 6820 (RMB) (JCF) |
| - against - | STIPULATION AND [PROPOSED] ORDER EXTENDING TEMPORARY RESTRAINING ORDER ON CONSENT |
| JENNIFER GUCCI, JENCO DESIGNS, LLC, JENNICOR, LLC, JENNY GUCCI COFFEE AND GELATO COMPANY, INC., VERATEX, INC., COLLEZIONE DI CASA, INC., E.L. ERMAN - DEAD SEA COSMETICS CORP., ELE BRANDS ENTERPRISE, INC., GBN WATCH COLLECTION, INC., GBN GLOBAL BUSINESS NETWORK, EDWARD LITWAK d/b/a ED LITWAK & ASSOCIATES, GEMMA GUCCI, GEMMA GUCCI COFFEE AND GELATO COMPANY, INC., ABC CORPORATIONS 1-10, and JOHN DOES 1-10, | |
| Defendants. | |

-------------------------------------------------------------------- x

WHEREAS, plaintiff Gucci America, Inc. ("Gucci") moved for expedited discovery and other relief in this action pursuant to an Order to Show Cause entered August 1, 2007; and

WHEREAS Gucci, defendants Jennifer Gucci; Veratex, Inc. and Collezione di Casa, Inc. (collectively the "Veratex Defendants"); E.L. Erman - Dead Sea Cosmetics Corp. ("Erman") and Edward Litwak d/b/a Ed Litwak & Associates ("Litwak") reached agreement with respect to the relief sought in Gucci's motion for expedited discovery and consented to the entry of a Temporary Restraining Order and Order for Expedited Discovery, which was subsequently entered by the Hon. James C. Francis IV, on August 20, 2007 (the "August 20 Order") (attached hereto as Exhibit A); and

WHEREAS, the August 20 Order provides, among other things, that:

1

1. Gucci shall take expedited discovery of Jennifer Gucci, the Veratex Defendants, Erman, and Litwak (the "Expedited Discovery Order"); and

2. During the expedited discovery period, and for a period of ten (10) business days thereafter, and for such additional period as may be ordered by the Court, Jennifer Gucci, the Veratex Defendants, Erman, and Litwak, and their subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, shall be temporarily restrained from:

(a) licensing, sublicensing, manufacturing, importing, exporting, advertising, promoting, displaying, distributing, circulating, offering for sale, selling or otherwise disposing of in any manner or removing from their respective business premises any products bearing the JENNIFER GUCCI name; and

(b) imitating, copying or making unauthorized use of the following federally-registered trademarks owned by Gucci, including: U.S. Trademark Reg. Nos. 876,292, 959,338, 972,078, 1,093,769, 1,140,598, 1,168,477, 1,169,019, 1,168,922, 1,200,991, 1,202,802, 1,321,864, and 1,340,599 for the GUCCI word mark; U.S. Trademark Reg. Nos. 1,122,780, 1,123,224, and 1,483,526 for Gucci's Green-Red-Green stripe Design; and U.S. Trademark Reg. Nos. 2,680,237, 3,072,547, and 3,072,549 for Gucci's Repeating GG Design (the "Temporary Restraining Order"); and

WHEREAS, the Temporary Restraining Order has previously been extended by agreement of the parties to November 16, 2007; and

WHEREAS, counsel for all parties who have answered have agreed to participate in a settlement conference before the Hon. James C. Francis IV, scheduled to take place at 3:30 pm on November 28, 2007; and

2

WHEREAS, counsel for all parties who have answered have agreed to extend the Temporary Restraining Order for a period of ten (10) business days following the November 28, 2007 settlement conference.

NOW, THEREFORE, IT IS HEREBY ORDERED, based on the agreement of the parties, and good cause appearing, that the Temporary Restraining Order shall be, and is hereby, extended for a period of ten (10) business days following the November 28, 2007 settlement conference, and for such additional period as may be ordered by the Court; and

IT IS FURTHER ORDERED that the foregoing Order shall be without prejudice to any party's rights to make or assert any allegations, claims and defenses, or take any position, with respect to any allegations, claims, or defenses of any other party, and nothing in this Order constitutes, nor shall be deemed or interpreted to constitute, a finding or implication of any wrongdoing or of the merits of any assertion of rights or causes of action by or against any of the parties herein. Moreover, neither Gucci's agreement to the schedule set forth in the August 20 Order, its agreement not to contact any non-party who has been provided notice of the August 20 Order, nor any of defendants' business activities since the entry of the August 20 Order shall be used by defendants to argue any asserted lack of irreparable harm to Gucci or that the balance of hardships favors defendants, in any hearing for preliminary relief or in any trial on the merits of this action.

///
///

Dated: New York, New York
November 16, 2007

ARNOLD AND PORTER LLP

By: _____
Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
399 Park Avenue
New York, New York 10022
(212) 715-1000
*Attorneys for Plaintiff Gucci America, Inc.*

STEWART OCCHIPINTI, LLP

By: _____
Edward G. Williams (EW 8737)
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 239-5500
*Attorneys for Defendants Jennifer Gucci and Edward Litwak d/b/a Ed Litwak & Associates*

BRYAN CAVE LLP

By: _____
Howard Moss Rogatnick (HR 3777)
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000
*Attorneys for Defendants Veratex, Inc., Collezione di Casa, Inc., E.L. Erman - Dead Sea Cosmetics Corp. ELE Brands Enterprise, Inc., GBN Watch Collection, Inc., and GBN Global Business Network*

Dated: New York, New York
November 20, 2007

SO ORDERED:

_____
Hon. James C. Francis IV
United States Magistrate Judge

4