**MEMO ENDORSED**

# ARNOLD & PORTER LLP

Louis.Ederer@aporter.com

212.715.1102
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

**RECEIVED**
DEC 05 2007
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

December 4, 2007

*Defendants to Respond by 12/7/07 at Noon with a Brief (2-3 pp) Letter.*

**SO ORDERED:**
Date: 12/5/07
*Richard A. Berman*
Richard M. Berman, U.S.D.J.

**BY HAND**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007

07 Civ. 6820

Re:   Gucci America, Inc. v. Jennifer Gucci, et al., 07 cv 6820 (RMB)(JCF)

Dear Judge Berman:

    We represent plaintiff Gucci America, Inc. in the above entitled action. We write in accordance with Your Honor's individual rules to request an immediate pre-motion conference. The purpose of the pre-motion conference is to discuss plaintiff's anticipated motion for a preliminary injunction and/or to extend the temporary restraining order currently in place in this action, as ordered by Magistrate Judge Francis.

    A brief summary of the proceedings in this action will help the Court understand how we have arrived at this point. On July 30, 2007, plaintiff, the proprietor of world famous Gucci brand luxury goods products, sued defendants for trademark infringement, counterfeiting and unfair competition in connection with defendants' announced plan to launch a JENNIFER GUCCI line of bedding products, cosmetics, accessories, and a panoply of other licensed goods. In addition to defendants' use of the JENNIFER GUCCI name, plaintiff also complained of defendants' counterfeiting of various indicia and designs that are associated with Gucci, including Gucci's federally-registered Green-Red-Green Stripe Design (U.S. Trademark Reg. Nos. 1,122,780, 1,123,224, and 1,483,526) and Repeating GG Pattern Design (U.S. Trademark Reg. Nos. 2,680,237, 3,072,547, and 3,072,549).

    Together with the complaint, plaintiff also moved by order to show cause for expedited discovery, seeking to determine exactly how defendants were intending to use the JENNIFER GUCCI name and the other indicia in question, in anticipation of making a motion for a temporary restraining order and/or preliminary injunction. Your Honor referred that order to show cause to Magistrate Judge Francis.

    On August 3, 2007, a hearing was held before Judge Francis. During the hearing, defendants, who indicated that they would not engage in any of the complained-of activity during the pendency of the action, suggested that they would be willing to agree to a standstill agreement if the parties were able to agree on a longer time period in which the expedited discovery would take place. The parties subsequently agreed to a schedule for expedited discovery as well as the terms of a temporary restraining order that would be in place during the expedited discovery period, and submitted a proposed Temporary Restraining Order and Order

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/05/2007

# ARNOLD & PORTER LLP

The Hon. Richard M. Berman
December 4, 2007
Page 2

for Expedited Discovery on Consent that was entered by the Judge Francis on August 20, 2007. (Docket No. 7)

  Subsequently, plaintiff conducted the expedited discovery ordered by Judge Francis. That discovery took longer than expected, however, due to the need to accommodate defendant Jennifer Gucci's travel schedule, and due to various disputes over the sufficiency of the discovery proffered by defendants, which resulted in further discovery orders. In each case where the expedited discovery period was extended, Judge Francis also ordered an extension of the original restraining order. Altogether, Judge Francis signed four additional orders extending the restraining order on October 1, October 18, October 24 and November 20 (Docket Nos. 10, 13, 15, and 24, respectively), the last order extending the restraining order through next Wednesday, December 12, 2007. The final extension order was signed in connection with the scheduling of a settlement conference, requested by the defendants, that took place before the Magistrate Judge last Wednesday, November 28, 2007.

  As the Court can also see from Paragraph 4 of the October 24, 2007 order of Judge Francis, on several occasions the parties have discussed among themselves and with Judge Francis, the possibility of extending the temporary restraining order through trial, in conjunction with an accelerated case management plan, which would call for the early completion of discovery and early trial date. The idea for this came principally from the testimony of defendants' witnesses during expedited discovery, with each witness testifying that he or his company was not then engaged in any of the accused activity, and was not intending to engage in any such activity while this suit was pending or until it was resolved. In view of this testimony, we suggested to defendants' counsel (who seemed receptive to the idea), that instead of having both a preliminary injunction hearing and a trial, and unnecessarily burdening the Court, we have one trial in the case, and not, in effect, two.

  Most recently, the suggestion of a standstill agreement through trial was raised during the settlement conference with Judge Francis last week. During that conference, defendants' counsel indicated they would oppose any motion by plaintiff for a preliminary injunction, or an extension of the restraining order, on the basis that defendants were not currently engaging in the accused activity. Judge Francis was receptive to the approach suggested by plaintiff. Moreover, Judge Francis granted plaintiff's request for an accelerated case management schedule, calling for completion of all discovery by the end of February, pre-trial materials by the end of March, and a trial soon thereafter. (Docket No. 25) Defendants' counsel indicated, however, that they would have to think about the standstill issue, and get back to the Court. On Friday, November 30, 2007, counsel for Jennifer Gucci, Edward Williams, Esq., wrote to Judge Francis and indicated that the defendants would not agree to any extension of the restraining order through trial.

# ARNOLD & PORTER LLP

The Hon. Richard M. Berman
December 4, 2007
Page 3

    Yesterday, I wrote a letter to defendants' counsel in response to Mr. Williams' letter. In my letter, I asked counsel whether, in light of their representation to Judge Francis that their clients are not currently engaged in the accused activity, and would oppose any motion to extend the restraining order on that basis, they would agree, in lieu of our burdening the Court with a motion to extend the restraining order, to provide us reasonable notice of their intention to resume any such activity. This way, plaintiff could bring on a motion for preliminary injunction if needed, but a motion at this time could be avoided. As of the writing of this letter, I have had no response from defendants' counsel.

    The purpose of the pre-motion conference, then, would be to discuss with the Court the possibility of avoiding the need to burden the Court with a motion for preliminary injunction and an extension of the temporary restraining order, in view of defendants' repeated representations that they are not currently engaging in the complained-of activity, and do not intend to do so until this matter is resolved. If, on the other hand, a mechanism for getting to trial without the need for a motion cannot be worked out, we would then like to discuss with the Court a briefing and argument schedule for plaintiff's intended motion. In that regard, and as noted above, we believe that the evidence compiled to date in this case reflects a clear attempt on the part of the defendants to capitalize on Ms. Gucci's surname, which she only took on by virtue of her marriage to a member of the Gucci family, in order to trade upon the fame and goodwill of the GUCCI brand. Indeed, the evidence compiled in discovery indicates that defendants intended licensing program was quite extensive, and included bedding, home and bath accessories, mattresses, furniture, cosmetics and skin care products, hosiery, handbags, jewelry and watches, gelato, water, wine, coffee and coffee shops, and hotels and casinos. This, then, would be the subject of our intended motion, if the need for same cannot be alleviated.

    We look forward to conferencing this matter at the Court's earliest convenience.

                       Respectfully yours,

                       ARNOLD & PORTER LLP

              By: *Louis S. Ederer*
                         Louis S. Ederer

cc:    R. Kevin Fisher, Esq. (via facsimile and email)
        Martin Simone, Esq. (via facsimile and email)
        Howard Moss Rogatnick, Esq. (via facsimile and email)
        Edward G. Williams, Esq. (via facsimile and email)