# ARNOLD & PORTER LLP

Louis S. Ederer
Louis.Ederer@aporter.com

212.715.1102
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

February 28, 2008



**VIA FACSIMILE (212) 805-7930**
The Honorable James C. Francis, IV
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1960
New York, New York 10007

Re:  Gucci America, Inc. v. Jennifer Gucci, et al., 07 cv 6820 (RMB) (JCF)

Dear Judge Francis:

    We represent plaintiff Gucci America, Inc. ("Gucci") in the above action. Following up on the telephone conference held on Tuesday, February 26, 2008, we are writing to bring to the Court's attention various outstanding discovery issues and to respectfully request that the Court so order Gucci's proposal for the completion of all outstanding discovery set forth below.

    Please note that, as indicated below, all of the discovery requests in issue were served by Gucci in January, in anticipation of completing discovery by the cutoff date of February 29, 2008. This letter has been necessitated by the failure of the defendants to respond to such discovery requests, or to otherwise facilitate, the completion of discovery by February 29. Moreover, as Your Honor suggested, shortly after the February 26, 2008 telephone conference, we circulated a schedule proposal to all counsel setting forth the following schedule for the completion of discovery and asked that opposing counsel respond to the proposal by close of business on Wednesday, February 27, 2008. Thus far, we have heard from Kevin Fisher, Esq., counsel for the Veratex and Erman Defendants, who indicated that the proposal was agreeable to him, but that he had to confirm the availability of the two witnesses that Gucci seeks to depose, and Martin Simone, Esq., California counsel for Jennifer Gucci and Edward Litwak, who has also agreed to the proposal as it concerns the deposition of Edward Litwak.

    Accordingly, we respectfully request that the Court address the outstanding discovery issues, which are set forth below according to defendant.

    1.    Jennifer Gucci: As the Court is aware, we have hired Kroll Ontrack ("Kroll") to perform a forensic examination of Jennifer Gucci's computer. It is our understanding that the results of that examination were provided to Edward Williams, Esq., counsel for Ms. Gucci, on February 20, 2008 so that Mr. Williams could review the documents for privilege issues. We request that Mr. Williams produce the documents recovered by Kroll, along with a privilege log, if necessary, by Wednesday, March 5, 2008.

**ARNOLD & PORTER LLP**

The Hon. James C. Francis, IV
February 28, 2008
Page 2

2.     Edward Litwak: On January 24, 2008, we served Gucci's Second Set of Document Requests Directed to Edward Litwak, which were to be responded to by February 26, 2008, and a Notice of Deposition calling for Mr. Litwak's deposition on February 28, 2008. To date, we have not received Mr. Litwak's responses to Gucci's Second Set of Document Requests, nor have we been able to schedule a date for Mr. Litwak's deposition. We have been informed by Mr. Simone today, however, that responsive documents were sent to Mr. Williams, and that Mr. Litwak is available to be deposed in Los Angeles during the week of March 10, 2008. Accordingly, we request that Mr. Litwak respond to Gucci's Second Set of Document Requests by Wednesday, March 5, 2008, and appear for deposition in Los Angeles during the week of March 10, 2008.

3.     Veratex, Inc.: On January 24, 2008, we served Notices of Deposition on Veratex calling for the depositions of Veratex employees Shane Springer, Sandy Cho and Sylvia Amendola on February 14 and 15, 2008. Due to scheduling issues, opposing counsel was not able to move forward with the depositions on those dates. Further, we have been informed that Ms. Amendola no longer works for Veratex. In view of the foregoing, we have withdrawn our notice with respect to Ms. Amendola, and propose that Mr. Springer and Ms. Cho be produced for deposition in Los Angeles during the week of March 10, 2008. As noted above, Mr. Fisher, counsel for Veratex, has agreed to this proposal.

4.     Jenny Gucci Coffee & Gelato Company ("Jenny Coffee") and Gemma Gucci Coffee & Gelato Company ("Gemma Coffee"): On February 8, 2008, after Gucci had filed the proofs of service on Jenny Coffee and Gemma Coffee and was beginning the default process, we reached an agreement with Mr. Simone with respect to the appearances of Jenny Coffee and Gemma Coffee in this action. Pursuant to our agreement with Mr. Simone, Jenny Coffee and Gemma Coffee were to have answered the Amended Complaint by February 19, 2008, respond to Gucci's discovery requests by February 22, 2008, and appear for deposition by February 29, 2008. In addition, Jenny Coffee and Gemma Coffee would agree that the additional time to respond to the Amended Complaint would not be used as a basis to request a continuance of the trial; to delay discovery or to be used as a basis to delay or extend the discovery cutoff; and that Jenny Coffee and Gemma Coffee would agree to be bound by the Temporary Restraining Order currently in place in the action and which will remain in place in the action until the trial of this matter, currently scheduled for April 21, 2008.

