**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

GUCCI AMERICA, INC.,

                Plaintiff,

        - against -

JENNIFER GUCCI, JENCO DESIGNS, LLC,
JENNICOR, LLC, JENNY GUCCI COFFEE AND
GELATO COMPANY, INC., VERATEX, INC.,
COLLEZIONE DI CASA, INC., E.L. ERMAN -
DEAD SEA COSMETICS CORP., ELE BRANDS
ENTERPRISE, INC., GBN WATCH
COLLECTION, INC., GBN GLOBAL BUSINESS
NETWORK, EDWARD LITWAK d/b/a ED
LITWAK & ASSOCIATES, GEMMA GUCCI,
GEMMA GUCCI COFFEE AND GELATO
COMPANY, INC., ABC CORPORATIONS 1-10,
and JOHN DOES 1-10,

                Defendants.

---------------------------------------------------------------- x

Civil Action No.
07 cv 6820 (RMB) (JCF)

## MEMORANDUM OF LAW IN OPPOSITION TO THE
## MOTION TO WITHDRAW OF STEWART OCCHIPINTI LLP

Plaintiff Gucci America, Inc. ("Gucci"), the owner and exclusive distributor in the United

States of fine leather goods, clothing, accessories, home products, fragrances, perfumes, jewelry

and watches sold under the GUCCI brand name, respectfully submits this memorandum of law

in opposition to the motion of Stewart Occhipinti LLP ("Stewart Occhipinti") to withdraw as

counsel for defendants Edward Litwak and Jennifer Gucci. While Stewart Occhipinti's

memorandum of law and supporting declaration have been submitted to the Court *in camera*, and

whereas Gucci has no knowledge concerning the basis of Stewart Occhipinti's motion, Gucci

nonetheless opposes the motion to the extent it will extend the current case management

1

schedule and delay the trial of this matter, which is currently scheduled to begin on April 21, 2008.

## STATEMENT OF FACTS

The relevant facts are summarized as follows. In June 2007, Gucci learned that Defendants were engaged in a scheme to improperly use the name JENNIFER GUCCI and other marks, designs and indicia that imitate and/or directly copy famous registered trademarks owned and extensively utilized by Gucci, on a number of consumer goods. Specifically, Gucci learned that Jennifer Gucci, widow of former Gucci designer, Paolo Gucci, through Edward Litwak, had licensed the JENNIFER GUCCI name to Veratex, Inc. ("Veratex"), a company engaged in the business of licensing, manufacturing, distributing, selling and advertising home textiles, bedding, bedding accessories, bath accessories and window treatment products. Further, Gucci learned that Veratex had invited prospective trade customers to its New York City showroom to view a new line of home products being promoted under the JENNIFER GUCCI brand. Declaration of John Maltbie ("Maltbie Decl."), ¶ 2.

Upon learning of the association between Jennifer Gucci and Veratex, Gucci contacted Veratex, requested that Veratex disclose the full nature and extent of the JENNIFER GUCCI licensing program, and cease any further activity with respect to the JENNIFER GUCCI brand products. Despite such notice, Gucci continued to find press releases and other materials issued by defendant E.L. Erman - Dead Sea Cosmetics Corp. ("Erman") and Louisville Bedding Company ("Louisville Bedding") indicating that additional lines of JENNIFER GUCCI products, including home textiles, bedding, bedding accessories, bath accessories, window treatments, and skincare and cosmetic products, had launched or were about to be launched. In fact, a press release from Louisville Bedding stated that it would be offering JENNIFER GUCCI bedding products for sale as early as August 6, 2007 at the New York Home Fashion Summer

Market. Moreover, Gucci discovered that the product packaging for the JENNIFER GUCCI products prominently displayed the JENNIFER GUCCI brand name, along with other well-known Gucci designs and indicia, including studied imitations of Gucci's famous GREEN-RED-GREEN Stripe Design and REPEATING GG Pattern Design. Maltbie Decl., ¶ 3.

In view of the foregoing, on July 30, 2007, Gucci commenced the instant action against Defendants asserting claims for federal trademark infringement, trademark counterfeiting, false designation of origin, trademark dilution, unfair competition, and unfair and deceptive trade practices, in violation of the laws of the United States and the State of New York. Gucci simultaneously moved by Order to Show Cause for an order permitting Gucci to take expedited discovery with respect to defendants' activities and plans to launch JENNIFER GUCCI brand product lines. Through this expedited discovery, Gucci sought to learn the full extent and imminence of defendants' infringing activity so that it could make an informed decision with respect to whether preliminary injunctive relief was necessary to protect its intellectual property rights. Maltbie Decl., ¶ 4, Docket Nos. 1, 4.

