UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
:
GUCCI AMERICA, INC.,                                                 :  Civil Action No.
                                                                     :  07 cv 6820 (RMB) (JCF)
                    Plaintiff,                                       :
                                                                     :
        - against -                                                  :
                                                                     :
JENNIFER GUCCI, JENCO DESIGNS, LLC,                                  :
JENNICOR, LLC, JENNY GUCCI COFFEE AND                                :
GELATO COMPANY, INC., VERATEX, INC.,                                 :
COLLEZIONE DI CASA, INC., E.L. ERMAN -                               :
DEAD SEA COSMETICS CORP., ELE BRANDS                                 :
ENTERPRISE, INC., GBN WATCH                                          :
COLLECTION, INC., GBN GLOBAL BUSINESS                                :
NETWORK, EDWARD LITWAK d/b/a ED                                      :
LITWAK & ASSOCIATES, GEMMA GUCCI,                                    :
GEMMA GUCCI COFFEE AND GELATO                                        :
COMPANY, INC., ABC CORPORATIONS 1-10,                                :
and JOHN DOES 1-10,                                                  :
                                                                     :
                    Defendants.                                      :
                                                                     :
-------------------------------------------------------------------- x

## DECLARATION OF JOHN MALTBIE IN OPPOSITION TO
## STEWART OCCHIPINTI'S MOTION TO WITHDRAW

JOHN MALTBIE, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct to the best of his knowledge:

1.   I am an associate with the firm of Arnold & Porter LLP, attorneys for Plaintiff Gucci America, Inc. ("Gucci") in the above entitled action. I make this declaration in opposition to Stewart Occhipinti's motion to withdraw as counsel for defendants Jennifer Gucci and Edward Litwak.

2.   In June 2007, Gucci learned that Defendants were engaged in a scheme to improperly use the name JENNIFER GUCCI and other marks, designs and indicia that imitate and/or directly copy famous registered trademarks owned and extensively utilized by Gucci, on a

1

number of consumer goods. Specifically, Gucci learned that Jennifer Gucci, widow of former Gucci designer, Paolo Gucci, through Edward Litwak, had licensed the JENNIFER GUCCI name to Veratex, Inc. ("Veratex"), a company engaged in the business of licensing, manufacturing, distributing, selling and advertising home textiles, bedding, bedding accessories, bath accessories and window treatment products. Further, Gucci learned that Veratex had invited prospective trade customers to its New York City showroom to view a new line of home products being promoted under the JENNIFER GUCCI brand.

3. Upon learning of the association between Jennifer Gucci and Veratex, Gucci contacted Veratex, requested that Veratex disclose the full nature and extent of the JENNIFER GUCCI licensing program, and cease any further activity with respect to the JENNIFER GUCCI brand products. Despite such notice, Gucci continued to find press releases and other materials issued by defendant E.L. Erman - Dead Sea Cosmetics Corp. ("Erman") and Louisville Bedding Company ("Louisville Bedding") indicating that additional lines of JENNIFER GUCCI products, including home textiles, bedding, bedding accessories, bath accessories, window treatments, and skincare and cosmetic products, had launched or were about to be launched. In fact, a press release from Louisville Bedding stated that it would be offering JENNIFER GUCCI bedding products for sale as early as August 6, 2007 at the New York Home Fashion Summer Market. Moreover, Gucci discovered that the product packaging for the JENNIFER GUCCI products prominently displayed the JENNIFER GUCCI brand name, along with other well-known Gucci designs and indicia, including studied imitations of Gucci's famous GREEN-RED-GREEN Stripe Design and REPEATING GG Pattern Design.

