# ARNOLD & PORTER LLP

**Louis S. Ederer**
Louis.Ederer@aporter.com

212.715.1102
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

APR 15 2008

4/15/08

April 14, 2008

**MEMO ENDORSED**

p3

**BY HAND**
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007

Re: Gucci America, Inc. v. Jennifer Gucci, et al., 07 cv 6820 (RMB) (JCF)

Dear Judge Berman:

We represent plaintiff Gucci America, Inc. ("Gucci") in the above entitled action. We write in accordance with Your Honor's April 10, 2008 memo endorsement of our April 9, 2008 letter, and Your individual rules to request a pre-motion conference. The purpose of the pre-motion conference is to discuss Gucci's anticipated motion for summary judgment against defendants Jennifer Gucci, Edward Litwak d/b/a Ed Litwak & Associates ("Litwak") and Gemma Gucci (collectively the "Gucci Defendants").

Gucci brought this action in August 2007 for trademark infringement, counterfeiting and unfair competition against, *inter alia*, the Gucci Defendants, in connection with their announced plan to license and launch JENNIFER GUCCI and GEMMA GUCCI branded products. Further, in addition to infringing Gucci's famous GUCCI trademark, defendants Litwak and Jennifer Gucci were making use of various indicia and designs that are long associated with Gucci, including Gucci's federally registered Green-Red-Green Stripe Design (U.S. Trademark Reg. Nos. 1,122,780, 1,123,224, and 1,483,526) and Repeating GG Pattern Design (U.S. Trademark Reg. Nos. 2,680,237, 3,072,547, and 3,072,549). Currently there is a restraining order in place, through trial, prohibiting the Gucci Defendants from engaging in any licensing programs or using the Gucci name or designs in connection with any products.

In defense of Gucci's claims, the Gucci Defendants have argued that the decision of *Gucci v. Gucci Shops, Inc.*, 688 F. Supp. 916 (S.D.N.Y. 1988) controls. In that case, Paolo Gucci, Jennifer Gucci's ex-husband and Gemma Gucci's father, was allowed to use his name in a limited way, not as a trademark or trade name, in connection with the promotion and sale of products he designed, to identify himself as the designer of such products. The Gucci Defendants claim that the Court's reasoning in *Gucci Shops, Inc.*, should apply to them as well.

However, as indicated in *Gucci Shops, Inc.*, the key to the Court's determination was that "Paolo Gucci spent many years cultivating his talent while serving as Gucci's chief designer" and that it accordingly "cannot be argued that Paolo Gucci wishes to enter the field of design simply to capitalize on his name . . . ." The Court further found that Paolo Gucci "ha[d] spent his entire mature life working in the relevant business", and possess[ed] extraordinary experience",

# ARNOLD & PORTER LLP

The Hon. Richard M. Berman
April 14, 2008
Page 2

so it would not be said "that the individual is entering the particular field 'for no apparent reason other than to use a conveniently confusing surname to his advantage.'" *Gucci Shops, Inc.*, 688 F.Supp. at 927 (citation omitted). The Court therefore held that given this particular set of facts, Paolo Gucci should be able to "exploit his own identity and reputation in a legitimate manner.'" *Id.* (citation omitted).

The issue, then, in a case like this, as the Court in *Gucci Shops, Inc.* recognized, is whether the individual in question has longstanding expertise and an established reputation in a particular field. Conversely, when a family member whose surname is also a famous trademark for goods seeks to use his/her name commercially, even other than as a trademark, in connection with the sale of goods, an injunction barring such use is appropriate where, as is the case here, the individual has not acquired, and does not have his own reputation as, in this case, a designer of goods, but rather is entering the field to make use of a conveniently confusing surname. Thus, for example, in *Bertolli, USA, Inc. v. Filippo Bertolli Fine Foods, Ltd.*, 662 F. Supp. 203, 206-07 (S.D.N.Y. 1987), this Court enjoined the great grandson of the individual who started the famous BERTOLLI olive oil brand from using his name in connection with the promotion and sale of food products, finding that "[w]hile we do not doubt Filippo's sincere desire to develop a reputation as a maker of quality foods, *he is, at present, a complete unknown.* Any goodwill which defendants might build up in connection with their new business will be associated with whatever name Filippo ultimately may choose for their product. Hence, we fail to see *any* legitimate interest of defendants which would counsel in favor of allowing them to use Filippo's name even in the restricted fashion suggested." (emphasis added).

Here, as in *Bertolli*, there is simply no evidence — indeed, it has been conceded in deposition testimony — that defendants Jennifer Gucci or Gemma Gucci have any experience or reputation in the United States, as designers of consumer products. Thus, there is no issue of fact that the Gucci Defendants' plans to license or make commercial use of the Jennifer Gucci or Gemma Gucci names are anything more than an attempt to free ride on the world famous GUCCI trademark.

It is respectfully suggested, therefore, that a pre-motion conference be convened, and a schedule established for the filing of a summary judgment motion, and opposition and reply papers, so that these can be considered by the Court well in advance of any trial date the Court may wish to establish. This way, if the Court were to grant summary judgment, the need for a trial may be completely alleviated, or the issues to be tried may be significantly narrowed.

# ARNOLD & PORTER LLP

The Hon. Richard M. Berman
April 14, 2008
Page 3

We look forward to conferencing this matter at the Court's earliest convenience.

Respectfully yours,

ARNOLD & PORTER LLP

By: *Louis S. Ederer*
Louis S. Ederer

cc: R. Kevin Fisher, Esq. (via e-mail)
Martin Simone, Esq. (via e-mail)
Howard Moss Rogatnick, Esq. (via e-mail)
Edward G. Williams, Esq. (via e-mail)

---

> We can discuss the need for motion practice in the context of a bench trial on 4/29/08 @ 9:00 A.M. Parties to engage in good faith settlement prior to the conference. (Note: NOT 4/28/08). No phone participation.
>
> SO ORDERED:
> Date: 4/15/08    Richard M. Berman
> Richard M. Berman, U.S.D.J.