Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

| | |
|---|---|
| GUCCI AMERICA, INC., | Civil Action No. 07 Civ. 6820 (RMB) |
| Plaintiff, | |
| - against - | **PLAINTIFF GUCCI AMERICA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE ANY EVIDENCE CONCERNING A FOREIGN COURT JUDGMENT/SETTLEMENT** |
| JENNIFER GUCCI, JENCO DESIGNS, LLC, JENNICOR, LLC, JENNY GUCCI COFFEE AND GELATO COMPANY, INC., VERATEX, INC., COLLEZIONE DI CASA, INC., E.L. ERMAN - DEAD SEA COSMETICS CORP., ELE BRANDS ENTERPRISE, INC., GBN WATCH COLLECTION, INC., GBN GLOBAL BUSINESS NETWORK, EDWARD LITWAK d/b/a ED LITWAK & ASSOCIATES, GEMMA GUCCI, GEMMA GUCCI COFFEE AND GELATO COMPANY, INC., ABC CORPORATIONS 1-10, and JOHN DOES 1-10, | |
| Defendants. | |

------------------------------------------------------------- x

## **PRELIMINARY STATEMENT**

Plaintiff, Gucci America, Inc. ("Gucci America"), respectfully submits this memorandum of law in support of its motion *in limine* to preclude defendants Jennifer Gucci, Gemma Gucci and Edward Litwak, d/b/a Ed Litwak and Associates, (collectively "Defendants") from introducing into evidence at trial an April 19, 2000 German court judgment/settlement, in a trademark action between the German company Fitsch & Bedayan GmbH and Guccio Gucci S.p.A of Italy, neither of which are parties to the instant action, concerning Fitsch & Bedayan's right to use the name GEMMA GUCCI in Germany in connection with the sale of jewelry products (the "German Order"). As foreign court judgments/settlements concerning rights in foreign territories are irrelevant to trademark infringement claims pending in the United States, the German Order is inadmissible under Rule 402 of the Federal Rules of Evidence and, therefore, Defendants should be precluded from introducing the German Order into evidence at trial, or offering any evidence or testimony with respect to the German Order.

## **BACKGROUND**

On April 19, 2000, in resolution of a trademark dispute pending before the Regional Court — Chamber 6 Trade Court — in Hamburg, Germany, between Fitsch & Bedayan GmbH and Guccio Gucci S.p.A., the parties entered into an order resolving their dispute and allowing Fitsch & Bedayan to use the name GEMMA GUCCI in Germany in connection with the sale of jewelry products, so long as certain restrictions were met. As none of the parties to the German Order are parties to the instant action, and the German Order was, by implication, limited in geographic application to Germany (as the lawsuit involved the rights to use the GEMMA GUCCI name only in Germany, the German Order has no bearing whatsoever on whether Gemma Gucci, or anyone under her authority, could make a commercial use of her name outside

1

Germany. Nevertheless, throughout the course of this litigation, Defendants have argued that the German Order supports the position that they have the right to make commercial use of their names in the United States. For example, in her answer and counterclaims in this action, Defendant Gemma Gucci claims that Gucci America, despite the fact that it was not a party to the German Order, is "collaterally estopped from bringing this action against [Defendant Gemma Gucci] because of the Judgment entered in the court proceeding in Hamburg, Germany." *See*, Defendant Gemma Gucci's Answer and Counterclaims, First Defense (p. 4) and Exhibit A thereto (the German Order).

Under long-standing law, a foreign court judgment/settlement on a claim of trademark infringement, such as the German Order, is *irrelevant* to the question of whether trademark infringement has been committed under U.S. law, and, therefore, is *inadmissible* in a U.S. trademark infringement action. Simply put, trademarks are territorial, *i.e.*, a party's rights in one country are not impacted by its rights or lack of rights in another country. Accordingly, Gucci America's motion *in limine* to preclude Defendants from introducing the German Order into evidence at trial should be granted.

## ARGUMENT

It is axiomatic that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. To be relevant, evidence must have the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Trademark rights are inherently territorial, and exist in each country only according to and to the extent of that particular country's statutory scheme. *See Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 599 (5th Cir. 1985); *Kos Pharm., Inc. v. Andrx*

