Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

| | |
|---|---|
| GUCCI AMERICA, INC., | Civil Action No. 07 Civ. 6820 (RMB) |
| Plaintiff, | |
| - against - | **PLAINTIFF GUCCI AMERICA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF DEFENDANT JENNIFER GUCCI CONCERNING SPOLIATED EVIDENCE** |
| JENNIFER GUCCI, JENCO DESIGNS, LLC, JENNICOR, LLC, JENNY GUCCI COFFEE AND GELATO COMPANY, INC., VERATEX, INC., COLLEZIONE DI CASA, INC., E.L. ERMAN - DEAD SEA COSMETICS CORP., ELE BRANDS ENTERPRISE, INC., GBN WATCH COLLECTION, INC., GBN GLOBAL BUSINESS NETWORK, EDWARD LITWAK d/b/a ED LITWAK & ASSOCIATES, GEMMA GUCCI, GEMMA GUCCI COFFEE AND GELATO COMPANY, INC., ABC CORPORATIONS 1-10, and JOHN DOES 1-10, | |
| Defendants. | |

---------------------------------------------------------------- x

## **PRELIMINARY STATEMENT**

Plaintiff, Gucci America, Inc. ("Gucci America"), respectfully submits this memorandum of law in support of its motion *in limine* to preclude Defendant Jennifer Gucci from testifying at trial concerning a February 27-28, 2007 email exchange between herself and Avi Cohen, President of Veratex, Inc. ("Veratex"), and in particular from offering any evidence or testimony which contradicts her clear statement in the email exchange that the sample JENNIFER GUCCI packaging design attached to the email, of which Gucci America complains, "*looked great*". *See*, Pl. Tr. Ex. 95. After failing to conduct any search for documents at the outset of this case, in direct defiance of the Court's August 20, 2007 Temporary Restraining Order and Order for Expedited Discovery on Consent, and allowing the email in question and its attachment to be spoliated, then, at her deposition, Ms. Gucci tried to run away from what she says in the email, *i.e.*, that the sample JENNIFER GUCCI packaging "*looks great*", and testified that she really couldn't see the attachment because her copy was poor. Ms. Gucci then went on to testify that it was not until many months later, in June 2007, that she saw the sample packaging for the first time, and immediately objected to it.

As Ms. Gucci failed to produce this email attachment during the course of discovery, despite the fact that, according to her own court-ordered declaration, she would have been able to do so had she complied with the Court's August 20, 2007 Temporary Restraining Order and Order for Expedited Discovery on Consent and conducted a complete and timely search for documents responsive to Gucci America's document requests, she should be precluded from offering any evidence or testimony which contradicts the statements she made in the email exchange concerning the complained of packaging design attached thereto.

1

## BACKGROUND

This Court's August 20, 2007 Temporary Restraining Order and Order for Expedited Discovery on Consent (the "Order") required that Ms. Gucci (i) "provide responses to the requests for production set forth in Exhibit N . . . to the Declaration of Louis S. Ederer, within seven (7) days of the entry of th[e] Order;" and (ii) "produce to Gucci [America] the documents and other things responsive to Gucci [America]'s requests . . . within five (5) days of the responses to the requests for production or five (5) days of the Court's entry of a stipulated protective order, whichever is later." Gucci America's requests included requests for production of all emails and other correspondence relating to defendants' development of products to be sold under the JENNIFER GUCCI name. Moreover, according to the schedule set out in the Order, Ms. Gucci's written responses to the requests for production were due on August 27, 2007, and any responsive documents were to be produced by September 4, 2007. In response, Ms. Gucci produced no documents.

During her October 12, 2007 deposition, Ms. Gucci was questioned about an email exchange (such emails having been produced by other defendants) she had with Mr. Cohen, and in particular about an attachment to one of Mr. Cohen's emails showing her the JENNIFER GUCCI packaging design that Veratex was working on. Although her email response to Mr. Cohen indicates that she thought the packaging was "*[g]reat looking*", Ms. Gucci testified at her deposition that the attachment containing the packaging design "didn't come out very well on the email at all," and therefore she could not examine it carefully. *See*, Jennifer Gucci Dep. Tr. 146:2-18; *see also* Pl. Tr. Ex. 95. Ms. Gucci then testified that she first saw the packaging design in June 2007, and objected to it.

