Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x

| | |
|---|---|
| GUCCI AMERICA, INC., | Civil Action No. 07 Civ. 6820 (RMB) |
| Plaintiff, | |
| - against - | **PLAINTIFF GUCCI AMERICA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF DEFENDANT JENNIFER GUCCI CONCERNING SPOLIATED EVIDENCE** |
| JENNIFER GUCCI, JENCO DESIGNS, LLC, JENNICOR, LLC, JENNY GUCCI COFFEE AND GELATO COMPANY, INC., VERATEX, INC., COLLEZIONE DI CASA, INC., E.L. ERMAN - DEAD SEA COSMETICS CORP., ELE BRANDS ENTERPRISE, INC., GBN WATCH COLLECTION, INC., GBN GLOBAL BUSINESS NETWORK, EDWARD LITWAK d/b/a ED LITWAK & ASSOCIATES, GEMMA GUCCI, GEMMA GUCCI COFFEE AND GELATO COMPANY, INC., ABC CORPORATIONS 1-10, and JOHN DOES 1-10, | |
| Defendants. | |

------------------------------------------------------------ x

**EXHIBIT B**

UNITED STATES DISTIRCT COURT
SOUTHERN DISTRICT OF NEW YORK
............................................................... X

GUCCI AMERICA, INC.,

                Plaintiff,

    -against-

JENNIFER GUCCI, JENCO DESIGNS, LLC,
JENNICOR, LLC, VERATEX, INC.,
COLLEZIONE DI CASA, INC., E.L. ERMAN-
DEAD SEA COSMETICS CORP., LOUISVILLE
BEDDING COMPANY, EDWARD LITWAK d/b/a
ED LITWAK & ASSOCIATES, ABC
CORPORATIONS 1-10, and JOHN DOES 1-10,

                Defendants.

............................................................... X

**DECLARATION OF
JENNIFER GUCCI**

07 Civ. 6820 (RMB)(JCF)

JENNIFER GUCCI, pursuant to Title 28, United States Code, Section 1746, declares under penalty of perjury, as follows:

1. My name is Jennifer Gucci. I am a named defendant in this action, and I have personal knowledge of the facts set forth herein.

2. I have been provided with a copy of the Court's Order dated October 24, 2007. This Declaration is respectfully submitted in response to, and in accordance with, that Order.

3. When I was originally asked, in connection with responding to plaintiff's Document Request, and at my subsequent deposition on October 12, 2007, if I had any documents pertaining to this lawsuit, I did not understand that the term "documents" also included e-mails. I understood the term "documents" to mean physical papers of any type, including letters, drawings, and the like.

4. At the time of my responses, I did not believe I had in my possession any "documents" as I then understood that term; and therefore I did not search for documents I knew I did not have. Accordingly, I testified truthfully at my deposition, to the best of my belief at that time, that all such physical papers that I was aware of were in the possession of Ed Litwak, and which I understand have already been produced.

5. In connection with the Court's Order, I have searched my recollection, as well as my papers, and have come upon a single letter (dated June 27, 2007 from David Elan), which I have forwarded to my attorney to produce.

6. Furthermore, I now understand that the term "documents" also includes e-mails.

7. It is my general practice, once I read an e-mail, to delete it. The few e-mails I had not deleted prior to the October 23, 2007, conference with the Court, I forwarded to my present attorney who I understand identified them to the Court during the October 23rd telephone conference with the Court.

8. I am not adept with a computer. Accordingly, following the October 23rd conference with the Court, I had an individual knowledgeable about computers to attempt to retrieve all e-mails that I had deleted which were still retrievable.

9. I have provided all such e-mails to my attorney who I understand is providing them to plaintiff's counsel.

10. It is my understanding that deleted e-mails in my computer are no longer available to be retrieved after six months; according, all e-mails prior to May 2007 are no longer capable of being retrieved from my computer.

11. I asked the individual who assisted me to contact my Internet Service Provider to ascertain if those deleted e-mails can now still be retrieved by them, which he has done. If we receive a positive response, and obtain the deleted e-mail, they will be produced.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_Jennifer Gucci_

EXECUTED ON THIS 25 DAY OF OCTOBER, 2007.