UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x

GUCCI AMERICA, INC.,

        Plaintiff,

   - against -

JENNIFER GUCCI, JENCO DESIGNS, LLC, JENNICOR, LLC, JENNY GUCCI COFFEE AND GELATO COMPANY, INC., VERATEX, INC., COLLEZIONE DI CASA, INC., E.L. ERMAN - DEAD SEA COSMETICS CORP., ELE BRANDS ENTERPRISE, INC., GBN WATCH COLLECTION, INC., GBN GLOBAL BUSINESS NETWORK, EDWARD LITWAK d/b/a ED LITWAK & ASSOCIATES, GEMMA GUCCI, GEMMA GUCCI COFFEE AND GELATO COMPANY, INC., ABC CORPORATIONS 1-10, and JOHN DOES 1-10,

        Defendants.

--------------------------------------------------------------- x

Civil Action No.
07 cv 6820 (RMB) (JCF)

## WITNESS STATEMENT OF SHANE SPRINGER SUBMITTED BY GUCCI AMERICA, INC.

Shane Springer declares as follows under penalty of perjury:

1. I am employed as a graphic designer for defendant Veratex, Inc. ("Veratex").

2. Veratex is a company engaged in the business of designing, manufacturing and selling bedding and bathroom accessories, such as quilts, blankets, sheets, towels and shower curtains. A majority of the bedding products that Veratex sells are packaged in clear plastic bags with cardboard or paper inserts that feature designs and provide product information. As the sole graphic designer at Veratex, I am the in-house person with responsible for designing these inserts. I am also responsible for working with the other designers employed by Veratex to create designs for the products that Veratex sells. I report to Avi Cohen ("Cohen"), the president of Veratex.

3. On or about February 2, 2007, I attended a meeting with Cohen and Litwak at Veratex's offices in Panorama City, California. At this meeting, I learned that Veratex would be designing bedding and bath products, complete with the product packaging, to be sold using the name JENNIFER GUCCI. Prior to this meeting I was not aware of Jennifer Gucci, but later came to learn that she had been married to Paolo Gucci, a member of the Gucci family and a former designer for the Gucci brand. I was called into the meeting to receive documents from Litwak and to discuss packaging concepts for the JENNIFER GUCCI product line. Litwak informed me that I was free to use any of the designs contained in the documents to develop the packaging designs for the line. *See*, Pl. Tr. Ex. 210.

4. Included in the materials Litwak provided to me were documents containing the phrase "Collezione Di Jennifer Gucci", as well as a number of different designs, including a green-red-green stripe design; several designs featuring the initials "JG"; a repeating diamond pattern design that featured interlocking inverted "GG's"; and several versions of a crest design.

1

*See*, Pl. Tr. Ex. 210. Litwak specifically informed me that I could use the crest design, the green-red-green color combination, and a repeating "JG" design.

5. Although I am relatively unfamiliar with products sold by Gucci, or with Gucci's designs, I was aware that Gucci had used a repeating "GG" pattern design. In fact, upon seeing the repeating "GG" pattern in the materials provided to me by Litwak, I became concerned that the use of a repeating "JG" pattern on our packaging materials might cause problems with Gucci. I discussed my concern and was informed by Litwak that Veratex was free to use a repeating "JG" design.

6. Taking the materials that Litwak provided at the February 2, 2007 meeting, I created draft packaging inserts for the line. In creating the packaging inserts, I relied almost exclusively on the materials I had received from Litwak. The packaging inserts featured the use and placement of the JENNIFER GUCCI name on the front insert; utilized green-red-green stripe design; and included a repeating diamond pattern with overlapping "JG's" at the corners of the diamonds. Further, I used a photograph of Ms. Gucci along with her signature and a "romance," a short piece of text describing her relationship to the product, all of which was included in substance in the packet of materials provided by Litwak. I also included a crest design in the insert that featured a green-red-green stripe. However, I did not use the crest design contained in Litwak's materials, but instead purchased a different crest through a clip art supplier. *See* Pl. Tr. Ex. 22.

7. Shortly, after I created the prototype packaging, I showed it to Cohen and Litwak. At no point in time did he raise any issues with respect to the designs that I prepared or ask me to change any of the designs. Moreover, while I tweaked the prototype packaging with revisions prior to the June 2007 private showroom event showcasing the JENNIFER GUCCI line at

2

Veratex's New York showroom, as far as I am aware the packaging displayed at the June 2007 event continued to use the JENNIFER GUCCI name, the green-red-green stripe design in the background, the crest design with the green-red-green stripe, and the repeating "JG" pattern. *See* Pl. Tr. Exs. 22, 23, 24, 26, 27.

8. I used several of the above-referenced design elements to create the advertisement and the invitation to the June 2007 showroom event. Specifically, the advertisement and invitation utilized design elements that Litwak had provided to me at our first meeting on February 2, 2007, including the use of the JENNIFER GUCCI name, the green-red-green stripe design, and, for the invitation, the repeating "JG" design. *See*, Pl. Tr. Exs. 29, 77.

3

DECLARED UNDER PENALTY OF PERJURY THIS 17 DAY OF JUNE, 2008

_____
Shane Springer