UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X
GUCCI AMERICA, INC.,

                Plaintiff,

-against-

JENNIFER GUCCI, JENCO DESIGNS, LLC,
JENNICOR, LLC, JENNY GUCCI COFFEE AND
GELATO COMPANY, INC., VERATEX, INC.,
COLLEZIONE DI CASA, INC., E.L. ERMAN-
DEAD SEA COSMETICS CORP., ELE BRANDS
ENTERPRISE, INC., GBN WATCH
COLLECTION, INC., GBN GLOBAL BUSINESS
NETWORK, EDWARD LITWAK d/b/a ED
LITWAK & ASSOCIATES, GEMMA GUCCI,
GEMMA GUCCI COFFEE AND GELATO
COMPANY, INC., ABC CORPORATIONS 1-10,
and JOHN DOES 1-10,

                Defendants.
———————————————————————X

Civil Action No. 07 CV 6820 (RMB)(JCF)

---

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF JENNIFER GUCCI**

---

HARRINGTON, OCKO & MONK, LLP
81 Main Street, Suite 215
White Plains, NY 10601
(914) 686-4800

*Attorneys for Defendants Jennifer Gucci, Jenny Gucci Coffee and Gelato Company, Inc., Edward Litwak d/b/a Ed Litwak & Associates, and Gemma Gucci*

Defendants, JENNIFER GUCCI, JENNY GUCCI COFFEE AND GELATO COMPANY, INC., EDWARD LITWAK d/b/a ED LITWAK & ASSOCIATES and GEMMA GUCCI (collectively "Defendants"), by and through their counsel, Harrington, Ocko & Monk, LLP, as and for their opposition to Plaintiff, GUCCI AMERICA, INC.'s ("Plaintiff" or "Gucci America") Motion *in Limine* to preclude Defendant JENNIFER GUCCI from testifying concerning an e-mail in this action, state as follows:

## PRELIMINARY STATEMENT

Gucci America, through its motion *in limine*, requests that the Court preclude Defendant Jennifer Gucci from testifying at trial concerning a February 27-28, 2007 e-mail exchange between herself and Avi Cohen, President of Veratex, Inc. ("Veratex"); Veratex is a Defendant in this action, but has apparently resolved Plaintiff's claims against it. Plaintiff's motion *in limine* also requests that the Court preclude Defendant Jennifer Gucci from offering any evidence or testimony which Gucci America asserts contradicts the supposed statement Ms. Gucci made in this e-mail exchange. Plaintiff makes this broad and excessive request based on the unsupported assertions that Jennifer Gucci "allowed" the e-mail at issue to be spoliated; a supposition unsupported by any affidavits or evidence provided by Plaintiff, and certainly no evidence from Jennifer Gucci or her internet service provider regarding when Ms. Gucci may have deleted the February 2007 e-mail exchange with Mr. Cohen, or about the length of time Ms. Gucci's internet service provider retains "deleted" e-mails on its servers.

Plaintiff Gucci America's overreaching request in its motion *in limine* is without basis, and should be denied. First, Jennifer Gucci had no duty or obligation to preserve the February 2007 e-mail exchange with Mr. Cohen when she apparently deleted it from her e-mail in-box at or about the date she read it in February 2007, as was her practice at the time. Plaintiff Gucci

1

America did not initiate this action until five (5) months after the e-mail exchange at issue took place, and Plaintiff did not even serve Jennifer Gucci with a copy of the Complaint or the Temporary Restraining Order until at the earliest late August, some six (6) months later.

Second, and more importantly, Plaintiff cannot show it suffered prejudice as a result of Jennifer Gucci apparently deleting this e-mail exchange with Mr. Cohen from her e-mail inbox in February 2007. Nor has or can Plaintiff even argue as much. The very e-mail in question has been <u>produced</u> in this litigation. Indeed, not only has the e-mail at issue been produced in this litigation, in time for the deposition of Mr. Cohen, Plaintiff deposed Jennifer Gucci about the <u>very</u> e-mail.

Plaintiff's opportunity to depose Mr. Cohen about the e-mail, and Plaintiff's deposition of Jennifer Gucci about the e-mail in question demonstrates conclusively that Plaintiff has suffered <u>no</u> prejudice due to Defendant Jennifer Gucci's inadvertent failure to retain the e-mail for months before the initiation of this litigation. Plaintiff's abject failure to demonstrate that Jennifer Gucci had an obligation to preserve the email at the time she apparently deleted it, and failure to demonstrate <u>any</u> prejudice incurred as a result of any inadvertent conduct by Defendant Jennifer Gucci is fatal to its exceedingly broad request. As a result, Plaintiff's motion *in limine* to preclude Defendant Jennifer Gucci from testifying about the February 27-28, 2007 e-mail exchange with Mr. Avi Cohen must be denied in its entirety.

