UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

GUCCI AMERICA, INC.,

                Plaintiff,

-against-

JENNIFER GUCCI, JENCO DESIGNS, LLC,
JENNICOR, LLC, JENNY GUCCI COFFEE AND
GELATO COMPANY, INC., EDWARD LITWAK
d/b/a ED LITWAK & ASSOCIATES, GEMMA
GUCCI, GEMMA GUCCI COFFEE AND GELATO
COMPANY, INC., ABC CORPORATIONS 1-10,
and JOHN DOES 1-10,

                Defendants.
---------------------------------------------------------------X

Civil Action No. 07 CV 6820
(RMB)(JCF)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*
TO PRECLUDE TESTIMONY OF TERILYN NOVAK AND JONATHAN MOSS**

HARRINGTON, OCKO & MONK, LLP
81 Main Street, Suite 215
White Plains, NY 10601
(914) 686-4800

*Attorneys for Defendants Jennifer Gucci,
Jenny Gucci Coffee and Gelato Company,
Inc., Edward Litwak d/b/a Ed Litwak &
Associates, and Gemma Gucci*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................................-ii-

PRELIMINARY STATEMENT ........................................................................... 1

ARGUMENT......................................................................................................... 2

I. PLAINTIFF'S VIOLATION OF FRCP 26(a)(2)(A) PRECLUDES THE TESTIMONY OF MOSS AND NOVAK ................................................................................ 2

    A. Plaintiff Failed to Disclose Mr. Moss or Ms. Novak as Experts in a Timely Manner. ................................................................................................. 3

    B. Mr. Moss and Ms. Novak Do Not Qualify as Experts Under FRE 702. ................. 5

    C. Mr. Moss and Ms. Novak Are Not Qualified to Testify As Lay Witnesses About Consumer Behavior or Studies Relating to Consumer Behavior............................ 7

CONCLUSION..................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Bacardi & Co., Ltd. v. New York Lighter Co,. Inc.*, 2000 WL 248915
E.D.N.Y. March 15, 2000) .................................................................................................. 5

*Bank of China v. NBM LLC*, 359 F.3d 171, (2nd Cir. 2004) ............................................. 8

*Barban v. Rheem Textile Systems, Inc.*, 2005 WL 387660 (E.D.N.Y. Feb. 11, 2005) ........ 5-6

*Coca-Cola Co. v. Overland, Inc.*, 692 F.2d 1250 (9th Cir. 1982) ...................................... 8

*Didzbaus v. Sheridan Trans. Co.*, 2002 WL 31619071 (S.D.N.Y. Nov. 19, 2002) .......... 3

*Freedom Wireless, Inc. v. Boston Communications Group, Inc.*, 369 F.Supp.2d 155
(D.Mass. 2005) .................................................................................................................... 8

*In re: Koplik & Sons, Inc.*, 382 B.R. 599 (Bankr. S.D.N.Y. 2008) ................................... 8

*Mason Tenders District Council v. Aurash Construction Corp.*, 2005 WL 2875333
(S.D.N.Y. Oct. 31, 2005) ..................................................................................................... 3

*Middle Market Financial Corp. v. D'Orazio*, 2002 WL 31108260,
(S.D.N.Y. Sept. 23, 2002) .................................................................................................... 3

*Morgan v. Gingis*, 2008 WL 2115250 (S.D.N.Y. May 16, 2008) ..................................... 5

*Quintanilla v. Komori America Corp.*, 2007 WL 1309539
(E.D.N.Y. May 4, 2007) ...................................................................................................... 5

*Shred-It USA, Inc. v. Confidential Shredding LLC*, 2005 WL 2290448
(E.D.N.Y. Sept. 20, 2005) ................................................................................................... 3

*U.S. v. Kaplan*, 490 F.3d 110 (2nd Cir. 2007) ................................................................... 8

*United States v. Rock*, 523 F.3d 1299 (11th Cir. 2008) ..................................................... 8

**Page**

**Rules**
Fed.R.Civ.P. 26 ............................................................................................................. 2-5
FRE 701 ................................................................................................................. 7, 8, 10
FRE 702 .............................................................................................................. 2, 3, 4, 5, 8
FRE 703 ...................................................................................................................... 3
FRE 705 ...................................................................................................................... 3

