Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

GUCCI AMERICA, INC.,

             Plaintiff,

- against -

JENNIFER GUCCI, JENCO DESIGNS, LLC,
JENNICOR, LLC, JENNY GUCCI COFFEE
AND GELATO COMPANY, INC., EDWARD
LITWAK d/b/a ED LITWAK & ASSOCIATES,
GEMMA GUCCI, GEMMA GUCCI COFFEE
AND GELATO COMPANY, INC., ABC
CORPORATIONS 1-10, and JOHN DOES 1-10,

             Defendants.

------------------------------------------------------------ x

Civil Action No. 07 Civ. 6820 (RMB)

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF DEFENDANT JENNIFER GUCCI CONCERNING SPOLIATED EVIDENCE**

**PRELIMINARY STATEMENT**

Plaintiff, Gucci America, Inc. ("Gucci America"), respectfully submits this reply memorandum of law in further support of its motion *in limine* to preclude testimony of defendant Jennifer Gucci ("Jennifer Gucci" or "Defendant") concerning spoliated evidence.

**ARGUMENT**

**I.   THERE IS NO QUESTION THAT JENNIFER GUCCI KNEW OF THIS LAWSUIT AND THE ORDER FOR EXPEDITED DISCOVERY**

In responding to Gucci America's motion *in limine*, Defendants make the incredible claim that Gucci America has "provided no evidence to the Court as to when Defendant Jennifer Gucci was actually personally served with copies of either the Complaint or the Temporary Restraining Order." Def. Opp. Br. At 5. While Gucci America understands that Defendants' present counsel is the third attorney that has represented Jennifer Gucci in this litigation, Gucci America would have expected that present counsel would at least have become familiar with the basic facts concerning how this litigation was commenced and how the original Temporary Restraining Order and Order for Expedited Discovery arose.

Gucci America first put Veratex on notice that its actions were considered infringing on July 2, 2008. In response, on July 23, 2007, counsel for Veratex provided Gucci America with a letter from Jennifer Gucci, herself, in which she claimed that she working with Collezione di Casa on a line of bedding. *See* Ex. A, attached hereto. Thereafter, when Gucci America filed its complaint and submitted its Order to Show Cause in this action, which contained the discovery requests that would eventually be incorporated into the Temporary Restraining Order and Order for Expedited Discovery entered by the Court on August 20, 2007 (the "August 20, 2007 Order"), it sent copies of those papers to Jennifer Gucci and her agent and co-defendant, Edward Litwak, on July 30, 2007. *See* Ex. B. attached hereto.

1

Moreover, while Jennifer Gucci did not appear at the August 3, 2007 hearing on Gucci America's Order to Show Cause, she was represented by Martin Simone, Esq., her California counsel, during the *negotiation* of the August 20, 2007 Order for expedited discovery. Indeed, on an August 8, 2007 conference call with Magistrate Judge Francis, during which the content of the August 20, 2007 Order was discussed, Mr. Simone appeared on behalf of Jennifer Gucci and Edward Litwak. Thereafter, between August 9, 2007 and August 30, 2007, Mr. Simone and attorneys for Gucci America exchanged numerous emails regarding Gucci America's document requests. *See* Ex. C, attached hereto.

As is perfectly clear from the attached correspondence, Mr. Simone, Jennifer Gucci's representative, was at all times aware of the discovery requests at issue. Specifically, on August 13, 2007, Mr. Simone wrote, "I have read and reviewed the latest revised version of the TRO. I consent to your submitting it to Judge Francis for signature without further comments or changes from the Jennifer Gucci defendants." Mr. Simone further indicated, in his August 30, 2007 email, that he is "intend[s] to continue to represent the J. Gucci Defendants in this matter" and that he is "authorized to accept service for all the J. Gucci Defendants." Clearly, then, Jennifer Gucci had knowledge of the potential lawsuit as early as July 2, 2007; was aware of Gucci America's discovery demands as early as July 30, 2007, when copies of the demands were sent to her and Mr. Litwak, and was aware of the entry of the August 20, 2007 Order as her attorney was involved in its preparation and ultimately agreed to its submission to the Court.

Accordingly, there was no excuse for Jennifer Gucci's failure to look for or produce documents responsive to Gucci's requests. Moreover, Jennifer Gucci herself admitted in her testimony and Court-ordered declaration that the e-mail at issue could have been preserved at the time Gucci America filed its suit. Specifically, Jennifer Gucci stated that her Internet service provider has a policy of deleting e-mails from its servers within six months of the e-mail being

2

deleted from the in-box of the recipient. Had Jennifer Gucci contacted her Internet service provider on the date, or month, that Gucci America filed its suit, the e-mail would not have been destroyed. Nothing in Defendant's Opposition states otherwise. Instead, Defendant relies on misleading and deceptive statements to get around her constructive knowledge of her duties and is yet another example of Jennifer Gucci's disregard for this Court's orders. Indeed, over the past year, Gucci America has spent thousands upon thousands of dollars just to get Jennifer Gucci to comply with various Court orders and the fact that Defendants have the audacity to submit to this Court that Jennifer Gucci had no prior knowledge whatsoever of her obligations as a party to a lawsuit with respect to extremely relevant documentation shows the level of complete disrespect for this Court.

