Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

| | |
|---|---|
| GUCCI AMERICA, INC., | Civil Action No. 07 Civ. 6820 (RMB) |
| Plaintiff, | |
| - against - | **PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE ANY EVIDENCE CONCERNING A FOREIGN COURT JUDGMENT/ SETTLEMENT** |
| JENNIFER GUCCI, JENCO DESIGNS, LLC, JENNICOR, LLC, JENNY GUCCI COFFEE AND GELATO COMPANY, INC., EDWARD LITWAK d/b/a ED LITWAK & ASSOCIATES, GEMMA GUCCI, GEMMA GUCCI COFFEE AND GELATO COMPANY, INC., ABC CORPORATIONS 1-10, and JOHN DOES 1-10, | |
| Defendants. | |

------------------------------------------------------------- x

## **PRELIMINARY STATEMENT**

Plaintiff, Gucci America, Inc. ("Gucci America"), respectfully submits this reply memorandum of law in further support of its motion *in limine* to preclude defendants Jennifer Gucci, Gemma Gucci and Edward Litwak, d/b/a/ Ed Litwak and Associates, (collectively "Defendants") from introducing into evidence at trial an April 19, 2000 German court judgment/settlement, in a trademark action between the German company Flitsch & Bedayan GmbH and Guccio Gucci S.p.A of Italy, neither of which are parties to the instant action, concerning Flitsch & Bedayan's right to use the name GEMMA GUCCI in Germany in connection with the sale of jewelry products (the "German Order").

## **ARGUMENT**

Defendants appear to concede in their Opposition to Plaintiff's Motion *In Limine* to Preclude German Court Judgment/Settlement ("Opposition") that the German Order, issued in a case not involved Gucci America, but rather the Italian company Guccio Gucci S.p.A. ("Guccio Gucci"), owner of the GUCCI trademarks in Europe, cannot be introduced into evidence for the purpose of showing that a party that has been granted (or denied) the right to use an allegedly infringing trademark in a trademark infringement case in a foreign country therefore has the same right in the United States. Indeed, *Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.*, 175 F.3d 266 (2nd Cir. 1999) specifically states that a foreign decision can *only* be admissible in a trademark case if the decision is "competent evidence of a relevant fact" other than that a litigant has been granted or denied rights with respect to the use of the mark in a foreign country. *Id.* at 273. For example, in *Otokoyama*, the Second Circuit allowed a Japanese judgment into evidence to prove that the term "otokoyama" in Japanese refers to a type or class of sake, and therefore is

1

unprotectable as a trademark. *Id.*[1] However, for the reasons stated below, Defendants have failed to show any possible alternative purpose for introducing the German Order other than to prove they have the right to use the names JENNIFER GUCCI and GEMMA GUCCI in the United States based on the rights granted to them in the German litigation.

I.  **THE GERMAN ORDER IS IRRELEVANT TO DEFENDANTS' STATE OF MIND WITH RESPECT TO DEFENDANTS' USE OF THE GUCCI MARK**

In the Opposition, Defendants state, for the first time ever in this case, that they intend to introduce the German Order to support their argument that they acted in good faith when they promoted, marketed and sold products in violation of the Lanham Act and therefore that Gucci America is not entitled to attorney's fees. According to Defendants, they relied in good faith on a foreign court judgment, concededly limited by territory to Germany, between two parties who are not involved in this case, and therefore Gucci America would not be entitled to attorney's fees under 15 U.S.C. § 1117(a)(3). However, not one of the cases cited by Defendants stands for the proposition that reliance on a *foreign* order, between parties uninvolved in a current dispute, is evidence of good faith and reasonable reliance under the Lanham Act.

Not only that, but Defendants are making up stories here. In Defendants' Proposed Findings of Fact and Conclusions of Law, filed on June 17, 2008, Defendants allege, in support of their good faith argument, that they relied on Judge Conner's decision in the 1988 *Paolo Gucci* litigation. *See* Defendants' Proposed Findings of Fact and Conclusions of Law, ¶ 92. Not once in this section of their Proposed Conclusions, do Defendants indicate that they relied on the German Order as a good faith basis for their actions. Accordingly, Defendants newly-minted

---

[1] Similarly, in another case Defendants cite, *George W. Luft Co. v. Zande Cosmetic Co.*, 142 F.2d 536 (2nd Cir. 1944), the Second Circuit allowed a foreign judgment into evidence to prove that defendants lawfully had the right to use the trademark in the foreign country which granted registration.

2

claim that they relied on the German Order in licensing the use of their names, is nothing more than a disingenuous attempt to get around Gucci America's motion *in limine*.

