UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

GUCCI AMERICA, INC.,

                Plaintiff,

     - against -

JENNIFER GUCCI, JENCO DESIGNS, LLC, JENNICOR, LLC, JENNY GUCCI COFFEE AND GELATO COMPANY, INC., VERATEX, INC., COLLEZIONE DI CASA, INC., E.L. ERMAN - DEAD SEA COSMETICS CORP., ELE BRANDS ENTERPRISE, INC., GBN WATCH COLLECTION, INC., GBN GLOBAL BUSINESS NETWORK, EDWARD LITWAK d/b/a ED LITWAK & ASSOCIATES, GEMMA GUCCI, GEMMA GUCCI COFFEE AND GELATO COMPANY, INC., ABC CORPORATIONS 1-10, and JOHN DOES 1-10,

                Defendants.

Civil Action No.
07 cv 6820 (RMB) (JCF)

------------------------------------------------------------------ x

## DECLARATION OF DETLEF VON SCHULTZ

Detlef von Schultz declares as follows under penalty of perjury:

1. I am an attorney in Hamburg, Germany. I am admitted to practice before the German courts. I am a partner in the law firm of Preu & Bohlig, and I am resident in the firm's Hamburg office. I respectfully submit this declaration in support of Gucci America, Inc.'s motion in limine.

2. My firm represented Guccio Gucci S.p.A. of Italy in litigious proceedings against Flitsch & Bendayan GmbH, a German company, in 2000. I was the lead attorney representing Guccio Gucci S.p.A. in those proceedings. At the time, Guccio Gucci S.p.A. owned the trademark GUCCI in Germany. I took my instructions in this matter from Guccio Gucci's outside intellectual property firm, Jacobacci of Italy. I never spoke to or took instruction from anyone affiliated with or representing Gucci America. In the proceedings, Guccio Gucci S.p.A. sought an injunction against the use by Flitsch & Bendayan GmbH, in Germany, of the name GEMMA GUCCI in connection with the sale of jewelry products, claiming that such use violated Guccio Gucci S.p.A.'s trademark rights. Flitsch & Bendayan GmbH, in turn, sought a judgment from the court that its use of the name GEMMA GUCCI in Germany did not infringe Guccio Gucci S.p.A.'s trademark rights.

3. At a court hearing held in Hamburg, Germany on April 19, 2000, the parties, with the assistance of the court, agreed to a settlement of the proceedings. The terms of the settlement were then placed on the court record. I understand that a copy of the order issued by the German Court reflecting the parties' agreement has been provided to this honorable court.

4. As the settlement agreement in question constituted the settlement and disposition of litigious proceedings in the German courts, the territorial scope of the parties' agreement is restricted to Germany. This is evident as the German company Flitsch & Bendayan had distributed the jewelry products of concern only in Germany. As a consequence of this it used the name GEMMA GUCCI exclusively in Germany.

2

5. Neither the plaintiff in the instant case, Gucci America, Inc., nor Ms. Gemma Gucci was a party to the German litigious proceedings.

DECLARED UNDER PENALTY OF PERJURY THIS 17th DAY OF JUNE, 2008.

_____
DETLEF VON SCHULTZ