Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

GUCCI AMERICA, INC.,

            Plaintiff,

- against -

JENNIFER GUCCI, JENCO DESIGNS, LLC, JENNICOR, LLC, JENNY GUCCI COFFEE AND GELATO COMPANY, INC., EDWARD LITWAK d/b/a ED LITWAK & ASSOCIATES, GEMMA GUCCI, GEMMA GUCCI COFFEE AND GELATO COMPANY, INC., ABC CORPORATIONS 1-10, and JOHN DOES 1-10,

            Defendants.

------------------------------------------------------------ x

Civil Action No. 07 Civ. 6820 (RMB)

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF TERILYN NOVAK AND JONATHAN MOSS**

Plaintiff, Gucci America, Inc. ("Gucci America"), respectfully submits this memorandum of law in opposition to Defendants' Jennifer Gucci, Jenny Gucci Coffee and Gelato Company, Inc., Edward Litwak d/b/a Ed Litwak & Associates and Gemma Gucci (collectively "Defendants") memorandum of law in support of their motion *in limine* to preclude testimony of Terilyn Novak and Jonathan Moss.

## PRELIMINARY STATEMENT

Defendants' motion seeks to exclude testimony directly relevant to the issues that are at the heart of this action for trademark infringement, and which is based on the witnesses' first-hand knowledge and experience, not as experts, but in their capacity as employees of Gucci America. Should the Court grant Defendants' motion, no party seeking to enforce its trademark rights would ever be able to prove likelihood of confusion, unless it conducts empirical studies as to every factor that goes into determining confusion. Contrary to Defendants' position, Ms. Novak's and Mr. Moss's testimony is precisely the type of lay witness testimony permitted under Rule 701 of the Federal Rules of Evidence.

Ms. Novak has been employed at Gucci America for over 18 years. For the past three years, she has been the Director of eBusiness for the entire organization, and before that she was responsible for opening Gucci stories throughout the U.S., and educating retailers on strategies to sell to Gucci America's target customers. Mr. Moss is the General Counsel for Gucci America, responsible for prosecution and enforcement of Gucci America's intellectual property rights. He has in-depth knowledge of the history of the famous GUCCI trademarks. The entirety of Ms. Novak's and Mr. Moss's testimony is based not on statistical information applied to second hand knowledge fed to them by lawyers, but on their first hand knowledge of Gucci America's business in their positions of employment at Gucci America. Their testimony is derived solely

1

from their own experience and observations, not any scientific, technical, or specialized knowledge within the scope of FRE 702.

## ARGUMENT

Ms. Novak and Mr. Moss have extensive experience at Gucci America. With respect to Ms. Novak, her positions at Gucci America over 18 years have provided her with near daily opportunities to interact with the retailers and consumers who sell and buy GUCCI products, and she herself has been responsible for developing strategies to selling GUCCI products to those customers. Who better than she to know who the GUCCI customer is in the United States? Mr. Moss stands in the position of General Counsel to Gucci America, and as such can provide testimony concerning the protection and enforcement of the Gucci trademarks, the strength in the marketplace, and Gucci America's business of which he has first hand knowledge. Who better than he to testify about the strength of the GUCCI trademark?

From a reading Defendants' motion *in limine*, however, Defendants appear to be suggesting that the testimony of business employees with the greatest personal knowledge of facts is inappropriate. Who would Defendants rather Gucci America offer up? Would they rather Gucci America produce witnesses hired six months ago as interns? Would Defendants rather Gucci America go out and conduct empirical studies as to the sophistication of GUCCI customers and strength of the GUCCI mark? No -- like any other litigant, Gucci America has produced witnesses with first hand knowledge of the facts that are pertinent to the issues in this case. The fact that they are more knowledgeable than others within Gucci America concerning certain matters that they deal with every day does not transform their testimony into that of experts.

