UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
GUCCI AMERICA, INC.,

                Plaintiff,

-against-

JENNIFER GUCCI, JENCO DESIGNS, LLC,
JENNICOR, LLC, JENNY GUCCI COFFEE AND
GELATO COMPANY, INC., EDWARD LITWAK
d/b/a ED LITWAK & ASSOCIATES, GEMMA
GUCCI, GEMMA GUCCI COFFEE AND GELATO
COMPANY, INC., ABC CORPORATIONS 1-10,
and JOHN DOES 1-10,

                Defendants.
_____X

Civil Action No. 07 CV 6820 (RMB)(JCF)

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF TERILYN NOVAK AND JONATHAN MOSS

---

HARRINGTON, OCKO & MONK, LLP
81 Main Street, Suite 215
White Plains, NY 10601
(914) 686-4800

*Attorneys for Defendants Jennifer Gucci, Jenny Gucci Coffee and Gelato Company, Inc., Edward Litwak d/b/a Ed Litwak & Associates, and Gemma Gucci*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES............................................................................... –ii–

PRELIMINARY STATEMENT ................................................................................ 1

I.  MR. MOSS AND MS. NOVAK ARE EXPERT WITNESSES SUBJECT TO THE DICTATES OF FED.R.CIV. P. 26(a) and FRE 702 ......................................................... 2

II. NEITHER MOSS NOR NOVAK QUALIFY AS EXPERTS UNDER FRE 702............... 7

III. PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING THE NIELSEN REPORT OR BUSINESS WEEK STUDY INTO EVIDENCE ......................................... 9

CONCLUSION................................................................................................ 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bank of China v. NBM LLC*, 359 F.3d 171 (2nd Cir. 2004) .................................................. 3

*Eagle Snacks, Inc. v. Nabisco Brands, Inc.*, 625 F.Supp. 571 (D.N.J. 1985) .......................... 1, 7

*Giles v. Rhodes*, 2000 WL 1425046 (S.D.N.Y. Sept. 27, 2000) ............................................. 3

*In re Illusions Holdings Inc.*, 189 F.R.D. 316 (S.D.N.Y. 1999) ............................................. 3

*Kargo Global, Inc. v. Advanced Magazine Publishers, Inc.*, 2007 WL 2258688,
  S.D.N.Y. Aug. 6, 2007) .................................................................................................. 8

*Nationwide Transport Finance v. Cass Information Systems, Inc.*, 2006 WL 5242377
  (D. Nev. March 6, 2006) ............................................................................................... 6

*Pharmacia Corp. v. Alcon Laboratories Inc.*, 201 F.Supp.2d 335 (D.N.J. 2002) ................... 1

*Tiffany (NJ) Inc. v. eBay, Inc.*, 2007 WL 4104089 (S.D.N.Y. Nov. 9, 2007) ........................ 8

*Trouble v. Wet Seal, Inc.*, 179 F.Supp.2d 291 (S.D.N.Y. 2001) ........................................... 8

*U.S. v. Kaplan*, 490 F.3d 110 (2nd Cir. 2007) ..................................................................... 2

**Rules**

Fed.R.Civ.P.. 26 ..................................................................................................... 2, 7
FRE 701 ................................................................................................................. 2, 6
FRE 702 ............................................................................................................ 2, 3, 7, 8

Defendants, JENNIFER GUCCI, JENNY GUCCI COFFEE AND GELATO COMPANY, INC., EDWARD LITWAK d/b/a ED LITWAK & ASSOCIATES and GEMMA GUCCI (collectively "Defendants"), by and through their counsel, Harrington, Ocko & Monk, LLP, as and for their reply memorandum of law in further support of their motion *in limine* to preclude the testimony of Terilyn Novak and Jonathan Moss allege and state as follows:

## PRELIMINARY STATEMENT

Plaintiff, GUCCI AMERICA, INC. ("Gucci" or "Plaintiff"), has failed to undertake and accomplish an essential part of any credible trademark litigation; namely, hiring an expert and conducting a consumer survey in order to ascertain the strength of the marks, and likelihood of confusion regarding the marks at issue. Plaintiff's failure to undertake such a consumer survey, justifies an inference by the Court that the result would have been unfavorable to Gucci.[1]

In an attempt to overcome this glaring failure, Plaintiff is trying to use its general counsel, Jonathan Moss, and its Director of eBusiness, Terilyn Novak, to give what amounts to expert testimony. Plaintiff proposes to have Moss and Novak testify that, in their opinions, any use by Defendants of their own names, "Jennifer Gucci" and "Gemma Gucci", regardless of the context, is likely to cause confusion among consumers. Moss Statement, at ¶¶3, 21; Novak Statement, at ¶¶3, 8-11. Moss and Novak will apparently testify so, despite having performed not a single consumer survey on the issue of likelihood of confusion regarding Defendants use of their names.

