UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
GUCCI AMERICA, INC.,                 :  07 Civ. 6820 (RMB) (JCF)
                                     :
                Plaintiff,           :  O R D E R
                                     :
        - against -                  :
                                     :
JENNIFER GUCCI, JENCO DESIGNS, LLC,  :
JENNICOR, LLC, VERATEX, INC.,        :
COLLEZIONE DI CASA, INC.,            :
E.L. ERMAN - DEAD SEA COSMETICS      :
CORP., LOUISVILLE BEDDING COMPANY,   :
EDWARD LITWAK, d/b/a ED LITWAK &     :
ASSOCIATES, ABC CORPORATIONS 1-10,   :
and JOHN DOES 1-10,                  :
                                     :
                Defendants.          :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

  Plaintiff having moved by letter dated July 25, 2008 to compel discovery, and defendant Edward Litwak having opposed the motion in part on the ground that it relies upon inadvertently produced privileged documents, it is hereby ORDERED as follows:

  1.  The documents attached as Exhibit F to the July 31, 2008 letter of Louis S. Ederer are not privileged and will be considered by the Court.  These documents are entirely commercial in nature and in no way reflect the request for, or provision of, legal advice.

  2.  Mr. Litwak shall produce all documents of any kind, including without limitation, correspondence, e-mails, agreements, evidence of payments made and payments received, in his possession, custody or control, relating to activities of any kind concerning the licensing or potential licensing of the names JENNIFER GUCCI, GEMMA GUCCI, or any variation thereof, or any name that includes

1

the name GUCCI or a GUCCI-formative, on or prior to August 27, 2008. Such production shall include any documents currently possessed or maintained by any employees of Mr. Litwak; any documents in the possession of Mr. Litwak's present or former counsel including without limitation, Martin Simone, Esq. and Edward Williams, Esq.; and any documents that may have been generated, sent or received subsequent to the date of plaintiff's Second Request for Production of Documents. Plaintiff has not demonstrated that Mr. Litwak has either the legal right or practical ability to produce documents in the possession of Danny Lee; however, plaintiff is free to issue a subpoena to Mr. Lee.

3. Mr. Litwak shall provide to plaintiff, on or before August 27, 2008, a written response to plaintiff's Second Request for Production of Documents dated January 24, 2008, and a privilege log complying with Federal Rule 26, listing any and all documents withheld on the basis of a privilege claim.

4. Mr. Litwak shall make available to plaintiff, on or before August 27, 2008, all computers (including PC's and laptops) used by him or any of his employees, so that plaintiff's forensic expert can search for any e-mails or eletronic files responsive to plaintiff's document requests in this action, whether or not such files have been deleted from such computers. This forensic examination is justified by the fact that Mr. Litwak provided incomplete deposition testimony concerning licensing activities and that he failed to produce e-mail that was directly related to such activity. The examination shall be conducted by Kroll Ontrack at the plaintiff's expense and shall follow the protocol used in

connection with plaintiff's examination of Jennifer Gucci's computer.

5. Mr. Litwak shall provide to plaintiff, on or before August 27, 2008, a complete list of all bank accounts he or any of his employees or associates maintain or have maintained for for use in connection with the licensing or potential licensing of the names JENNIFER GUCCI, GEMMA GUCCI, or any variation thereof, or any name that includes the name GUCCI or a GUCCI-formative, whether or not such accounts are maintained in the name of Mr. Litwak or in some other name, including the name of the bank, address, contact person and account number, so that plaintiff may subpoena such banks to produce their records of any payments received or made by Mr. Litwak or any of such employees or associates, or any of their companies, in connection with the licensing or other exploitation of the JENNIFER GUCCI or GEMMA GUCCI names. Further, Mr. Litwak shall cooperate by providing any permission required by such banks in complying with such subpoenas.

6. It is not necessary to identify at this time what sanctions might be appropriate if Mr. Litwak were to fail to comply with this order, nor is it necessary to remind his counsel of their obligations.

SO ORDERED.

*[signature]*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         August 14, 2008

3

Copies mailed this date:

Louis S. Ederer, Esq.
John Maltbie, Esq.
Alan Veronic, Esq.
Arnold & Porter, LLP
399 Park Avenue
New York, New York 10017

R. Kevin Fisher, Esq.
Fisher & Krekorian
225 Santa Monica Boulevard, 12th Fl.
Santa Monica, CA 90401

Howard M. Rogatnick, Esq.
Bryan Cave LLP
1290 Avenue of the Americas
New York, New York   10104

Edward G. Williams, Esq.
Stewart Occhipinti LLP
65 West 36th Street, 7th Floor
New York, New York 10018

Martin Simone, Esq.
Simone & Roos GP
3530 Wilshire Boulevard, Suite 1600
Los Angeles, CA 90010

Kevin J. Harrington, Esq.
Harrington, Ocko & Monk
81 Main Street - Suite 215
White Plains, New York 10601