```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
GUCCI AMERICA, INC.,                : 07 Civ. 6820 (RMB) (JCF)
                                    :
            Plaintiff,              :        MEMORANDUM
                                    :        AND  ORDER
     - against -                    :
                                    :
JENNIFER GUCCI, JENCO DESIGNS, LLC, :
JENNICOR, LLC, VERATEX, INC.,       :
COLLEZIONE DI CASA, INC.,           :
E.L. ERMAN - DEAD SEA COSMETICS     :
CORP., LOUISVILLE BEDDING COMPANY,  :
EDWARD LITWAK, d/b/a ED LITWAK &    :
ASSOCIATES, ABC CORPORATIONS 1-10,  :
and JOHN DOES 1-10,                 :
                                    :
            Defendants.             :
- - - - - - - - - - - - - - - - - -:
```

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

The plaintiff in this case has challenged the defendants' assertion of the attorney-client privilege and the work product doctrine with respect to some 47 documents. The defendants have submitted those documents for my in camera inspection along with a letter, a copy of which they provided to opposing counsel, outlining their grounds for the assertion of privilege.

In most instances, the communications were between different defendants in this case, generally Jennifer Gucci and Edward Litwack. Therefore, there is a threshold question whether the common interest doctrine applies. The

> "common interest" doctrine, erroneously called "common interest privilege" or "joint defense privilege," is an exception to the general rule that voluntary disclosure of confidential, privileged material to a third party waives any applicable privilege. See In re Commercial Money Ctr., Inc., Equipment Lease Litig., 248 F.R.D. 532, 536 (N.D. Ohio 2008). The common interest doctrine precludes a waiver of the underlying privilege concerning confidential communications between the parties "made in the course of an ongoing common enterprise and intended

1

>      to further the enterprise," irrespective of whether an actual litigation is in progress.  Schwimmer, 892 F.2d [237, 243 (2d Cir. 1989)]; see Griffith v. Davis, 161 F.R.D. 687, 692 (C.D. Cal. 1995).  Thus, the common interest doctrine permits the disclosure of a privileged communication without waiver of the privilege provided the party claiming an exception to waiver demonstrates that the parties communicating: (1) have a common legal, rather than commercial, interest; and (2) the disclosures are made in the course of formulating a common legal strategy.  See Bank Brussels Lambert v. Credit Lyonnais, 160 F.R.D. 437, 447 (S.D.N.Y. 1995).

Sokol v. Wyeth, Inc., No. 07 Civ. 8442, 2008 WL 316662, at *5 (S.D.N.Y. Aug. 4, 2008).

The plaintiff suggests that the doctrine does not apply if the communication at issue is between two parties, even if they share a common interest, rather than between an attorney for one party and the other party or that party's attorney.  I disagree.  If information that is otherwise privileged is shared between parties that have a common legal interest, the privilege is not forfeited even though no attorney either creates or receives that communication.  For example, if an attorney provides legal advice to a client -- recommending that a defendant move for summary judgment, say -- the client can repeat that advice to a co-defendant outside the presence of any attorney without causing the privilege to be waived.

Of course, the other requirements for establishing privilege must be met.  The underlying or embedded communication (the recommendation to move for summary judgment in the example above) must itself be privileged, and the privilege must not otherwise have been forfeited.  Based on these principles, the disputes concerning the documents submitted in camera are resolved as

follows.

Litwack documents 0663, 0932, 1042 (except first sentence of 3/18/08 e-mail from Jennifer Gucci to Edward Litwack), 1258 (with same exception as document 1042), and 3978-79 (except third paragraph of 3/15/08 e-mail from Edward Litwack to Jennifer Gucci and first sentence of 3/18/08 e-mail from Jennifer Gucci to Edward Litwack) do not consist of or reflect attorney-client communications or work product and must be produced forthwith.

Litwack documents 0952, 0954, 1036, 1041, 1042 (first sentence of 3/28/08 e-mail from Jennifer Gucci to Edward Litwack only), 1258 (limited as in document 1042), 2135, 2310, 2359, 3951-52, 3953, 3954, 3955-56, 3957-58, 3959, 3960-61, 3962-63, 3964, 3965-66 3967-70, 3971-72, 3973, 3974, 3975-77, 3978-79 (third paragraph of 3/15/08 e-mail from Edward Litwack to Jennifer Gucci and first sentence of 3/18/08 e-mail from Jennifer Gucci to Edward Litwack only), 3980, 3981, 3982, 3983, 3984, 3985, 3986, 3987, 3988, 3989, 3990, 3991, 3992, 3993-94, 3995, 3996, 3997, 3998-99, 4000, and 4001-03 are protected from discovery by the attorney-client privilege or the work product doctrine and, in the view of the common interest doctrine, that protection is intact. Therefore, these documents need not be disclosed.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         December 15, 2008

Copies mailed this date:

Louis S. Ederer, Esq.
John Maltbie, Esq.
Alan Veronic, Esq.
Arnold & Porter, LLP
399 Park Avenue
New York, New York 10017

Kevin J. Harrington, Esq.
Harrington, Ocko & Monk
81 Main Street - Suite 215
White Plains, New York 10601