On February 11, 2008, we provided Mr. Simone with document requests directed to Jenny Coffee and Gemma Coffee. Thereafter, on February 15, 2008, we provided Mr. Simone with a Proposed Stipulation and Order memorializing the agreement (copy attached). Since that time, however, we have not had any contact with Mr. Simone regarding Jenny Coffee, Gemma

**ARNOLD & PORTER LLP**

The Hon. James C. Francis, IV
February 28, 2008
Page 3

Coffee or the Proposed Stipulation and Order until earlier today when Mr. Simone informed us that Jenny Coffee and Gemma Coffee had not secured counsel. Accordingly, we request that Jenny Coffee and Gemma Coffee be directed to answer the Amended Complaint by Monday, March 3, 2008, respond to Gucci's discovery requests by Wednesday, March 5, 2008 and that witnesses representing the companies be produced for deposition in Los Angeles (or wherever the corporate representatives may be found) during the week of March 10, 2008, or otherwise Gucci can move ahead with default proceedings.

5. Gemma Gucci: In addition to contacting us regarding Jenny Coffee and Gemma Coffee as noted above, Mr. Simone also indicated on February 8, 2008 that Gemma Gucci would agree to the same conditions as Jenny Coffee and Gemma Coffee, namely that Gemma Gucci would answer the Amended Complaint by February 19, 2008; respond to Gucci's discovery requests by February 22, 2008; appear for deposition by February 29, 2008; agree not to use the additional time to respond to the Amended Complaint as the basis to request a continuance of the trial, to delay discovery or to delay or extend the discovery cutoff; and agree to be bound by the Temporary Restraining Order. Accordingly, on February 11, 2008, we provided Mr. Simone with document requests directed to Gemma Gucci, and Gemma Gucci was included in the February 15, 2008 Proposed Stipulation and Order.

On February 20, 2008, Gemma Gucci contacted us directly to indicate that she was representing herself and to request additional time to respond to the Amended Complaint. Further, Gemma Gucci indicated that she was in the process of collecting documents in response to Gucci's discovery requests. We agreed to allow Gemma Gucci until February 27, 2008 to answer the Amended Complaint, which she has now done. We request that Gemma Gucci be directed to respond to Gucci's discovery requests by Wednesday, March 5, 2008, and to appear for deposition in New York during the week of March 10, 2008. We further request that the Court order that the Temporary Restraining Order currently in place be extended to cover Gemma Gucci, as previously agreed to by Mr. Simone on Gemma Gucci's behalf.

6. Non-Parties: In addition to the foregoing party discovery, we have served subpoenas on D. Frank Designs, SHD Marketing, and Gemma Gucci Wines, Inc., which are companies located in the Phoenix metropolitan area. We have also attempted to serve an individual named Danny Lee, who also lives in the Phoenix area, but have not been able to locate him. The subpoenas are directed towards three different product lines, handbags, gelato and wine, which were sold, or continue to be sold, under the Gemma Gucci name. All subpoenas called for the depositions to take place before February 29, 2008, but scheduling issues prevented the depositions from being taken as noticed. We do not believe that these depositions should

**ARNOLD & PORTER LLP**

The Hon. James C. Francis, IV
February 28, 2008
Page 4

take very long, and can likely be completed in one day and by telephone. We will schedule these depositions to take place as soon as possible and, in any event, no later than March 14, 2008.

Gucci respectfully requests that Your Honor so order the foregoing so that all outstanding discovery can be completed no later than March 14, 2008. We do not believe that any further amendments to the current case management schedule are warranted or required.

We thank the Court for its consideration of this matter.

Respectfully yours,

ARNOLD & PORTER LLP

By: *Louis S. Ederer*
Louis S. Ederer

cc: All Counsel (via email)
Gemma Gucci (via email)

3/13/08

The discovery deadline is extended to March 21, 2008. The remaining issues appear to be in the process of being resolved.
SO ORDERED.
James C. Francis IV
USMJ