Following an August 3, 2007 hearing before Magistrate Judge Francis on Gucci's Order to Show Cause, Gucci reached an agreement with Jennifer Gucci, Edward Litwak, Veratex, and Erman regarding the relief sought on its motion for expedited discovery and also agreed to terms of a Temporary Restraining Order. The agreement was negotiated between Gucci's counsel and R. Kevin Fisher, Esq., a California attorney representing Veratex and Erman, and Martin Simone, Esq., a California attorney representing Jennifer Gucci and Edward Litwak. The Order for Expedited Discovery and Temporary Restraining Order on Consent was entered on August

3

20, 2007 (the "August 20, 2007 Order").[1]  Pursuant to the terms of the August 20, 2007 Order,

Gucci was entitled to pursue the discovery sought by its Order to Show Cause, and, moreover,

Jennifer Gucci, Litwak, Veratex, and, Erman agreed to be temporarily restrained from engaging

in the following activities, among others, until ten (10) business days following the completion

of the discovery schedule set forth therein:

> 1.      licensing, sublicensing, manufacturing, importing, exporting, advertising,
> promoting, displaying, distributing, circulating, offering for sale, selling or
> otherwise disposing of in any manner or removing from their respective business
> premises (except as otherwise provided herein) any products bearing the
> JENNIFER GUCCI name; and

> 2.      imitating, copying or making unauthorized use of the following federally-
> registered trademarks owned by Gucci, including: U.S. Trademark Reg. Nos.
> 876,292, 959,338, 972,078, 1,093,769, 1,140,598, 1,168,477, 1,169,019,
> 1,168,922, 1,200,991, 1,202,802, 1,321,864, and 1,340,599 for the GUCCI word
> mark; U.S. Trademark Reg. Nos. 1,122,780, 1,123,224, and 1,483,526 for Gucci's
> Green-Red-Green Stripe Design; and U.S. Trademark Reg. Nos. 2,680,237,
> 3,072,547, and 3,072,549 for Gucci's Repeating GG Design.

Maltbie Decl., ¶ 5, Docket No. 7.

Thereafter, Gucci began to conduct the expedited discovery permitted by the August 20,

2007 Order, which included depositions of Jennifer Gucci, Edward Litwak, two representatives

of Veratex, and a representative of Erman.  Throughout September and October, several

telephone conferences were held before Judge Francis to address various discovery issues.

During one of these telephone conferences, Edward Williams, Esq., of Stewart Occhipinti, made

his first appearance on behalf of Jennifer Gucci and Edward Litwak.  Notably, during one of

these conferences, Mr. Williams indicated that he had not yet filed a formal appearance because

he had not received any money from Jennifer Gucci or Edward Litwak.  Mr. Williams, however,

did defend Jennifer Gucci at her October 12, 2007 deposition, albeit still without having filed a

---

[1] Following the August 3, 2007 hearing, Gucci reached an agreement resolving its claims against Louisville
Bedding, resulting in the entry of an Order of Dismissal.  Maltbie Decl., 5, Docket No. 9.

Notice of Appearance. Indeed, Magistrate Judge Francis ultimately had to order counsel for the defendants to file appearances as part of an October 24, 2007 order. Since the time of his first appearance in early October, however, Mr. Williams has been the primary contact for Jennifer Gucci and Edward Litwak. Mr. Simone, California counsel for Jennifer Gucci and Edward Litwak, has never filed an appearance in this case. Maltbie Decl., ¶ 6, Docket No. 14.

Between August 20, 2007 and January 11, 2008, the August 20, 2007 Order was extended, pursuant to the agreement of the parties on six different occasions. Further, following a settlement conference on November 28, 2007, Magistrate Judge Francis entered an order that provided, *inter alia*, for discovery to end on February 29, 2008 and for a pretrial order to be submitted by March 31, 2008. Given the length of time that the August 20, 2007 Order had been in place and defendants' representations that they were not engaged at that time in any infringing activity, Gucci proposed on several occasions either that the August 20, 2007 Order remain in place through the trial of this matter or that some other arrangement be reached that would obviate the need for a preliminary injunction motion. Defendants, led by Mr. Williams, refused these requests. Accordingly, On December 4, 2007, when it appeared that defendants would not consent to extending the August 20, 2007 Order through trial, Gucci wrote to the Honorable Judge Richard M. Berman requesting a pre-motion conference in anticipation of filing a motion for preliminary injunction. Maltbie Decl., ¶ 7, Docket Nos. 10, 13, 15, 24, 25, 26, 27, 30.