4. In view of the foregoing, on July 30, 2007, Gucci commenced the instant action against Defendants asserting claims for federal trademark infringement, trademark

counterfeiting, false designation of origin, trademark dilution, unfair competition, and unfair and deceptive trade practices, in violation of the laws of the United States and the State of New York. (Docket No. 1) Gucci simultaneously moved by Order to Show Cause for an order permitting Gucci to take expedited discovery with respect to defendants' activities and plans to launch JENNIFER GUCCI brand product lines. (Docket No. 4) Through this expedited discovery, Gucci sought to learn the full extent and imminence of defendants' infringing activity so that it could make an informed decision with respect to whether preliminary injunctive relief was necessary to protect its intellectual property rights.

5.  Following an August 3, 2007 hearing before Magistrate Judge Francis on Gucci's Order to Show Cause, Gucci reached an agreement with Jennifer Gucci, Edward Litwak, Veratex, and Erman regarding the relief sought on its motion for expedited discovery and also agreed to terms of a Temporary Restraining Order. The agreement was negotiated between Gucci's counsel and R. Kevin Fisher, Esq., a California attorney representing Veratex and Erman, and Martin Simone, Esq., a California attorney representing Jennifer Gucci and Edward Litwak. The Order for Expedited Discovery and Temporary Restraining Order on Consent was entered on August 20, 2007 (the "August 20, 2007 Order").[1] Pursuant to the terms of the August 20, 2007 Order, Gucci was entitled to pursue the discovery sought by its Order to Show Cause, and, moreover, Jennifer Gucci, Litwak, Veratex, and, Erman agreed to be temporarily restrained from engaging in the following activities, among others, until ten (10) business days following the completion of the discovery schedule set forth therein:

>   1.  licensing, sublicensing, manufacturing, importing, exporting, advertising, promoting, displaying, distributing, circulating, offering for sale, selling or

---

[1] Following the August 3, 2007 hearing, Gucci reached an agreement resolving its claims against Louisville Bedding, resulting in the entry of an Order of Dismissal. (Docket No. 9)

otherwise disposing of in any manner or removing from their respective business premises (except as otherwise provided herein) any products bearing the JENNIFER GUCCI name; and

2. imitating, copying or making unauthorized use of the following federally-registered trademarks owned by Gucci, including: U.S. Trademark Reg. Nos. 876,292, 959,338, 972,078, 1,093,769, 1,140,598, 1,168,477, 1,169,019, 1,168,922, 1,200,991, 1,202,802, 1,321,864, and 1,340,599 for the GUCCI word mark; U.S. Trademark Reg. Nos. 1,122,780, 1,123,224, and 1,483,526 for Gucci's Green-Red-Green Stripe Design; and U.S. Trademark Reg. Nos. 2,680,237, 3,072,547, and 3,072,549 for Gucci's Repeating GG Design.

(Docket No. 7)

6. Thereafter, Gucci began to conduct the expedited discovery permitted by the August 20, 2007 Order, which included depositions of Jennifer Gucci, Edward Litwak, two representatives of Veratex, and a representative of Erman. Throughout September and October, several telephone conferences were held before Judge Francis to address various discovery issues. During one of these telephone conferences, Edward Williams, Esq., of Stewart Occhipinti, made his first appearance on behalf of Jennifer Gucci and Edward Litwak. Notably, during one of these conferences, Mr. Williams indicated that he had not yet filed a formal appearance because he had not received any money from Jennifer Gucci or Edward Litwak. Mr. Williams, however, did defend Jennifer Gucci at her October 12, 2007 deposition, albeit still without having filed a Notice of Appearance. Indeed, Magistrate Judge Francis ultimately had to order counsel for the defendants to file appearances as part of an October 24, 2007 order. (Docket No. 14) Since the time of his first appearance in early October, however, Mr. Williams has been the primary contact for Jennifer Gucci and Edward Litwak. Mr. Simone, California counsel for Jennifer Gucci and Edward Litwak, has never filed an appearance in this case.