2

*Corp.*, 369 F.3d 700, 714 (2d Cir. 2004) (finding that "[t]rademark standards do not traverse international borders"); *Osawa & Co. v. B & H Photo*, 589 F. Supp. 1163, 1171 (S.D.N.Y. 1984) (determining that "a trademark has a separate legal existence under each country's laws"). Thus, when trademark rights within the United States are being litigated in an American court, the foreign proceedings concerning the respective trademark rights of the parties are "*irrelevant and inadmissible.*" *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 641-643 (2d Cir.), *cert. denied*, 352 U.S. 871 (1956) (emphasis added). In other words, a claimant's rights (or lack of rights) to a trademark in the United States cannot be established by the fact that the claimant agreed or was found by a foreign court to have (or not to have) rights over the same mark in a foreign country. *E. Remy Martin & Co. v. Shaw-Ross Int'l Imports, Inc.*, 756 F.2d 1525, 1531 (11th Cir. 1985) (noting that "[o]ur concern must be the business and goodwill attached to United States trademarks, not French trademark rights under French law"); *Greenlight Capital, Inc. v. GreenLight (Switzerland) S.A.*, No. 04 Civ. 3136 (HB), 2005 WL 13682 at *5 (S.D.N.Y. Jan. 3, 2005) (citations omitted).

In *E. Remy Martin & Co.*, 756 F.2d at 1531, a litigation concerning the parties rights in the REMY trademark in the U.S., the Defendant sought to introduce into evidence a settlement agreement that the parties entered into in France concerning the scope of the Defendants' use of the REMY mark in France. The court, in finding that the district court had improperly admitted this evidence into the record, determined that:

> We do hold that the district court erred as a matter of law to the extent it relied upon . . . the 1970 agreement concerning [Defendants] limiting the use of his mark in France to wines. Like an earlier Battle of the Brandywine, this skirmish must be fought in this country, notwithstanding the presence of a French connection. Our concern must be the 'business and goodwill attached to United States trademarks, not French trademarks rights under French law.' We assume no knowledge of French trademark law and the legal and circumstantial reasons for [Plaintiff's] 1970 agreement . . . . *More importantly,*

3

> *we are not bound to recognize or rely upon foreign law and disagreements abroad settled under it. . . .* We therefore exclude the status of [Defendant's] mark in France under French law from this case, which concerns rights in a mark under our law.

*E. Remy Martin & Co.*, 756 F.2d at 1531. *See also Fuji Photo*, 754 F.2d at 599 (finding it "error to admit evidence of the parties' foreign trademark practices"); *Calzaturificio Rangoni S.p.A. v. U.S. Shoe Corp.*, 868 F.Supp. 1414, 1418 (S.D.N.Y. 1994) (noting that "[t]he use of [the mark in question] in the United States is governed solely by the trademark laws and decisions of this country"); *Federal Treasury Enter. Sojuzplodoimport v. Spirits Intern. N.V.*, 425 F. Supp. 2d 458, 464 (S.D.N.Y. 2006) (finding that Russian court order were irrelevant to trademark issues before the U.S. court); *Juicy ZCouture, Inc. v. L'Oreal USA, Inc.*, No. 04 Civ.7203 (DLC), 2006 WL 1012939, at *34 (S.D.N.Y. Apr. 19, 2006) (noting that orders of "foreign courts are generally irrelevant and inadmissible in trademark actions in the United States); *Jordache Enters., Inc. v. Levi Strauss & Co.*, 841 F.Supp. 506, 516 n. 12 (S.D.N.Y. 1993) (noting that order of "foreign tribunals concerning the trademarks rights of parties is irrelevant"); *Grotrian, Helfferich, Schulz, Th. Steinweg Nachf. v. Steinway & Sons*, 365 F.Supp. 707, 719 (S.D.N.Y. 1973) (noting that "the adjudications on the matter of the marks in question that may have been made in a foreign court have no application here" and, therefore, "we do not consider the reputed German court decisions of 1926 offered by plaintiff").

In light of the clear precedent that a foreign court judgment is *irrelevant* to the question of whether Defendants have the right to use their names on or in connection with the sale of products in the U.S. or whether such conduct constitutes trademark infringement under U.S. law and, therefore, is *inadmissible* in a U.S. trademark infringement action, this Court should preclude Defendants from introducing the German Order into evidence at trial, and should also preclude the introduction of any testimony or other evidence relating or referring to the German

4

Order. Moreover, this Court should find that Gucci's claims are not barred by the German Order, as none of the parties to the German Order are parties to the instant action. For example, the Plaintiff in the instant action is Gucci America, Inc., while the Gucci party in the German action was Guccio Gucci S.p.A of Italy.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that its motion *in limine* to preclude any evidence concerning the German Order be granted in its entirety.

Dated:  New York, New York
        June 17, 2008

                                      Respectfully submitted,
                                      ARNOLD & PORTER LLP

By: _____
      Louis S. Ederer (LE 7574)
      John Maltbie (JM 3658)
      399 Park Avenue
      New York, New York 10022
      (212) 715-1000
      *Attorneys for Plaintiff Gucci America, Inc.*