2

Then, later in her deposition, Ms. Gucci was directly questioned about her efforts to search for and produce documents in accordance with the Order. At that point, the following exchange took place:

> Q  Do you recall ever reviewing document requests that were issued to you in connection with this lawsuit?
>
> A  No.
>
> Q  Do you recall being asked to collect documents in connection with this lawsuit?
>
> A  No.
>
> Q  What is your main means of communication with Mr. Litwak?
>
> A  Phone.
>
> Q  Do you also communicate with him by e-mail?
>
> A  No, very rarely. He's not good at typing.
>
> MR. WILLIAMS [counsel appearing for Ms. Gucci at the deposition]: I should say we represent Ms. Gucci and we're not aware of any document requests. If you have some --
>
> MR. VERONICK [counsel for Gucci America]: They were filed along with the Complaint in the case.
>
> MR. MALTBIE [counsel for Gucci America]: They were part of the Order to Show Cause.
>
> MR. WILLIAMS: Well, I haven't seen them. We were just retained yesterday.
>
> MR. MALTBIE: Mr. Simone has seen them.
>
> MR. WILLIAMS: Okay, fine, I'll talk with him.
>
> MR. MALTBIE: Okay.
>
> Q  Just to be clear, do you recall doing anything with respect to the collection of documents in connection with this lawsuit?

3

   A  No.

*See*, Jennifer Gucci Dep. Tr. 208:10 - 209:19.

  It being clear, then, that Ms. Gucci, who was under Court order to look for and produce every document in her possession relating to the issues in the case, <u>including emails</u>, and, indeed, had an obligation to preserve all such documents upon the commencement of this action in June 2007, was in clear violation of the Court's Order, and had done absolutely nothing to preserve the evidence relevant to this case, on or about October 23, 2007, Gucci America made an application to Magistrate Judge Francis asking that the Court require Ms. Gucci to conduct a thorough search for responsive documents and produce all documents she discovered, including electronic documents, and to also provide an affidavit as to when any of her electronic files were purged and why. Thereafter, on October 24, 2007, Magistrate Judge Francis ordered Ms. Gucci to "conduct a complete search and produce all documents, including electronically stored information, responsive to plaintiff's discovery requests," and to "also provide an affidavit attesting to the completeness of her search and explaining in detail the circumstances under which any responsive documents have been destroyed or otherwise rendered unavailable." (A copy of Magistrate Judge Francis' October 24, 2007 Order is attached hereto as Exhibit A).

  In response to the October 24, 2007 Order, Ms. Gucci produced a handful of emails dated May 2007 onward, and provided a declaration stating that it was her practice to delete her emails as she read them. Ms. Gucci's declaration further stated that she had an "individual knowledgeable about computers" help her retrieve deleted emails and to inquire of her Internet Service Provider, Hotmail, whether deleted emails could be retrieved. Ms. Gucci's declaration further stated:

> It is my understanding that deleted e-mails in my computer are no longer available to be retrieved after six months; accordingly, all e-mails prior to May 2007 are no longer capable of being retrieved from my computer.

Accordingly, then, by Ms. Gucci's own admission the February 27-28, 2007 email exchange at issue could have been retrieved from Ms. Gucci's computer had she abided by the Court's Order in August 2007, not to mention her obligation to preserve relevant documents following the commencement of this litigation in June 2007. (A copy of Ms. Gucci's October 25, 2007 declaration is attached hereto as Exhibit B).

On October 31, 2007, and again on November 19, 2007, Gucci America raised with Ms. Gucci's counsel several issues relating to her declaration. Specifically, counsel was asked to: (i) identify the person who examined Ms. Gucci's computer; (ii) state what experience he had in forensically examining computers; (iii) state what he did to examine Ms. Gucci's computer; (iv) state the basis for his determination that emails more than six months old are not retrievable; and (v) state whether Ms. Gucci's Internet Service Provider had responded to the inquiry concerning the retrieval of deleted emails. No response was ever received to these inquiries.