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO DEMONSTRATE A PRECLUSIONARY ORDER IS WARRANTED OR APPROPRIATE.

Plaintiff requests an extremely broad preclusionary order from the Court alleging what essentially amounts to intentional spoliation by Defendant Jennifer Gucci regarding a February 27-28, 2007 e-mail exchange between Jennifer Gucci and Avi Cohen, President of Veratex, a

Defendant in this action. Plaintiff asserts, without supporting evidence, that Jennifer Gucci spoliated this e-mail when she failed to save it, or to produce the e-mail exchange in this litigation pursuant to the Court's August 20, 2007 Temporary Restraining Order and Order for Expedited Discovery. Plaintiff's untimely request for a broad and overreaching preclusionary order regarding the e-mail at issue, and testimony from Jennifer Gucci relating to the e-mail issue is without basis, and is unsupported by case law in the Second Circuit regarding spoliation.

Spoliation of evidence is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. *Klezmer v. Buynak*, 227 F.R.D. 43, 48 (E.D.N.Y. Jan. 21, 2005). Where a party contends that records have been destroyed, the party seeking sanctions must establish: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed, (2) that the records were destroyed with a culpable state of mind, and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Id.* The culpable state of mind factor is satisfied by showing that the evidence was destroyed knowingly or negligently; failures to produce evidence occur along a continuum of fault, ranging from innocence through degrees of negligence to intentionality. *Id.* at 49.

A district court has wide discretion in sanctioning a party from discovery abuses. *Id.* at 51. Sanctions should be designed to serve the prophylactic, punitive and remedial rationales underlying the spoliation doctrine. *Id.* The sanction should be designed to: (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party. *Id.* The court must

3

determine the appropriate sanction based on the relative fault of the party against whom sanctions are sought and the prejudice suffered by the party seeking the sanctions. Courts in the Second Circuit determine sanctions on a case-by-case basis. *Id.*

Furthermore, and more importantly, sanctions for alleged spoliation of evidence are inappropriate when a party chooses to delay the request for sanctions until the eve of trial. *Aniero Concrete Co., Inc. v. N.Y.C. Construction Authority*, 308 F.Supp.2d 164, 186 (S.D.N.Y. 2003). A party that makes a tactical decision to hold back bringing discovery issues to the court's attention until the eve of trial, and then argues about another party's failure to produce requested documents, should be precluded from benefiting from such a tactical litigation decision. *Id.* A preclusion sanction regarding evidence is also unwarranted where the requesting party fails to demonstrate <u>any</u> resulting prejudice from the alleged non-production of the evidence. *Id.* at 188. This is particularly true where the documentation was readily available from other sources, and the complaining party actually obtained the documents at issue from other sources. *Id.; L-3 Communications Corp. v. OSI Systems, Inc.*, 2006 WL: 988143, at *15 (S.D.N.Y. April 13, 2006).

### A. Plaintiff Has Failed to Show that Jennifer Gucci Had an Obligation or Duty to Preserve the E-mail at Issue at the Time it Was Apparently Deleted.

Plaintiff asserts in its motion *in limine* that a broad preclusionary order is warranted regarding Jennifer Gucci and her testimony about the February 27-28, 2007 e-mail exchange with Avi Cohen, President of Veratex, under the false premise that Jennifer Gucci had an obligation and/or duty to retain this e-mail for almost 6 months: (1) before Plaintiff filed this action on July 30, 2007, (2) before the Court issued an August 20, 2007 Temporary Restraining Order regarding discovery in this matter, and (3) before Defendant Jennifer Gucci was actually served with such documents. Plaintiff's argument that Jennifer Gucci had an obligation and/or

4

duty to retain this February 2007 e-mail exchange in perpetuity, from the date it was created and sent, to the date Plaintiff filed suit five (5) months later is without basis.