Defendants, JENNIFER GUCCI, JENNY GUCCI COFFEE AND GELATO COMPANY, INC., EDWARD LITWAK d/b/a ED LITWAK & ASSOCIATES and GEMMA GUCCI (collectively "Defendants"), by and through their counsel, Harrington, Ocko & Monk, LLP, as and for their motion *in limine* to preclude Terilyn Novak and Jonathan Moss from testifying as experts or lay witnesses about matters of which they are not qualified, or have no personal knowledge. In particular, Ms. Novak and Mr. Moss should be precluded from testifying about Plaintiff's Trial Exhibits 230 through 234, as well as testifying about Plaintiff, GUCCI AMERICA, INC.'s ("Plaintiff" or "Gucci") brand recognition with consumers, trademark recognition with consumers, consumer confusion as between the Gucci trademark and the names "Jennifer Gucci" and/or "Gemma Gucci", the sophistication of Gucci clients and/or customers, and whether Gucci clients and/or customers are likely to be deceived or confused by products or services bearing the names "Jennifer Gucci" and/or "Gemma Gucci".

## PRELIMINARY STATEMENT

Defendants, through this motion, request that this Court preclude Plaintiff from offering the testimony of Jonathan Moss, General Counsel for Plaintiff Gucci, and Terilyn Novak, eBusiness Director for Gucci. Having failed to hire an expert to conduct a proper consumer survey about the names and marks at issue in this litigation, Plaintiff is essentially attempting to have both of these witnesses testify as experts on brand recognition, consumer behavior, and the likelihood of confusion without having properly disclosed such expert testimony to Defendants prior to trial. Furthermore, Plaintiff has failed to provide evidence showing Mr. Moss or Ms. Novak have the requisite qualifications, background, training or expertise to proffer expert opinions about brand identification, consumer behavior, consumer sophistication, consumer surveys, the meaning or interpretation of such surveys, or the likelihood of consumer confusion.

Furthermore, the Court should preclude both Mr. Moss and Ms. Novak from testifying as lay witnesses regarding their opinions about consumer behavior, consumer sophistication, consumer brand recognition, consumer surveys, the interpretation of consumer surveys, or the likelihood of consumer confusion as between Plaintiff's trademarks and the names "Jennifer Gucci" and "Gemma Gucci". Neither individual personally participated in the consumer surveys, news reports, or consumer analysis upon which their proposed testimony is based. Furthermore, Plaintiff has proffered no basis to allow either Mr. Moss or Ms. Novak to offer lay testimony about consumer sophistication, consumer branding or the likelihood of confusion as between Gucci's trademark and the names "Jennifer Gucci and "Gemma Gucci" as neither have personal knowledge about consumer behavior relating to the facts of this case.

## ARGUMENT

### I. PLAINTIFF'S VIOLATION OF FRCP 26(a)(2)(A) PRECLUDES THE TESTIMONY OF MOSS AND NOVAK

Plaintiff has put forth as witnesses Jonathan Moss and Terilyn Novak to testify about the strength of the Gucci brand, the strength of the Gucci trademarks, consumer recognition of Gucci's trademarks, public opinion of Gucci merchandise, the sophistication of Gucci consumers, and the likelihood of consumer confusion as between certain Gucci's trademarks and the names "Jennifer Gucci" and "Gemma Gucci". The proposed opinion testimony of Mr. Moss and Ms. Novak about consumers, consumer behavior, consumer sophistication and brand recognition is based upon consumer studies and news reports which neither personally participated in, nor have any personal knowledge of. Plaintiff's attempt to have Mr. Moss and Ms. Novak propound what amounts to expert testimony violates the requirements of Fed.R.Civ.P. 26(a)(2) and FRE 702; neither Mr. Moss nor Ms. Novak was disclosed to Defendants as an expert in a timely manner, and neither is qualified to testify as an expert about

2

consumer behavior, brand recognition, consumer sophistication, or likelihood consumer confusion. The Court should preclude both Mr. Moss and Ms. Novak from testifying in this case.