## II.  JENNIFER GUCCI'S TRIAL WITNESS STATEMENT DEMONSTRATES THE PREJUDICE TO GUCCI AMERICA

With respect to the issue of prejudice, the Court need look no further that Jennifer Gucci's witness statement to recognize why a preclusion order is warranted here. In her witness statement, Jennifer Gucci states, "In or about June 2007, Veratex personnel provided me with samples of possible packaging for the bedding line of products that would be sold under my name." J. Gucci Decl., ¶ 30. Jennifer Gucci then goes on to state that upon reviewing the packaging designs, she expressed her concern to Mr. Litwak and Veratex that the packaging did not comply with the *Paolo Gucci* decision. *Id.*

Thus, just as Gucci America suspected she would, Jennifer Gucci is attempting to claim that the first time she saw the packaging for the JENNIFER GUCCI bedding line was in June 2007. The email at issue, and more importantly the attachment thereto, which Jennifer Gucci received in February 2007, clearly demonstrates otherwise. Indeed, in her response to the email with the attached packaging design, Jennifer Gucci comments, "Great looking package," and the

3

only "concern" she expresses is why the packaging uses the name "JENNIFER" as opposed to "JENNY." *See* Pl. Tr. Ex. 95. The attachment now being destroyed, however, Jennifer Gucci is apparently attempting to claim that she knew nothing of the packaging design until June 2007 and attempted to explain away the February 2007 email during her deposition by claiming that the attachment "didn't come out very well on the email at all." *See* Jennifer Gucci Dep. Tr. 146:2-18.

Defendant's argument that Gucci America has not suffered prejudice because the e-mail in question has been produced misses the point entirely. Jennifer Gucci's testimony puts at issue the *attachment* to the February 2007 e-mail, not the text of the e-mail itself. Similarly, Defendant's argument that Gucci America was able to depose Jennifer Gucci and simply "does not like Jennifer Gucci's responses" also misses the point. Jennifer Gucci deposition testimony, and her recently submitted trial witness statement, clearly attempt to mislead this Court into believing that she first saw the packaging design for the JENNIFER GUCCI products in June 2007 and that she immediately expressed her concerns about the packaging. Her testimony on this point, however, completely ignores the fact that she apparently received an example of the JENNIFER GUCCI product packaging in February 2007, and expressed none of the concerns she now claims she had in June 2007. With the February 2007 attachment having conveniently gone missing, Gucci America has no way of verifying Jennifer Gucci's testimony.

Even in the absence of the deleted attachment, Jennifer Gucci's position is preposterous, after she has spoliated evidence and forced Gucci America to obtain three separate discovery orders undermines the entire purpose of the federal discovery rules and to allow her to testify with complete disregard for the e-mail attachment she received in February 2007, and which should have been produced in response to the Order for Expedited Discovery, will plainly cause Gucci America prejudice.

4

### III. THE DELETED ATTACHMENT IS SPOLIATED EVIDENCE

As is made clear by the foregoing, Gucci America has satisfied the requirements for seeking sanctions relating to the spoliation of evidence, namely, that (1) Jennifer Gucci had an obligation to preserve the e-mail attachment pursuant to her awareness of the potential lawsuit by Gucci America, or her awareness of the actual August 20, 2007 Order for Expedited Discovery, at the time the e-mail attachment was deleted; (2) that Jennifer Gucci's failure to undertake any efforts to search for or produce any documents responsive to Gucci America's documents requests incorporated into the August 20, 2007 Order reflects her culpable state of mind; and (3) that the deleted e-mail attachment, which would show when Jennifer Gucci first saw the packaging design for the JENNIFER GUCCI products, is plainly relevant to Gucci America's claim that Jennifer Gucci approved the willful infringement of Gucci America's trademarks. *See Klezmer v. Buynak*, 227 F.R.D. 43, 48 (E.D.N.Y. Jan. 21, 2005). Accordingly, this Court should preclude Ms. Gucci from testifying at trial concerning a February 27-28, 2007 e-mail exchange between herself and Avi Cohen, and, in particular, from offering any evidence or testimony which contradicts her clear statement in the email that the sample JENNIFER GUCCI packaging design she was shown in February 2007, the packaging design which contains blatant infringements of Gucci America's famous marks, "looked great". *See* Pl. Tr. Ex. 95.

5

## CONCLUSION

For the foregoing reasons, Gucci America respectfully requests that its motion *in limine* to preclude any testimony concerning the spoliated evidence be granted in its entirety.

Dated:  New York, New York
        June 26, 2008

                                        Respectfully submitted,

                                        ARNOLD & PORTER LLP

By: _____
       Louis S. Ederer (LE 7574)
       John Maltbie (JM 3658)
       399 Park Avenue
       New York, New York 10022
       (212) 715-1000

       *Attorneys for Plaintiff Gucci America, Inc.*