## II. THE GERMAN ORDER IS NOT RELEVANT TO PLAINTIFF'S JUDICIAL ESTOPPEL, ACQUIESCENCE AND EQUITABLE ESTOPPEL CLAIMS

Defendants further assert that the German Order is relevant to their defenses of estoppel and acquiescence. Here too, however, Defendants' argument is flawed as nowhere do they explain why Gucci America should be bound by a settlement order in a case it had nothing to do with. Defendants' sole case citation supporting its argument that estoppel can bind Gucci America, *The Christopher D. Smith Foundation v. St. Luke's-Roosevelt Hospital Center*, 2003 WL 115234 (S.D.N.Y. Jan 13. 2003), is completely inapplicable. In that case, the plaintiff was collaterally estopped from bringing a claim that a license agreement had been breached, when plaintiff's own representative had already brought that same breach of license claim and lost. The court found that the *same person*, represented by the *same counsel*, had instigated both suits. Specifically, the Court held that "[t]he presence of the same counsel in both lawsuits is a strong indication that the interests represented therein are identical." 2003 WL 115234 at *4 (S.D.N.Y. Jan. 13, 2003).

*Christopher Smith* cites to an earlier Second Circuit case, *Conte v. Justice*, 996 F.2d 1398 (2d Cir. 1993) for the principle that under New York law, "estoppel binds not only the actual parties to a lawsuit, but also their privies." *Conte*, however, goes further and indicates more clearly why Gucci America should not be bound by the German Order entered into by Guccio Gucci of Italy. In *Conte*, , the Second Circuit found that "privity has been held to include those who, although not actual parties, exercise *practical control* over an action." 996 F.2d at 1402 (emphasis added). For example, the Second Circuit found that "the appearance of the same attorney in both actions creates the impression that the interests represented are identical." *Id.*

3

The Court further held, however, that "just as mutuality of attorneys bolsters a finding of control, the lack thereof dissuades us from such a finding." *Id.* at 1403.

Here, as the Court can see from the accompanying declaration of Dr. Detlef von Schultz, the German attorney who represented Guccio Gucci in the German proceeding, Gucci America was not only not a party to the litigation resulting in the German Order, but Gucci America's counsel in this action was not involved in that proceeding, nor did Gucci America have any involvement in that case. Accordingly, Gucci America is not bound by the German Order and it is completely irrelevant to Defendants' estoppel argument and should be precluded.

Similarly, the German Order has no bearing on Defendants' acquiescence argument. Nothing in the German Order can be read as Gucci America's consent, either express or implied, to Defendants' use of the names JENNIFER GUCCI or GEMMA GUCCI on products they promote, market and/or sell in the United States. As stated above, Gucci America was not involved in German action, nor was Gucci America's counsel. Therefore, for the same reason, the German Order has no bearing on Defendants' acquiescence argument and should be excluded from evidence.

Finally, there is no evidence that the Defendants' purported reliance on the German Order prejudiced them in any way. Once again, however, Defendants make up stories. Their claims that "[d]uring that 7-year period [2000-2007], Defendants, in good faith, sold marketed and/or promoted products pursuant to the requirement of the German Court Judgment/Settlement, with the full knowledge of such conduct by Gucci, and with the reasonable belief that this conduct was okay" (Def. Opp. Br., p. 7), is belied by the sworn deposition testimony of Jennifer Gucci and Gemma Gucci. Jennifer Gucci, for example, testified that she could not recall any product being sold under the JENNIFER GUCCI name in the United States since 2001. J. Gucci Dep. Tr. 96:8-13, 62:17-63:14. Similarly, Gemma Gucci testified that she was not aware of any

4

products ever being sold under the GEMMA GUCCI name in the United States. G. Gucci Dep. Tr. 175:9-21. Without evidence that the Defendants actually relied on the German Order in selling products, there can be no proof that Defendants were prejudiced. Accordingly, the German Order fails to provide any support for the their defenses of estoppel and acquiescence and should be excluded from evidence.

## CONCLUSION

For the foregoing reasons, Gucci America respectfully requests that its motion *in limine* to preclude any evidence concerning the German Order be granted in its entirety.

Dated: New York, New York
June 26, 2008

                                          Respectfully submitted,
                                          ARNOLD & PORTER LLP

By: _____
            Louis S. Ederer (LE 7574)
            John Maltbie (JM 3658)
            399 Park Avenue
            New York, New York 10022
            (212) 715-1000

            *Attorneys for Plaintiff Gucci America, Inc.*