2

I. **THE TESTIMONY OF MS. NOVAK AND MR. MOSS IS ADMISSIBLE UNDER RULES 401, 402 AND 701 OF THE FEDERAL RULES OF EVIDENCE**

Rule 402 of the Federal Rules of Evidence ("FRE") provides that "all relevant evidence is admissible." In turn, FRE 401 defines "relevant evidence" as that "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401 (2008). As Defendants themselves recognize in their Memorandum of Law In Opposition to Plaintiff's Motion *In Limine*, courts have interpreted Rules 401 and 401 together to express the general policy underlying the Federal Rules of Evidence as one that favors liberal admission of evidence. *Gentile v. County of Suffolk*, 129 F.R.D. 435, 444 (E.D.N.Y. 1990). Ms. Novak's and Mr. Moss's testimony clearly falls within that category.

In defining the likelihood of confusion in a trademark infringement case, courts in the Second Circuit apply eight factors, known as the "Polaroid Factors," as first laid out in the now landmark case of *Polaroid Corp. v. Polarad Electronics Corp.* 287 F.2d 495, 495 (2d Cir. 1961). Those factors are: (1) the strength of the plaintiff's mark; (2) the similarity of the parties' marks; (3) the proximity of the parties' products in the marketplace; (4) the likelihood that the plaintiff will "bridge the gap" between the products; (5) actual customer confusion between the two marks; (6) the defendant's intent in adopting its mark; (7) the quality of the defendant's product; and (8) the sophistication of the relevant consumer group. Evidence directed to these factors is not only relevant, but critical to a determination of confusion, and, consequently, infringement. It is hard to imagine testimony more relevant to these issues than that of these two long-term, high-level employees of Gucci America.

3

Ms. Novak, who offers first hand information as to the strength of the Gucci America marks (not only the famous GUCCI word mark, but also the iconic GREEN-RED-GREEN Stripe Design and REPEATING GG Pattern Design that Defendants are knocking off), the proximity of the products, and the sophistication of the Gucci America consumers, in her 18 years at Gucci America has been involved on a near daily basis with Gucci retailers and consumers. She has been responsible for the development of strategies for the sale of GUCCI brand products to consumers. She has personally trained sales staff at Gucci-owned retail stores, including training on specific techniques and methods for interacting with Gucci customers. Ms. Novak's testimony certainly has the tendency to make the existence of a fact "that is of consequence" (*i.e.*, the enumerated *Polaroid* factors) more probable than it would be without her testimony.

Similarly, Mr. Moss, by virtue of his position of General Counsel of Gucci America, and his responsibility as the protector of the Gucci America's trademarks, has intimate knowledge of the Gucci America business, and intellectual property. He can testify first hand as to the strength and goodwill associated with the GUCCI brand, the sales and marketing expenditures devoted to GUCCI brand products, and the efforts Gucci America makes to enforce its valuable intellectual property rights. Like Ms. Novak's testimony, Mr. Moss's testimony goes directly to the heart of certain key *Polaroid* factors and therefore is admissible under FRE 401 and 402.

## II. FRE 701 ALLOWS ADMISSION OF THE TESTIMONY OF MS. NOVAK AND MR. MOSS, NOT FRCP 26(A)(2)(A) AND FRE 702 BECAUSE MS. NOVAK AND MR. MOSS ARE LAY WITNESS TESTIMONY AND ARE NOT BEING OFFERED AS EXPERT WITNESSES

Defendant's argument that the testimony of Ms. Novak and Mr. Moss is inadmissible under FRCP 26(a)(2)(A) and FRE 702, because they are experts, is ludicrous. Ms. Novak and Mr. Moss are being offered as lay witnesses, testifying to matters derived solely from their first

hand knowledge of facts gained directly from their employment responsibilities. Indeed, all Defendants can offer is various authority for support of the general position that expert testimony cannot be introduced through lay witnesses, a principle no one quibbles with, but which has no application here.