Plaintiff proposes that Moss and Novak should be allowed to assert their opinions on the strength of Gucci's brand and trademarks, and likelihood of consumer confusion as lay witnesses based on the surveys of others. This, despite the fact that neither has any background or qualifications in conducting surveys, or assessing consumer confusion based upon such surveys.

---

[1] *Eagle v. Nabisco*, 625 F.Supp. 571, 583 (D.N.J. 1985); *Pharmacia. v. Alcon*, 201 F.Supp.2d 335, 373 (D.N.J. 2002).

1

Plaintiff asserts in its opposition papers that neither Novak nor Moss is being offered to testify about opinions of an expert nature in this matter. Plaintiff's assertion that Moss and Novak are not being offered to testify about expert issues, or that they will not testify based on specialized knowledge stretches all credulity. Contrary to Plaintiff's arguments, Moss and Novak will offer opinions as to the strength of Gucci's trademarks and trade dress, based not upon their own personal knowledge, but upon reports and surveys of other entities.

Plaintiff should not be allowed to offer what amounts to quintessential expert testimony by either Moss or Novak about the strength of Gucci's brand and marks, or the likelihood of consumer confusion, based on reports and/or surveys in which neither Moss nor Novak have firsthand knowledge of, nor are qualified to opine on. In addition, neither Moss nor Novak should be allowed to testify as an expert on brand strength or the likelihood of consumer confusion; Plaintiff has failed to proffer any evidence that either Moss or Novak have the requisite qualifications to testify as experts about those issues.

Finally, the Nielsen Report and Business Week report should be excluded from evidence as neither deal with the facts of this action.

## I. MOSS AND NOVAK ARE EXPERT WITNESSES SUBJECT TO RULE 26(a) AND FRE 702

To qualify as a lay witness under FRE 701, a witness must have personal knowledge of the facts which form the basis of his/her opinions. *U.S. v. Kaplan*, 490 F.3d 110, 119 (2nd Cir. 2007). If the testimony is <u>not</u> based on personal knowledge, it will not be admitted. *Id.*

Plaintiff asserts that neither Moss nor Novak should be categorized as an "expert" witness. Plaintiff argues that Moss and Novak cannot be characterized as "experts" because they purportedly will <u>only</u> testify about matters "derived solely from their own experience and observations, not any scientific, technical or specialized knowledge." Plaintiff's Opp. at 1-2.

2

Plaintiff's assertions are belied by the witness statements of both Moss and Novak; (1) both rely on third party surveys and media to opine about the strength of the Gucci brand and trademarks, (2) both rely on such third-party surveys and media to conclude that Gucci consumers would likely be confused by products bearing the names "Jennifer Gucci" and "Gemma Gucci", (3) they rely on their specialized knowledge of Gucci consumers to arrive at their opinions, and (4) neither has been personally involved in any study or report regarding the likelihood of consumer confusion as between the Gucci marks and the names "Jennifer Gucci" and "Gemma Gucci".

Pursuant to FRE 702, an expert "is viewed, not in the narrow sense, but as a person qualified by 'knowledge, skill, experience, training or education'". *In re Illusions*, 189 F.R.D. 316, 320 (S.D.N.Y. 1999) (J. Berman). Experts are those who base their opinions, not on the particular facts at bar, but on their specialized knowledge. *Id.*, at 320, n.7; *Giles v. Rhodes*, 2000 WL 1425046, at *7 (S.D.N.Y. Sept. 27, 2000). Opinions about transactions or practices in an industry qualify as expert testimony. *Bank of China v. NBM*, 359 F.3d 171, 181 (2nd Cir. 2004).

Here, it is clear that both Moss and Novak are going to testify as experts. Neither is going to testify about facts of this case derived from their own investigations/personal knowledge regarding the strength of the Gucci brand and trademarks, or the likelihood of consumer confusion concerning the names "Jennifer Gucci" and "Gemma Gucci". First, Ms. Novak admits that she has done no studies with regard to the likelihood of confusion as between Gucci's trademarks, and the names "Jennifer Gucci" and "Gemma Gucci". Novak Statement, at ¶11. Second, despite not interviewing a single customer, Ms. Novak extrapolates from her knowledge of luxury customers that there "would be high likelihood that customers would believe that defendants' products had been approved and/or sponsored by Gucci … [and] the less sophisticated client who sees products, and does not know the Gucci product line as well, will immediately believe they are associated with Gucci merely because they carry the Gucci name, and will purchase them believing that Gucci is the

3

source of these goods". Novak Statement, at ¶10. Novak's opinion about consumer habits is predicated on her general knowledge involving luxury goods, not upon the facts of this case. Novak Statement, at ¶¶10, 11.