At the pre-motion conference, which was ultimately held on January 11, 2008, Mr. Williams, after hearing that the Court was prepared to extend the August 20, 2007 Order and to also accelerate the trial of this matter, finally consented to the extension of the August 20, 2007 Order through trial. Further, Judge Berman adopted the schedule set out by Magistrate Judge Francis in his November 28, 2007 order, which provided for a discovery cutoff of February 29,

5

2008 and for pretrial submissions on March 31, 2008. The Court also set an accelerated date for trial of April 21, 2008. Notably, at the January 11, 2008 conference, Mr. Williams insisted that the Court order that a further settlement conference be held before Magistrate Judge Francis. Mr. Williams' letter confirming the various rulings made by the Court on January 11, 2008 was memo endorsed by Judge Berman on January 14, 2008. Maltbie Decl., ¶ 8, Docket No. 32.

Pursuant to the Court's January 14, 2008 order, the parties appeared before Magistrate Judge Francis for a further settlement conference on January 23, 2008. While it initially appeared as though the parties would not make any progress during the settlement conference, Mr. Williams ultimately made a settlement proposal that Gucci indicated it was willing to consider. The following day Gucci wrote to counsel for the defendants requesting that the settlement proposal discussed at the settlement conference be put in writing. However, no further communication regarding the settlement proposal was received. Maltbie Decl., ¶ 9.

In anticipation of the close of discovery on February 29, 2008, Gucci served additional discovery on the defendants, including a second set of document requests directed to Edward Litwak, on January 24, 2008. Due to scheduling and other issues (including, among other things, Edward Litwak's failure to timely respond to Gucci's second set of document requests), it became apparent that Gucci would not be able to complete its remaining discovery prior to the February 29, 2008 deadline. During a February 26, 2008 telephonic conference before Magistrate Judge Francis, Gucci raised the issue concerning the remaining discovery and thereafter, in accordance with the Court's instruction, circulated a proposed schedule for completing the remaining discovery to defendants and requested a response the following day. While Gucci received a response from Mr. Fisher on behalf of Veratex and Erman, it did not hear from Mr. Williams with respect to the remaining discovery issues concerning Jennifer

Gucci and Edward Litwak. As a result, Gucci forwarded the proposed schedule to Magistrate Judge Francis with a request that the schedule be so ordered. In response Magistrate Judge Francis extended the discovery deadline to March 21, 2008. Maltbie Decl., ¶ 10, Docket No. 36.

Thereafter, while documents purportedly responsive to Gucci's second set of document requests were produced, no written responses have been received. Moreover, during Edward Litwak's deposition on February 13, 2008, Mr. Simone, who represented Litwak at his deposition, informed Gucci that while he had been involved in the collection of Litwak's documents, he had expected that Mr. Williams would have prepared the written responses. It was also during the deposition of Edward Litwak on February 13, 2008, that Gucci first learned of Stewart Occhipinti's motion to withdraw from the case. Maltbie Decl., ¶ 11, Docket No. 37.

Accordingly, it would appear that whatever the basis for the dispute between Stewart Occhipinti and defendants Jennifer Gucci and Edward Litwak (which Gucci surmises involves legal fees), the result from Gucci's perspective has been defendants' failure to follow up on a potential settlement proposal that was actually put forward by defendants; defendant Litwak's failure to provide written responses to Gucci's second set of document requests; and the potential for delaying the trial of this matter less than a week before the parties are to submit their pre-trial papers. Moreover, it would seem that after forcing Gucci to incur additional expenses relating to settlement and pre-motion conferences, Mr. Williams and his firm now seeks to be let out of the case without regard for the effect upon Gucci or the schedule that has been set by the Court.

## ARGUMENT

Local Rule 1.4 for the Southern District of New York provides:

An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or

displacement and the posture of the case, including its position, if any, on the calendar.

S.D.N.Y. Local Rule 1.4 .

While Courts have recognized that an attorney may withdraw as counsel for a variety of reasons, including where the client fails to pay legal fees, fails to communicate, fails to cooperate, or otherwise makes effective representation unreasonably difficult, *see, e.g., Kohler Co. v. Weiss*, 1991 WL 196224, *1 (S.D.N.Y. 1991); *Beshansky v. First Nat'l Entm't Corp.*, 140 F.R.D. 273, 274 (S.D.N.Y. 1990); *Farr Man Coffee, Inc. v. M/S Bernhard S*, 1989 U.S. Dist. LEXIS 2988, *3 (S.D.N.Y. 1989); *Statute of Liberty-Ellis Island Found., Inc. v. Int'l United Indus.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986); Code of Professional Responsibility, D.R. 2-110(C)(1)(d), it is clear that the attorney's desire to withdraw must be balanced against the "posture of the case" and any potential prejudice to the parties. *See, e.g., Burack v. Epstein*, 1990 WL 129176, *2 (S.D.N.Y. 1990) (finding that motion to withdraw made two months before the scheduled trial and after discovery has been substantially completed, "would cause inordinate delay in the resolution of this action. Such delay would prejudice both the plaintiffs and the defendants."); *Lemonier, Inc. v. Sojuzplodoimport, PepsiCo, Inc.*, 1990 WL 116760, *2 (S.D.N.Y. 1990) (noting that permitting an attorney to withdraw would prejudice the opposing party by delaying resolution of the litigation); *Fashion Boutique of Short Hills, Inc. v. Fendi, USA, Inc.*, 1999 WL 440626, *1 (S.D.N.Y. 1999) (denying motion to withdraw where filing of joint pre-trial order "was the final submission needed to ready the case for trial").