7. Between August 20, 2007 and January 11, 2008, the August 20, 2007 Order was extended, pursuant to the agreement of the parties on six different occasions. (Docket Nos. 10, 13, 15, 24, 27, 30) Further, following a settlement conference on November 28, 2007,

Magistrate Judge Francis entered an order that provided, *inter alia*, for discovery to end on February 29, 2008 and for a pretrial order to be submitted by March 31, 2008. (Docket No. 25) Given the length of time that the August 20, 2007 Order had been in place and defendants' representations that they were not engaged at that time in any infringing activity, Gucci proposed on several occasions either that the August 20, 2007 Order remain in place through the trial of this matter or that some other arrangement be reached that would obviate the need for a preliminary injunction motion. Defendants, led by Mr. Williams, refused these requests. Accordingly, On December 4, 2007, when it appeared that defendants would not consent to extending the August 20, 2007 Order through trial, Gucci wrote to the Honorable Judge Richard M. Berman requesting a pre-motion conference in anticipation of filing a motion for preliminary injunction. (Docket No. 26)

8.  At the pre-motion conference, which was ultimately held on January 11, 2008, Mr. Williams, after hearing that the Court was prepared to extend the August 20, 2007 Order and to also accelerate the trial of this matter, finally consented to the extension of the August 20, 2007 Order through trial. Further, Judge Berman adopted the schedule set out by Magistrate Judge Francis in his November 28, 2007 order, which provided for a discovery cutoff of February 29, 2008 and for pretrial submissions on March 31, 2008. The Court also set an accelerated date for trial of April 21, 2008. Notably, at the January 11, 2008 conference, Mr. Williams insisted that the Court order that a further settlement conference be held before Magistrate Judge Francis. Mr. Williams' letter confirming the various rulings made by the Court on January 11, 2008 was memo endorsed by Judge Berman on January 14, 2008. (Docket No. 32)

9. Pursuant to the Court's January 14, 2008 order, the parties appeared before Magistrate Judge Francis for a further settlement conference on January 23, 2008. While it initially appeared as though the parties would not make any progress during the settlement conference, Mr. Williams ultimately made a settlement proposal that Gucci indicated it was willing to consider. The following day Gucci wrote to counsel for the defendants requesting that the settlement proposal discussed at the settlement conference be put in writing. However, no further communication regarding the settlement proposal was received.

10. In anticipation of the close of discovery on February 29, 2008, Gucci served additional discovery on the defendants, including a second set of document requests directed to Edward Litwak, on January 24, 2008. Due to scheduling and other issues (including, among other things, Edward Litwak's failure to timely respond to Gucci's second set of document requests), it became apparent that Gucci would not be able to complete its remaining discovery prior to the February 29, 2008 deadline. During a February 26, 2008 telephonic conference before Magistrate Judge Francis, Gucci raised the issue concerning the remaining discovery and thereafter, in accordance with the Court's instruction, circulated a proposed schedule for completing the remaining discovery to defendants and requested a response the following day. While Gucci received a response from Mr. Fisher on behalf of Veratex and Erman, it did not hear from Mr. Williams with respect to the remaining discovery issues concerning Jennifer Gucci and Edward Litwak. As a result, Gucci forwarded the proposed schedule to Magistrate Judge Francis with a request that the schedule be so ordered. In response Magistrate Judge Francis extended the discovery deadline to March 21, 2008. (Docket No. 36)

11. Thereafter, while documents purportedly responsive to Gucci's second set of document requests were produced, no written responses have been received. Moreover, during

6

Edward Litwak's deposition on February 13, 2008, Mr. Simone, who represented Litwak at his deposition, informed Gucci that while he had been involved in the collection of Litwak's documents, he had expected that Mr. Williams would have prepared the written responses. It was also during the deposition of Edward Litwak on February 13, 2008, that Gucci first learned of Stewart Occhipinti's motion to withdraw from the case. (Docket No. 37)

EXECUTED UNDER PENALTY OF PERJURY THIS 20th DAY OF MARCH 2008.

_____
John Maltbie