Thereafter, Gucci America again made an application for relief to Magistrate Judge Francis, who, on November 28, 2007, ordered a complete forensic examination of Ms. Gucci's computer at Gucci America's expense. A forensic examination was subsequently performed by a Court appointed technician, and, not surprisingly, no additional emails, including the February 27-28, 2007 email exchange with Veratex and the attached packaging design that Ms. Gucci had indicated "*looked good*", were found.

As Ms. Gucci failed to comply with the Court's Order by not searching for documents responsive to Gucci America's document requests and by failing to preserve documents

5

following the commencement of this action, including emails, responsive to such requests, Ms. Gucci should be precluded from offering any evidence or testimony which contradicts the statements she made in her February 27-28, 2007 email exchange with Avi Cohen, President of Veratex, and in particular from offering any evidence or testimony which contradicts her clear statement in the email that the sample JENNIFER GUCCI packaging design attached to the email *"looked great"*. *See*, Pl. Tr. Ex. 95. Under no circumstances should Ms. Gucci be allowed to testify that she could not see the packaging design in the attachment to the February 27, 2007 email, and then later, when she finally saw the packaging design in June 2007, the sample packaging "didn't look so great" anymore.

## ARGUMENT

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in a pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 778 (2d Cir. 1999). The Court has the discretion to impose sanctions for spoliation of discoverable evidence. *Id.* at 779. "While violation, through spoliation, of a court order directing production of discoverable evidence will support sanctions, the absence of such an order does not prevent sanctions based upon the court's inherent authority to control the litigation." *W.R. Grace & Co.-Conn. v. Zotos Intern., Inc.*, No. 98-Civ-838S (F), 2000 WL 1843258, at *10 (W.D.N.Y. Nov. 2, 2000), citing, *West*, 167 F.3d at 779. The sanction must "achieve deterrence, burden the guilty party with the risk of an incorrect determination, and attempt to place the prejudiced party in the evidentiary position it would have been in but for the spoliation." *W.R. Grace & Co.-Conn.*, 2000 WL 1843258, at *10, citing *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998). Moreover, "[a] party found guilty of spoliation may . . . be precluded from giving testimony regarding the

6

destroyed evidence." *W.R. Grace & Co.-Conn.*, 2000 WL 1843258, at *10; *see also, Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 74-75 (S.D.N.Y. 1991).

Here, Ms. Gucci failed to comply with the Court's Order by not searching for documents responsive to Gucci America's document requests and by failing to preserve documents, including emails and other electronic documents, responsive to such requests. Had Ms. Gucci done so, by her own sworn statement, she could have retrieved the email exchange in question from her computer. However, two months later, when she was exposed for failing to comply with the Order, those emails, including the sample JENNIFER GUCCI packaging design attachment that initially "*looked great*", but Ms. Gucci later testified she had not been able to see, had been destroyed. Accordingly, this Court should preclude Ms. Gucci from testifying at trial concerning a February 27-28, 2007 e-mail exchange between herself and Avi Cohen, and, in particular, from offering any evidence or testimony which contradicts her clear statement in the email that the sample JENNIFER GUCCI packaging design she was shown in February 2007, the packaging design which contains blatant infringements of Gucci America's famous marks, "*looked great*". *See*, Pl. Tr. Ex. 95. As Ms. Gucci failed to produce the email attachment during the course of discovery, despite the fact that she could have done so had she preserved relevant emails following the commencement of this action, and conducted a timely court-order search for documents responsive to Gucci America's document requests, she has spoliated evidence and should suffer the consequences of such spoliation.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that its motion *in limine* be granted in its entirety.

Dated:  New York, New York
        June 17, 2008

                                   Respectfully submitted,
                                   ARNOLD & PORTER LLP

                             By: _____
                                   Louis S. Ederer (LE 7574)
                                   John Maltbie (JM 3658)
                                   399 Park Avenue
                                   New York, New York 10022
                                   (212) 715-1000
                                   *Attorneys for Plaintiff Gucci America, Inc.*