As Plaintiff admits in its memorandum of law, the e-mail communication that is the basis of its spoliation motion was exchanged between Jennifer Gucci and Avi Cohen, President of Veratex, on or about February 27-28, 2007. This e-mail exchange between Jennifer Gucci and Mr. Cohen predates the initiation of this litigation by Plaintiff by some 5 months; apparently Plaintiff filed its initial Complaint on July 30, 2007. Plaintiff has failed to introduce documents indicating when Jennifer Gucci was actually served with a copy of the Summons and Complaint or the August 20, 2007 Temporary Restraining Order. See attached hereto as Exhibit "A", a true and correct copy of the July 30, 2007 Summons in a Civil Action with Schedule A, purported service of Summons on various Defendants.

The August 20, 2007 Temporary Restraining Order and Order for Expedited Discovery on Consent indicates that Defendant Jennifer Gucci did not appear at the hearing regarding Gucci America's motion for expedited discovery held before Magistrate Judge James C. Francis on August 20, 2007. See attached hereto as Exhibit "B", a true and correct copy of the Temporary Restraining Order and Order for Expedited Discovery on Consent issued by Magistrate Judge Francis. In fact, the deposition testimony cited by Plaintiff indicates that Jennifer Gucci's counsel was not aware of Plaintiff's discovery demands, there was confusion about who was served with the demands, and apparently, Plaintiff may not have ensured that Jennifer Gucci or her counsel of record were served with such demands.

Plaintiff has provided no evidence to the Court as to when Defendant Jennifer Gucci was actually personally served with copies of either the Complaint or the Temporary Restraining Order; under Second Circuit case law, until Jennifer Gucci had reason to believe litigation would

5

ensue, or she had knowledge of the lawsuit and her discovery obligations in that lawsuit, she had no obligation or duty to preserve this e-mail. This is particularly true with respect to a layperson, like Jennifer Gucci, who has limited knowledge of discovery obligations and limited knowledge of computers. Thus, at the time Jennifer Gucci had her e-mail exchange on February 27-28, 2007 with Avi Cohen, she was under absolutely no obligation or duty to preserve this e-mail.

Moreover, as indicated in Ms. Gucci's October 25, 2007 Declaration, it was her practice at the time of the February 2007 e-mail exchange with Avi Cohen to read an e-mail, and then delete it. Declaration of Jennifer Gucci, dated October 25, 2007, at ¶7. Plaintiff has provided no evidence to the contrary. In fact, as Plaintiff admits, e-mails produced by Jennifer Gucci date from May of 2007, confirming that it was Jennifer Gucci's standard practice not to retain emails, but to delete e-mails at the time she read them.

Furthermore, any spoliation or loss of this particular e-mail from Ms. Jennifer Gucci's e-mail account did not occur as a result of conscious, deliberate actions by Ms. Gucci. Instead, the loss was the result of the e-mail retention policy of Ms. Gucci's internet service provider. Apparently, Jennifer Gucci's internet provider has a policy of deleting e-mails from its servers within months of the e-mail being deleted from the in-box of the recipient. Jennifer Gucci has no control over the e-mail retention policies of her internet service provider. Nor has Plaintiff shown that such retention policy did not exist at the time of the email, or that this retention policy of this internet service provider is anything other than the norm for internet service providers.

Thus, the ultimate deletion and/or loss of this particular e-mail exchange from the servers of the internet service provider for Jennifer Gucci was not due to deliberate, intentional actions by Ms. Gucci, but rather, due to the retention policy of her internet service provider; a business

entity which was also under no obligation or duty to permanently preserve this February 2007 e-mail exchange at the time it was made.

Moreover, Plaintiff has failed to provide any evidence to the Court that it attempted to obtain this e-mail from Jennifer Gucci's internet service provider, despite the fact that Plaintiff was aware of her e-mail address and that of Mr. Cohen by at least September 18, 2007; the date of Mr. Cohen's deposition in this matter. In fact, Plaintiff had this very e-mail exchange in its possession before Mr. Cohen's deposition on September 18, 2007, and purposefully chose not to question him about it. See annexed hereto as Exhibit "C", a true and correct copy of Plaintiff's Deposition Exhibit 69, with a printout date of September 13, 2007; Exhibit "D", a true and correct copy of Plaintiff's Deposition Exhibit 100, with a printout date of September 13, 2007.

Therefore, because Plaintiff has failed to demonstrate that Jennifer Gucci was under any obligation and/or duty to preserve the February 2007 e-mail exchange at issue at the time she deleted it from her e-mail account in February of 2007, Plaintiff has failed to demonstrate the factual predicate necessary for the granting of any spoliation sanction by this Court. As a result, Plaintiff's request to preclude Jennifer Gucci from testifying about the e-mail exchange at issue should be denied in its entirety.