### A. Plaintiff Failed to Disclose Mr. Moss or Ms. Novak as Experts in a Timely Manner.

Pursuant to the dictates of Federal Rule of Civil Procedure 26(a)(2)(A), a party is required to disclose to other parties the identity of any person who may be called at trial to present evidence as an expert under FRE 702, 703 or 705. Fed.R.Civ.P. 26 (a)(2)(A); *Mason Tenders District Council v. Aurash Construction Corp.*, 2005 WL 2875333, at *3 (S.D.N.Y. Oct. 31, 2005); *Shred-It USA, Inc. v. Confidential Shredding LLC*, 2005 WL 2290448, at *2 (E.D.N.Y. Sept. 20, 2005). Expert disclosures are required to be made at least ninety (90) days before the trial date, or the date the case is deemed to be ready for trial. Fed.R.Civ.P. 26(a)(2)(C); *Middle Market Financial Corp. v. D'Orazio*, 2002 WL 31108260, at *4 (S.D.N.Y. Sept. 23, 2002); *Didzbaus v. Sheridan Trans. Co.*, 2002 WL 31619071, at *1 (S.D.N.Y. Nov. 19, 2002). Failure to disclose a testifying expert in a timely manner requires preclusion of that expert. *Id.*

Plaintiff's witnesses, Jonathan Moss and Terilyn Novak, are now being offered by Plaintiff on the eve of trial as what amounts to experts to testify with regard to the following: (1) the strength of Gucci's various trademarks, (2) consumer recognition of Gucci's trademarks, (3) consumer behavior with respect to Gucci's trademarks, (4) consumer surveys and reports conducted by entities other than Gucci with respect to Gucci's trademarks, (5) consumer sophistication with respect to Gucci's trademarks, and (6) the likelihood of confusion with respect to Gucci's trademarks and the names "Jennifer Gucci" and "Gemma Gucci". All of these opinions proffered by Mr. Moss and Ms. Novak are based upon studies or data conducted or

3

collected by the Nielson Company, Interbrand or Business Week; the studies and/or articles apparently involve consumer surveys or studies which were not commissioned, conducted, directed, reviewed or analyzed by either Mr. Moss or Ms. Novak as part of their duties and responsibilities at Gucci. See Moss Witness Statement, at ¶¶9, 11, 15-18, 21; Novak Witness Statement, at ¶¶3-5. In fact, Ms. Novak admits in her Witness Statement she has personally "not done any special studies or market research to support [her] conclusions" made in her witness statement. Novak, at ¶11.

The opinion testimony of Mr. Moss and Ms. Novak regarding consumer surveys, or reports relating to consumer behavior, consumer attitudes and consumer conduct concerning Gucci marks and merchandise, is based upon surveys and reports they did not commission or conduct, and they did not personally participate in. The opinions of Mr. Moss and Ms. Novak therefore fall within the purview of expert testimony. As such, Plaintiff was required to disclose the names of Mr. Moss and Ms. Novak as experts at least ninety (90) days before the trial of this matter, or at a minimum, during the numerous conferences with the Court attended by Plaintiff's counsel and counsel for the other parties. Plaintiff made no such disclosures.

Pursuant to Federal Rule of Civil Procedure 26(a)(2), Plaintiff's failure to timely disclose the expert testimony of Mr. Moss and Ms. Novak precludes Plaintiff from offering the expert testimony of either Mr. Moss or Ms. Novak about consumer behavior, consumer recognition, consumer sophistication, consumer studies, or the likelihood of consumer confusion concerning Gucci's trademarks and merchandise, and particularly expert opinions regarding the likelihood of consumer confusion as between Gucci's trademarks and the names "Jennifer Gucci" and "Gemma Gucci".

### B. Mr. Moss and Ms. Novak Do Not Qualify as Experts Under FRE 702.

Even if Plaintiff had provided timely disclosure to Defendants of Mr. Moss and Ms. Novak as experts under Rule 26(a)(2), which it did not, neither Mr. Moss nor Ms. Novak is qualified to testify as an expert about the strength of the Gucci brand, the strength of the Gucci trademarks, consumer sophistication, consumer surveys, interpretation of consumer surveys, or likelihood of consumer confusion; neither has the requisite scientific knowledge, background or expertise to opine on those areas, and Plaintiff has failed to make the requisite showing that either Mr. Moss or Ms. Novak is qualified as an expert in trademarks, branding or consumer behavior.

Pursuant to FRE 702, expert testimony is testimony of an individual that has scientific, technical or other specialized knowledge which will assist a trier of fact to understand the evidence or to determine a fact in issue. FRE 702. An expert witness is classified as "a witness qualified as an expert by knowledge, skill, experience, training, or education [and] may testify thereto in the form of an opinion or otherwise". FRE 702. Simply because an individual has exposure and training in one area, does not qualify his/her as an expert in another field, even if the field is somewhat related. *Morgan v. Gingis*, 2008 WL 2115250, at *5 (S.D.N.Y. May 16, 2008).