Defendants cite to Subsection (c) of FRE 701 and the Advisory Committee Notes for the proposition that Gucci America is somehow "proffering an expert in lay witness clothing." However, conveniently, Defendants leave out the latter part of the Advisory Committee Notes which refer precisely to the long-standing practice of allowing employees to testify about their business based on their personal experience. *See also Lighting Lube, Inc. v. Witco Corp.* 4 F.3d 1152 (3d Cir. 1993) (no abuse of discretion for permitting plaintiff's owner to give lay testimony as to damages, as it was based on his knowledge and participation in the day-to-day affairs of the business). The Advisory Committee notes further make clear that the 2000 Amendment to FRE 701 "incorporates the distinctions set forth in *State v. Brown*, 863 S.W.2d 530, 549 (Tenn. 1992), namely that lay testimony "results from a process of reasoning familiar in everyday life," while expert testimony "results from a process of reasoning which can be mastered only by specialists in the field." Fed. R. Evid. 701 Advisory Committee's Note. Ms. Novak and Mr. Moss will testify at trial about the knowledge gained from these everyday business experiences, not to give their opinions based on scientific or technical data or their academic studies.

In addition, the cases that Defendants rely on are completely inapposite to their theory that Ms. Novak and Mr. Moss are experts. For example, Defendants cite to *Bank of China v. NBM LLC*, 359 F.3d 171 (2d Cir. 2004) for the proposition that a lay witness cannot offer testimony that is not the product of his own personal knowledge. In that case, the Court disallowed testimony only to the extent that it was not based on the witness' perceptions, but

5

rather reflected specialized knowledge. The Court did, however, allow testimony to the extent it was grounded in knowledge the witness obtained in his role as a Bank of China employee "because it was based on his *perceptions*." *Id.* at 183 (emphasis in original). Indeed, the Court specifically held that "[t]he fact that [the witness] has specialized knowledge, or that he carried out the investigation because of that knowledge, does not preclude him from testifying pursuant to Rule 701, so long as the testimony ... was not rooted exclusively in his expertise in international banking." *Id.* As stated above, neither Ms. Novak nor Mr. Moss are proffering evidence based on specialized knowledge of, for example, the luxury goods industry as a whole, or consumer mindset from the standpoint of a behavioral psychologist. Instead, like the witness in *Bank of China*, they are simply communicating the results of their every day work experiences, based on their particular duties and responsibilities..

Defendants' reliance on *Coca-Cola Co. v. Overland, Inc.*, 692 F.2d 1250 (9th Cir. 1992) is also misplaced. In that case, the Court held that the defendant's employees — waiters and waitresses at a restaurant — could not testify as to what their customers were actually thinking when they used the term "Coke," to order a cola drink *Id.* at 1255. Defendants cannot possibly compare waiters and waitresses in a restaurant who are not employed by the Coca-Cola Company, testifying as to what customers actually think when they order a carbonated beverage to long-term, high-level employees of Gucci America who are testifying to their own personal experience derived from their many years at the company. Ms. Novak is not a temporary sales person hired by Gucci to fill in during the Christmas sales season. Rather, she not only interacts with consumers as part of her job responsibilities, but devises strategies for selling Gucci products to the target Gucci consumer. How else can Gucci America get this evidence in

without conducting a market study and spend hundreds of thousands of dollars? Who else should testify as to who the Gucci consumers are and what is their level of sophistication?

Likewise, *Freedom Wireless, Inc. v. Boston Commc'ns Group, Inc.*, 369 F. Supp. 2d 155 (D. Mass 2005) is inapplicable to facts of this case. There, the court excluded testimony where it was "undisputed that [the witness's] opinions were *not* based on his prior experience of actually processing prepaid cellular calls . . . . Instead, they were derived from his specialized knowledge of telecommunications." *Id.* at 157 (emphasis added). Again, this is far from the type of testimony Ms. Novak and Mr. Moss are proffering. Ms. Novak is not testifying on behalf of the luxury goods industry as an expert in consumer behavior. She is testifying to facts that *are* based on her actual experience, and *not* the result of any specialized knowledge of the luxury goods industry.