Third, Novak offers opinions about the strength of Gucci's brand and trademarks, and the worth of such items to Gucci. These statements are also not based on her personal knowledge. Rather, her opinions on such issues are derived from third-party reports and studies (like the Nielsen studies) of which she has no personal knowledge. Novak Statement, at ¶¶3-5, 10.

Plaintiff's assertion that "none" of Ms. Novak's proposed testimony is based upon the studies and media of third parties is simply disingenuous. Plaintiff's Opp., at 7. Ms. Novak cites to such reports/media in her Statement not once, but three times. Novak Statement, at ¶¶3-5. Moreover, Plaintiff is forced to admit that Ms. Novak is relying on such studies, reports and media to support her testimony. Plaintiff's Opp., at 8. Novak's proposed testimony amounts to expert testimony, and should be precluded.

Likewise, Mr. Moss should also be categorized as an expert witness. Like Ms. Novak, Plaintiff is offering the testimony of Mr. Moss about the strength of Gucci's various marks and brand, and the likelihood of confusion between those marks and the names "Jennifer Gucci" and "Gemma Gucci". Moss Statement, at ¶¶3, 9-12, 15-18, 21. Mr. Moss bases his testimony, in part, upon media and studies of third parties of which he has no personal knowledge; namely, a Nielsen study and a Business Week report, among other things. Moss Statement, at ¶¶5, 9-11, 17-18. Based on these third-party surveys and media, Mr. Moss extrapolates that in his opinion, "the Gucci brand name has been synonymous with luxury and elegant products and services, and currently the Gucci brand name is one of the most recognized brand names in the world. Consumers in the trade instantly identify Gucci as the source of all products sold under the Gucci brand name". Moss Statement, at ¶5-9.

4

Using these third-party reports and media as support, Moss asserts, that in his opinion, "the Jennifer Gucci and/or Gemma Gucci names [are] likely to cause confusion with the world famous Gucci trademark". Moss Statement, at ¶21. Moss then goes on to assert that in his opinion "the only reason [Defendants] and their representatives are trying to license and use the names Jennifer Gucci and Gemma Gucci is to take advantage of the substantial goodwill symbolized by the Gucci mark, one of the world's most famous trademarks". *Id.*

Mr. Moss's statements are clearly being offered as expert testimony. Mr. Moss has no personal knowledge about the reports and media which he cites as the basis for his opinions. Furthermore, Mr. Moss has no personal knowledge of the likelihood of consumer confusion as between Gucci's trademarks in this case, and the names "Jennifer Gucci" and "Gemma Gucci".

Plaintiff's argument that Mr. Moss's testimony is not derived at all "from studies or data collected from third parties; indeed, no such studies are even mentioned in his witness statement" is categorically false. Mr. Moss specifically refers to such studies and reports as a basis for his opinion that "Gucci is one of the most famous and most recognized brand names in the United States. ... See Pl. Tr. Exs. 230-234." Moss Statement, at ¶5. Plaintiff's Exhibit 234 is a group exhibit composed of "Business Week and Nielsen reports." Joint Pre-Trial Order, at 16.

Plaintiff relies on the court's decision in *Rigas* for the proposition that neither Ms. Novak nor Mr. Moss should be characterized as expert witnesses. The facts of *Rigas* make its holding of no consequence here. In *Rigas*, the court ruled the testimony was not expert testimony for the following reasons: (1) the testimony was based upon the witness's <u>own</u> observations of defendant's records; (2) the witness testified about defendant's accounting treatment of certain funds he <u>observed</u>; (3) and his opinion about reclassification of certain sums was not based upon specialized knowledge, he had actually <u>reviewed</u> the books. *Id.*, at 225.

5

The facts in *Rigas* are in sharp contrast to proposed testimony of Novak and Moss: (1) neither Novak nor Moss participated in any of the reports/media regarding the Gucci brand and marks; (2) neither Novak nor Moss interviewed a single consumer, or wholesale person about the Gucci marks, or the Defendants use of their own names; and (3) neither Novak nor Moss participated in any consumer studies regarding likely consumer confusion. Thus, given the drastic differences between the proposed testimony of Novak and Moss in this case, and that of the lay witness in *Rigas*, the holding in *Rigas* has no significance here.