Here, with the exception of the deposition of defendant Gemma Gucci, which is scheduled to take place on March 21, 2008, discovery is complete. Thus, regardless of whether the Court grants Stewart Occhipinti's motion, discovery should not be reopened in this matter. Further, it would appear that whatever dispute is occurring between Stewart Occhipinti and

defendants Jennifer Gucci and Litwak has already resulted in wasted efforts with respect to settlement and defendant Litwak's failure to provide written responses to Gucci's second set of document requests.  Moreover, the parties' pre-trial papers are due to be submitted on March 31, 2008 (which is a deadline that has been in place since November 28, 2007), and trial has been scheduled for April 21, 2008.  If Gucci is correct in assuming that the basis for Stewart Occhipinti's motion for withdrawal is the failure to pay legal fees, this issue could have been brought to light long ago and not at the eleventh hour.  Indeed, even during his earliest participation in this case in October 2007, Mr. Williams indicated that his firm and his clients were having issues with respect to the payment of legal fees.

Accordingly, if the Court were to grant Stewart Occhipinti's motion, and presumably permit defendants Jennifer Gucci and Litwak time to find replacement counsel, the result would prejudice Gucci by further delaying the resolution of this action.

## CONCLUSION

For the foregoing reasons, and specifically to the extent Stewart Occhipinti's withdrawal would delay the trial of this matter, Gucci respectfully requests that Stewart Occhipinti's motion be denied.

Dated: New York, New York
       March 20, 2008

ARNOLD & PORTER LLP

By: _____
    Louis S. Ederer
    John Maltbie
    399 Park Avenue
    New York, NY 10022
    (212) 715-1000
    *Attorneys for Plaintiff Gucci America, Inc.*

9

TO:

Edward G. Williams, Esq.
Stewart Occhipinti LLP
65 West 36th Street, 7th Floor
New York, New York 10018
*Attorneys for Defendants Jennifer Gucci and Edward Litwak d/b/a Ed Litwak & Associates*


Howard Moss Rogatnick, Esq.
Bryan Cave LLP
1290 Avenue of the Americas
New York, New York 10104
*Attorneys for Defendants Veratex, Inc., Collezione di Casa, Inc., E.L. Erman - Dead Sea
Cosmetics Corp. ELE Brands Enterprise, Inc., GBN Watch Collection, Inc., and GBN Global
Business Network*


R. Kevin Fisher, Esq.
Fisher & Krekorian
3130 Wilshire Boulevard, Suite 200
Santa Monica, California 90403
*Attorneys for Defendants Veratex, Inc., Collezione di Casa, Inc., E.L. Erman - Dead Sea
Cosmetics Corp. ELE Brands Enterprise, Inc., GBN Watch Collection, Inc., and GBN Global
Business Network*


Gemma Gucci
238 West 14th Street
New York, New York 10011
*Pro se*

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

**MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO WITHDRAW OF**

**STEWART OCCHIPINTI LLP** was served upon the following by email and US Mail, this

20th day of March 2008:

Edward G. Williams, Esq.
Stewart Occhipinti LLP
65 West 36th Street, 7th Floor
New York, New York 10018
*Attorneys for Defendants Jennifer Gucci and Edward Litwak d/b/a Ed Litwak & Associates*


Howard Moss Rogatnick, Esq.
Bryan Cave LLP
1290 Avenue of the Americas
New York, New York 10104
*Attorneys for Defendants Veratex, Inc., Collezione di Casa, Inc., E.L. Erman - Dead Sea
Cosmetics Corp. ELE Brands Enterprise, Inc., GBN Watch Collection, Inc., and GBN Global
Business Network*


R. Kevin Fisher, Esq.
Fisher & Krekorian
3130 Wilshire Boulevard, Suite 200
Santa Monica, California 90403
*Attorneys for Defendants Veratex, Inc., Collezione di Casa, Inc., E.L. Erman - Dead Sea
Cosmetics Corp. ELE Brands Enterprise, Inc., GBN Watch Collection, Inc., and GBN Global
Business Network*

Gemma Gucci
238 West 14th Street
New York, New York 10011
*Pro se*


John Maltbie