**B.**     **Plaintiff Has Failed to Demonstrate It Has Suffered Any Undue Prejudice.**

Plaintiff requests that the Court issue a broad preclusionary order with regard to Jennifer Gucci testifying about her February 2007 e-mail exchange with Avi Cohen. Plaintiff asserts that its request for such an extreme remedy is appropriate under the circumstances. However, Plaintiff offers no evidence it has suffered any prejudice as a result of Jennifer Gucci's inadvertent conduct. In fact, Plaintiff does not even argue or assert in its motion it has suffered prejudice as a result of Jennifer Gucci's actions. Nor can it assert prejudice; the February 2007

e-mail exchange between Jennifer Gucci and Avi Cohen was <u>produced</u> in this litigation, and Plaintiff deposed Jennifer Gucci about this e-mail exchange.

As Plaintiff admits in its memorandum of law in support of its motion, the February 2007 e-mail exchange between Jennifer Gucci and Avi Cohen was produced in this litigation by Defendant Veratex in mid-September 2007. Plaintiff then deposed Jennifer Gucci about this very February 2007 e-mail exchange. Simply because Plaintiff does not like Jennifer Gucci's responses to Plaintiff's questions put to her about the February 2007 e-mail, this is not an adequate basis for the issuance of a broad preclusionary order.

Plaintiff's citations to the decisions in *West*, *W.R. Grace*, *Cronish* and *Turner* do not support its extremely broad request for the sanction of preclusion in this instance. In *West*, the plaintiff in that action sold the tire changing machine and air compressor that may have resulted in his injury, <u>after</u> discovery began, without prior notice to defendants, and without allowing defendants an opportunity to inspect that equipment. Although defendants in *West* eventually located the tire mounting machine and compressor, the equipment was not in the condition it had been at the time of the incident. The facts of *West* stand in stark contrast to the facts here, in which Plaintiff has the e-mail in question, and deposed Jennifer Gucci about that very e-mail.

In *W.R. Grace*, the court indicated that it was unable to determine the extent to which plaintiff could demonstrate any degree of actual prejudice, a criteria necessary to determine the proper sanction. Furthermore, the draft reports at issue in *Grace* were found to have been intentionally destroyed at the direction of counsel; a fact not present here or even alleged by Plaintiff. Thus, the facts in *W.R. Grace* are not similar to the facts of this case in which the e-mail at issue has been produced, and Jennifer Gucci has been questioned about that e-mail.

Likewise, the decision in *Kronish* also does not support the imposition of sanctions on Jennifer Gucci. In *Kronish*, there was evidence of an intentional destruction of documentation by defendants despite having a possible obligation to preserve and/or refrain from destroying that evidence. Such facts are not present here as Jennifer Gucci apparently deleted the issue some five (5) months before Plaintiff initiated this litigation, and six (6) months before a Temporary Restraining Order and/or discovery requests were in place, or served.

Finally, *Turner* is inapposite as the alleged destruction of evidence that took place in that action occurred <u>after</u> litigation had already begun. Thus, none of the cases cited by Plaintiff in its motion *in limine* to preclude Jennifer Gucci from testifying about the February 2007 e-mail exchange with Avi Cohen support its request for the preclusionary order Plaintiff requests.

## **CONCLUSION**

For the foregoing reasons, Defendant Jennifer Gucci should not be precluded from testifying at the time of trial concerning a February 27-28, 2007 e-mail exchange between herself and Avi Cohen, President of Veratex, Inc., and from offering any evidence or testimony which contradicts this supposed statement she made in this e-mail, and Plaintiff's motion *in limine* should be dismissed in its entirety.

Dated: White Plains, New York
       June 23, 2008

                Respectfully submitted,

                HARRINGTON, OCKO & MONK, LLP

                    s/ Kevin J. Harrington
            By: _____
                Kevin J. Harrington [KH-5027]
                John T.A. Rosenthal [JR-4819]
                *Attorneys for Defendants Jennifer Gucci,*
                *Jenny Gucci Coffee and Gelato Company,*
                *Inc., Edward Litwak d/b/a Ed Litwak &*
                *Associates, and Gemma Gucci*

                      81 Main Street, Suite 215
                      White Plains, NY 10601
                      (914) 686-4800