The burden of establishing the admissibility of the proffered expert testimony weighs on the proponent of that testimony. *Quintanilla v. Komori America Corp.*, 2007 WL 1309539, at *3 (E.D.N.Y. May 4, 2007). When an individual lacks the requisite qualifications and knowledge authorizing him to testify as an expert witness, a court should preclude that individual from testifying as an expert. *Id.*; *Barban v. Rheem Textile Systems, Inc.*, 2005 WL 387660, at *3

(E.D.N.Y. Feb. 11, 2005). In trademark matters, an expert's testimony about the likelihood of consumer confusion based upon survey evidence is usually at the heart of the dispute. *Bacardi & Co., Ltd. v. New York Lighter Co,. Inc.*, 2000 WL 248915, at *1 (E.D.N.Y. March 15, 2000).

      Plaintiff's attempt to introduce and elicit expert testimony from Mr. Moss and Ms. Novak under the guise that these individuals are merely lay witnesses testifying about their own perceptions. The fallacy of this argument is made clear by the very documents referenced by the two witnesses in their witness statements, as well as the opinions and conclusion Mr. Moss and Mrs. Novak offer about consumer behavior based on those documents. Mr. Moss and Ms. Novak have asserted opinions and conclusions about Gucci's trademark recognition, consumer behavior and likelihood of consumer confusion based on consumer studies/reports contained in Business Week, Nielson Company and those of Interbrand Corp., as well as periodicals and advertising materials, among other things. Mr. Moss and Ms. Novak also opine about how they believe consumers of Gucci products would be confused or deceived by the names "Jennifer Gucci" and "Gemma Gucci", based upon Mr. Moss' and Ms. Novak's past interactions with consumers who have apparently never viewed either of the names at issue in this litigation, or compared such names with Gucci trademarks in a consumer survey.

      The statements of each of these witnesses, as well as the documents upon which their testimony, conclusions and opinions are based, indicate that their testimony, far from being lay opinion, is really expert opinion. The opinions and conclusions of Mr. Moss and Ms. Novak are based upon the reports and studies of others, not on their own studies. The opinions offered by Mr. Moss and Ms. Novak about the strength of the Gucci trademarks, the behavior of Gucci consumers, the effectiveness of various marketing materials, the fame of Gucci's trademarks, and the likelihood of confusion regarding the names "Jennifer Gucci" and "Gemma Gucci" are

based on their subjective analyses of how unidentified consumers might react to the names based on the supposed strength of Gucci's trademarks and the supposed practices and characteristics of these unidentified consumers.

Yet, Plaintiff has offered no evidence that either Mr. Moss or Ms. Novak is qualified to offer expert opinions about the import of the consumer studies and surveys they reference, or how such studies should be applied to a group of unidentified, untested, unsurveyed consumers. There is nothing in the Witness Statements of either Mr. Moss or Ms. Novak that indicates they have any education, background or expertise in (1) conducting consumer surveys about branding, trademark recognition, consumer confusion, (2) the interpretation of consumer surveys regarding such issues, or (3) using or applying consumer studies or reports to evaluate the likelihood of consumer confusion regarding a given set of marks. There is nothing in the Witness Statements to suggest that either Mr. Moss or Ms. Novak has the requisite qualifications, expertise, education or background to be able to extrapolate conclusions and opinions about possible consumers in the future based upon consumer behavior in the past. Because Plaintiff has failed to establish that either Mr. Moss or Ms. Novak has the requisite skills, background, knowledge or expertise to give opinions about brand strength, trademark strength, consumer behavior or consumer studies or the applicability of such consumer studies to a given set of facts, the Court should preclude both from giving testimony in this matter.

C. **Mr. Moss and Ms. Novak Are Not Qualified to Testify As Lay Witnesses About Consumer Behavior or Studies Relating to Consumer Behavior.**

Plaintiff has put forth Mr. Moss and Ms. Novak to testify about consumer behavior and attitudes about Gucci products, the brand strength of Gucci's products and trademarks, and the likelihood of consumer confusion. None of this proposed testimony is based upon their personal knowledge, and they should be precluded from testifying under FRE 701.

7

Unlike expert witnesses, witnesses not testifying as experts can only testify in the form of opinions or inferences if those opinions or inferences are "(a) rationally based on the perception of the witness, (b) helpful to the clear understanding of the witness' testimony or determination of a fact in issue", and not based on scientific, technical or other specialized knowledge. FRE 701.