Further, contrary to Defendants' assertions, it is obvious from their witness statements that Ms. Novak and Mr. Moss do indeed have personal knowledge of the facts about which they testify. Defendants are plainly wrong when they state that "all" of the testimony proffered by Ms. Novak and Mr. Moss come from studies and data collected by third parties, such as the Nielsen Company and Business Week. In fact, none of their testimony comes from there. Ms. Novak testifies about the strength of the GUCCI brand and the makeup of the GUCCI customers solely on the basis of her own everyday business experience as described above. For example, Ms. Novak is able to testify as to the two general types of Gucci clients: the "longstanding" client who views GUCCI as a "lifestyle" brand and the "first-time" or "occasional" purchasers of GUCCI products. That testimony is derived solely from Ms. Novak's personal experience, not "scientific, technical or specialized knowledge" governed by FRE 702. The studies Ms. Novak

7

refers to as to the high consumer awareness of the GUCCI brand are simply that — studies that corroborate her own testimony based on her own experiences.

Mr. Moss, too, bases all of his testimony on first-hand knowledge and personal experiences during his years at Gucci America. As General Counsel, Mr. Moss has the experience to testify as to the strength of the GUCCI trademarks as well as the reputation and goodwill symbolized by those marks. Nothing in his testimony is derived from studies or data collected from third parties; indeed, no such studies are even mentioned in his witness statement. Mr. Moss' testimony is clearly the type of testimony that falls under FRE 701.

Finally, to the extent that Ms. Novak and Mr. Moss offer their opinions relating to the distinct probability that Gucci consumers could be confused by Defendants' products, such testimony qualifies as lay witness opinion testimony permitted under FRE 701. In *United States v. Rigas*, 290 F.3d 208, 224-25 (2d Cir. 2007), the court held that the district court did not err in permitting testimony regarding the effects of reclassification of certain debt on a company's financial statements. In so ruling, the court found that although the witness gave his opinion as to the effect of the reclassification, his opinion was admissible under Rule 701 because they were (1) based upon his observations during his twenty months as an employee of the company (during which time he was responsible for correcting the financial statements and was well acquainted with the books and records of the company); (2) helpful to the determination of a fact in issue (how the allegedly improper reclassification of debt affected what certain entities owed the company); and (3) the opinion was not based on "specialized knowledge," but rather assumptions he made based on previous testimony. *Id.* Similarly, Ms. Novak's and Mr. Moss's testimony is admissible under Rule 701 because they are both testifying on matters that are based upon their observations and experience during their employment at Gucci America, go directly to

8

the analysis of the *Polaroid* factors, and are not based on any "specialized knowledge," but rather direct employment experience.

## III. THERE IS NO BASIS FOR EXCLUDING NIELSEN'S GLOBAL BRANDS SURVEY OR BUSINESS WEEK'S ANNUAL BRAND RANKINGS

Finally, to the extent Defendants seek the exclusion of the Nielsen Company's November 2007 global brands survey and/or Business Week's annual reports ranking of the 100 Best Global Brands, these studies are plainly relevant to the issue of the GUCCI brand's strength. In fact, these reports, whether considered as consumer studies, unsolicited media coverage or awards demonstrating international recognition, typify the evidence routinely used by trademark owners to establish the strength of their marks. *See Deere & Co. v. MTD Holdings Inc.*, 2004 WL 324890 at *12 (S.D.N.Y. Feb. 19, 2004) (accepting news articles and brand awareness studies as evidence in support of the strength of plaintiff's mark); *Coca-Cola Co.*, 692 F.2d at 1254, n.11 (recognizing plaintiff's reliance on a trademark recognition survey commissioned by a third party in connection with an unrelated litigation); *Coca-Cola Co. v. Gemini Rising, Inc.*, 346 F. Supp. 1183, 1187, n.1 (E.D.N.Y. 1972) (relying on reference in *The Business Lawyer* magazine that Coca-Cola was "one of the three most-recognized trademarks in the world").

Accordingly, as noted above, evidence relating to strength factor is not only relevant, but critical, to a determination of confusion, and, consequently, infringement.

9

## CONCLUSION

For the foregoing reasons, Gucci America respectfully requests that Defendants'' motion *in limine* to preclude the testimony of Ms. Novak and Mr. Moss be dismissed in its entirety.

Dated:  New York, New York
        June 26, 2008

Respectfully submitted,

ARNOLD & PORTER LLP

By: _____
Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
399 Park Avenue
New York, New York 10022
(212) 715-1000

*Attorneys for Plaintiff Gucci America, Inc.*