Plaintiff's citation to the decision in *Lighting Lube* in support of the argument that Novak and Moss should not be deemed expert witnesses misses the mark. In *Lighting*, the Third Circuit indicated that it was not an error for the lower court to allow in lay testimony because: (1) the witness <u>personally</u> participated in the creation of the accounting report; and (2) the witness's day-to-day knowledge of the business was sufficient <u>personal</u> knowledge to allow him to testify. See also *Nationwide v. Cass*, 2006 WL 5242377, at *5 (D. Nev. March 6, 2006). In contrast to *Lighting*, neither Moss nor Novak participated in any of the reports/media on which they rely in arriving at their opinions about the Gucci brand strength, the strength of the Gucci marks, or the likelihood of consumer confusion.

Plaintiff's attempt to distinguish the decisions in *China Bank* and *Coca-Cola* from this case is without merit; those decisions clearly indicate both Moss and Novak should be categorized as expert witnesses. In *China Bank*, the Second Circuit held that it was improper for the lower court to allow a China Bank employee to testify as a lay witness about matters of which he had <u>no</u> personal knowledge. The Court held that it was error to allow the witness to testify under 701 as a lay witness about opinions and conclusions based upon his specialized industry knowledge.

Like the situation in *China Bank*, Plaintiff is proposing that Moss and Novak testify to opinions that are <u>not</u> based on their own investigation of the facts of this case. Novak Statement, at

6

¶¶7, 10-11. Furthermore, both Moss and Novak intend to base their opinions about the strength of the Gucci marks and brand, and the likelihood of consumer confusion upon the reports/media of others. Thus, the holding in *China Bank* precludes Moss and Novak from testifying as lay witnesses.

Plaintiff tries to distinguish the facts in *Coca-Cola* from the present action. Plaintiff's analysis of the holding in *Coca-Cola* is wrong: (1) the *Coca-Cola* Court <u>did</u> <u>not</u> base its analysis on the length of time the employees had been working at the company, but because the employees had <u>no</u> expertise in guessing what was in a customer's mind; (2) there is absolutely <u>no</u> indication in the *Coca-Cola* opinion to support the supposition that the employees at issue were <u>not</u> long-term employees.

Plaintiff complains that it should be allowed to offer the opinion testimony of Moss and Novak about consumer confusion without conducting a consumer survey. Gucci asks Defendants to provide them with litigation advice as to how to get evidence before the Court about the issues of Gucci's brand strength, trademark strength, and likelihood of consumer confusion. Of course, it is not Defendants' responsibility to advise Plaintiff on litigation strategy, or speculate as to the cost of a consumer study. Rather, the hiring of an expert to conduct a consumer survey is one of the hallmarks of trademark litigation. Plaintiff's failure to undertake such a consumer study, allows the Court to draw a negative inference. *Eagle,* 625 F.Supp. at 583 (D.N.J. 1985).

Given that Plaintiff has offered to have both Mr. Moss and Ms. Novak testify as what amounts to expert opinions in this action, Plaintiff had a disclosure duty. Fed.R.Civ.P. 26(a). Plaintiff made no such disclosures. Therefore, the Court should preclude both of them from testifying.

## II.   NEITHER MOSS NOR NOVAK QUALIFY AS EXPERTS UNDER FRE 702

7

Even if Plaintiff had made timely disclosure of Moss and Novak as purported experts, neither Moss nor Novak have the requisite qualifications to offer expert testimony as to trademark strength and the likelihood of consumer confusion. Pursuant to FRE 702, the Court is charged with ensuring that expert testimony rests on a reliable foundation and is relevant. *Tiffany v. eBay*, 2007 WL 4104089 (S.D.N.Y. Nov. 9, 2007). Under FRE 702, the Court must determine: (1) whether the witness is qualified, (2) whether the opinion is based upon reliable methodology, and (3) whether the expert's testimony will assist the trier of fact. *Id.* In trademark cases, an expert generally must have qualifications regarding statistical sampling, and experience using statistics in litigation. *Id.* Courts also look to whether the proposed expert has qualified in other trademark proceedings. *Id.* Scholarship and academic research on consumer surveys, and the application of consumer surveys to trademark disputes are indicia that an individual has the requisite expert qualifications. *Kargo v. Advanced,* 2007 WL 2258688, at *3 (S.D.N.Y. Aug. 6, 2007). An individual with no experience assessing likelihood of confusion cannot qualify as an expert. *Trouble v. Wet Seal*, 179 F.Supp.2d 291, 302 (S.D.N.Y. 2001).