Subsection (c) of Rule 701 explicitly bars the admission of lay opinions that are based upon scientific or specialized knowledge. *Id.* The Advisory Committee Notes to the amendment to Rule 701(c) explains that the rule was enacted to eliminate the risk that the reliability requirements set forth in Rule 702 would be evaded through the simple expedient of proffering an expert in lay witness clothing. *Bank of China v. NBM LLC*, 359 F.3d 171, 181 (2nd Cir. 2004). Under the dictates of Rule 701, a lay witness will not be allowed to offer testimony that is not the product of his own investigation or personal knowledge, but rather, reflects specialized knowledge obtained through experience, but not relating to the specific facts of the case at hand. *Id.*; *Freedom Wireless, Inc. v. Boston Communications Group, Inc.*, 369 F.Supp.2d 155, 157 (D.Mass. 2005); *United States v. Rock*, 523 F.3d 1299, 1303 (11th Cir. 2008); *In re: Koplik & Sons, Inc.*, 382 B.R. 599, 601 (Bankr. S.D.N.Y. 2008); *U.S. v. Kaplan*, 490 F.3d 110, 118 (2nd Cir. 2007). In particular, under Rule 701, employees of a company cannot offer evidence in trademark actions, speculating about what their customers are thinking regarding a certain mark, or the motivations for their customers' behavior regarding a mark. *Coca-Cola Co. v. Overland, Inc.*, 692 F.2d 1250, 1255 (9th Cir. 1982).

In the instance, Plaintiff is attempting to violate Rule 701 by having lay witnesses Moss and Novak testify about issues based on scientific, technical or specialized knowledge, but not their personal knowledge. First, neither Mr. Moss nor Ms. Novak has personal knowledge of the

reports or surveys about consumer behavior regarding Gucci's brand recognition, trademark strength, or likelihood of consumer confusion referenced in their Witness Statements; neither Mr. Moss nor Ms. Novak took part in designing, developing, implementing, collecting, analyzing or examining the Business Week reports, the Interbrand studies, nor the Nielson Company studies and reports upon which their opinions are based.

Second, and just as importantly, Mr. Moss makes no mention of any consumer studies regarding Gucci's trademarks and consumer behavior that he personally participated in; and Ms. Novak admits that she has not participated in a single study regarding consumers, and the marks and names at issue in this case. Indeed, Mr. Moss and Ms. Novak's opinions and assumptions contained in their Witness Statements are based upon nothing more than unsolicited media coverage of others, Gucci ads, a book published by Gucci, Business Week reports, Interbrand reports and Nielson reports, none of which apparently Mr. Moss or Ms. Novak were involved in creating, publishing and/or evaluating.

Third, none of the reports, studies or materials relied on by Mr. Moss and Ms. Novak in their Witness Statements relate to consumer behavior with respect to Gucci's trademarks at issue in this action, and the names "Jennifer Gucci" and "Gemma Gucci", or the likelihood that consumers would be confused and/or deceived as between Gucci's trademarks and the names "Jennifer Gucci" and "Gemma Gucci". Instead, both Mr. Moss and Ms. Novak apparently rely on their past experiences with unidentified Gucci consumers, in unidentified or defined situations, regarding unidentified Gucci merchandise, to conclude that such consumers would be likely to be deceived or confused by the names "Jennifer Gucci" and "Gemma Gucci".

As Mr. Moss and Ms. Novak's testimony is not based on their personal knowledge of facts in this case, nor did they participate personally in the studies, reports, and materials

referenced in their Witness Statements, their testimony must be deemed as based on specialized knowledge of certain Gucci clients and consumers and their alleged behavior patterns. As such, this testimony is inadmissible under FRE 701(c). The Court should preclude Mr. Moss and Ms. Novak from offering improper lay witness testimony in this action under FRE 701.

## CONCLUSION

For the foregoing reasons, Defendants' motion *in limine* should be granted in its entirety, and Terilyn Novak and Jonathan Moss should be precluded from testifying about matters of which they have no personal knowledge.

Dated: White Plains, New York
       June 24, 2008

                              Respectfully submitted,

                              HARRINGTON, OCKO & MONK, LLP

By:    s/ Kevin J. Harrington
           _____
           Kevin J. Harrington [KH-5027]
           John T.A. Rosenthal [JR-4819]
           *Attorneys for Defendants Jennifer Gucci,*
           *Jenny Gucci Coffee and Gelato Company,*
           *Inc., Edward Litwak d/b/a Ed Litwak &*
           *Associates, and Gemma Gucci*
           81 Main Street, Suite 215
           White Plains, NY 10601
           (914) 686-4800