Plaintiff has put forth Moss and Novak to testify about the strength of Gucci's brand, the strength of Gucci's trademarks, and the likelihood of consumer confusion. Neither Moss nor Novak have any qualifications to testify as experts on those issues. Neither Moss nor Novak has any background in consumer surveys, statistical sampling, or assessment of consumer surveys to determine likelihood of consumer confusion. Neither Moss nor Novak has any academic qualifications regarding consumer surveys or the application of consumer studies on the issue of the likelihood of confusion. Due to the absence of qualifications justifying their testifying as experts on any of those issues, the Court should preclude Moss and Novak from testifying pursuant to FRE 702.

8

### III. THE NIELSEN REPORT AND BUSINESS WEEK STUDY SHOULD BE PRECLUDED FROM EVIDENCE

Plaintiff argues that it should be allowed to introduce into evidence a Nielsen Company survey and a Business Week Report in order to demonstrate the strength of the Gucci brand and trademarks at issue. Neither of these surveys/reports should be admitted into evidence. Plaintiff has offered absolutely no witness who participated in either of these surveys or studies, and no one with actual knowledge of either.

As an initial matter, Plaintiff offers absolutely no case law to support the broad proposition that consumer studies which were not commissioned by Plaintiff, and of which Plaintiff's proposed witnesses have no personal knowledge, should be allowed into evidence on the issues of brand strength, trademark strength and likelihood of consumer confusion. Plaintiff's citations to the holdings in *Deere*, Coca-*Cola* and *Gemini Rising* do not stand for the broad proposition it argues; namely, that <u>any</u> consumer surveys should be allowed into evidence, regardless of whether witnesses have actual knowledge of such.

First, contrary to Plaintiff's assertions, the Court in *Deere* did not hold that consumer studies could be taken into consideration on the issue of the strength of the brand of the mark. To the contrary, the *Deere* court was reviewing magazine and newspaper articles <u>not</u> consumer surveys. Furthermore, the *Deere* court did not rely on these articles, whether solicited or unsolicited, to determine the strength of the mark. Rather, plaintiff hired an expert to conduct a consumer survey to test the likelihood of consumer confusion between the marks, and Deere introduced evidence to the court of its advertising expenditures regarding the marks at issue. Gucci has no such expert, no such survey, and no evidence of advertising expenditures.

In *Gemini Rising*, the court did not rely on a reference in a magazine article in order to determine that *Coca-Cola* was a recognized trademark. Instead, plaintiff provided evidence that over a 40-year period, the company spent well over a half a billion dollars in media advertising.

9

Plaintiff in that action also introduced evidence that the *Coca-Cola* lettering had been presented to the public in all kinds of advertising mediums. In contrast to *Gemini Rising*, Plaintiff offers absolutely no evidence of advertising expenditures based on personal knowledge.

Furthermore, the reference to the *Coca-Cola* decision does not support Plaintiff's assertion that consumer surveys not commissioned by Plaintiff are admissible on the issue of likelihood of consumer confusion or strength of Gucci's marks. First, plaintiff in that action had a validly registered trademark precluding defendant from arguing genericness as a defense. Second, there is no indication the court in *Coca-Cola* relied on a survey to reach its conclusion.

## CONCLUSION

For the foregoing reasons, Defendants' motion *in limine* should be granted in its entirety, and Terilyn Novak and Jonathan Moss should be precluded from testifying in this action at all. In the alternative, the Court should preclude both Novak and Moss from providing opinion testimony about matters of which they have no personal knowledge, including but not limited to, the strength of the Gucci marks and brand, and the likelihood of consumer confusion as between Gucci's trademarks and the names "Jennifer Gucci" and "Gemma Gucci".

Dated: White Plains, New York
      June 30, 2008

Respectfully submitted,

HARRINGTON, OCKO & MONK, LLP

By: _____
Kevin J. Harrington [KH-5027]
John T.A. Rosenthal [JR-4819]
*Attorneys for Defendants Jennifer Gucci,
Jenny Gucci Coffee and Gelato Company, Inc.,
Edward Litwak d/b/a Ed Litwak & Associates,
and Gemma Gucci*
81 Main Street, Suite 215
White Plains, NY 10601
(914) 686-4800