UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
GUCCI AMERICA, INC.,

                Plaintiff,

              - against -

JENNIFER GUCCI, JENCO DESIGNS, LLC, JENNICOR, LLC, JENNY GUCCI COFFEE AND GELATO COMPANY, INC., EDWARD LITWAK d/b/a ED LITWAK & ASSOCIATES, GEMMA GUCCI, GEMMA GUCCI COFFEE AND GELATO COMPANY, INC., ABC CORPORATIONS 1-10, and JOHN DOES 1-10,

              Defendants.

------------------------------------------------------------------- x

Civil Action No. 07 Civ. 6820 (RMB) (JCF)

## SUPPLEMENTAL DECLARATION OF JOHN MALTBIE IN SUPPORT OF PLAINTIFF'S APPLICATION FOR RECOVERY OF ITS ATTORNEYS' FEES AND LITIGATION-RELATED EXPENSES

JOHN MALTBIE, pursuant to 28 U.S.C. §1746, declares as follows:

1. I am an associate in the law firm of Arnold & Porter LLP, counsel for Plaintiff Gucci America, Inc. ("Gucci") in this action. I have personal knowledge of all the facts stated herein. I offer this supplemental declaration in further support of the portion of Gucci's motion for an order awarding Gucci its litigation-related expenses incurred in the above action.

2. On April 12, 2010 Gucci submitted its motion, in accordance with the Hon. Richard M. Berman's August 5, 2009 Findings of Fact and Conclusions of Law, and pursuant to the Scheduling Order issued by this Court, for an order awarding Gucci its reasonable attorneys' fees and litigation-related expenses incurred in this action ("Gucci's Motion for Fees and Expenses"). In Gucci's Motion for Fees and Expenses, Gucci asked that this Court recommend

that Defendants Litwak, Jennifer Gucci and Gemma Gucci be held liable for Gucci's attorneys' fees (totaling $1,753,471.50) and litigation related expenses (totaling $141,284.64) as follows:

(i) <u>Edward Litwak</u>: $1,897,294.27 (liable for all attorneys' fees and litigation-related expenses incurred by Gucci in relation to litigation activities concerning defendant Litwak's obstructive conduct in discovery, and jointly and severally liable for all attorneys' fees and litigation-related expenses incurred by Gucci in relation to litigation activities prior to and following the addition of Gemma Gucci as a defendant);

(ii) <u>Jennifer Gucci</u>: $878,051.20 (jointly and severally liable, along with defendant Litwak, for all of the attorneys' fees and litigation-related expenses incurred by Gucci in relation to litigation activities prior to the addition of Gemma Gucci as a defendant, and fifty percent (50%) of the attorneys' fees and litigation-related expenses incurred by Gucci in relation to litigation activities following the addition of Gemma Gucci as a defendant); and

(iii) <u>Gemma Gucci</u>: $658,757.44 (jointly and severally liable, along with defendant Litwak, for fifty percent (50%) of the attorneys' fees and litigation-related expenses incurred by Gucci in relation to litigation activities following the addition of Gemma Gucci as a defendant).

3. On September 7, 2010, the Court, in its Report and Recommendations to the Honorable Richard M. Berman ("the Report and Recommendations"), recommended that judgment be entered with respect to Gucci's request for attorneys' fees as follows:

(i) <u>Edward Litwak</u>: $1,267,707.00 (liable for $579,079.50 in attorneys' fees, for which defendant Litwak and Jennifer Gucci are held jointly and severally liable; $421,974.00 in attorneys' fees, for which defendant Litwak and Gemma Gucci are held jointly and severally liable; and $266,653.50 in attorneys' fees, for which defendant Litwak is personally liable);

    (ii) <u>Jennifer Gucci</u>: $579,079.50 (jointly and severally liable, along with defendant Litwak); and

    (iii) <u>Gemma Gucci</u>: $421,974.00 (jointly and severally liable, along with defendant Litwak).

*See* Report and Recommendations at 41-79.

  4. However, with respect to Gucci's request for its litigation-related expenses, the Court determined that Gucci had failed to provide adequate documentation for certain of those expenses and, with respect to others, did not explain how they related to the action. *See* Report and Recommendations at 76-77. Accordingly, the Court denied Gucci's request for costs without prejudice to Gucci renewing its application "with appropriate documentations and explanations that allow the Court to evaluate the reasonableness of the charges." *Id.* at 77.[1]

  5. In accordance with the Court's directive, below is a breakdown of the litigation-related expenses incurred by Gucci during the course of this litigation, along with an explanation of how those expenses relate to this action and any appropriate documentation in support thereof.

  6. **Electronic Legal Research Expenses.** As noted in Gucci's Motion for Fees and Expenses, it is well-established that charges for legal research databases are recoverable either as "a substitute for an attorney's time that is compensable under an application for attorneys' fees" or as "costs." *See, e.g., Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 98 (2d Cir. 2004) (finding that "the use of online research services likely reduces the number of hours required for an attorney's manual search, thereby lowering the lodestar, and

---

[1] In ruling on Gucci's request for reimbursement of its litigation-related expenses, the Court acknowledged that "[n]ot all of [Gucci's] costs are shrouded in mystery. For instance, charges for conference call services are self-explanatory and appear to coincide with the notations in the Time Sheets indicating calls with the Court or opposing counsel. And the amount and payment of the court's filing fee need not be documented." *Id.* at 77.

that in the context of a fee-shifting provision, the charges for such online research may properly be included in a fee award"); *Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03 Civ. 0996 (KMW) (DF), 2004 WL 1542253, at *6 (S.D.N.Y. July 9, 2004) (Report and Recommendation adopted on October 27, 2004) ("Pursuant to Section 505 of the Copyright Act, Plaintiffs can also recover their claimed costs for filing fees, postage, messenger expenses, telephone charges, legal research, and other documented expenditures, either as allowed as costs under the general cost recovery statute, 28 U.S.C. § 1920, or as counsel's reasonable out-of-pocket expenses as part of the attorneys' fee recovery").

7.  During the course of this action, Gucci's counsel conducted electronic legal research. This legal research was performed in connection with the following: (i) preparing the Complaint; (ii) preparing a motion for expedited discovery; (iii) seeking the multiple orders from the Court directing that Defendants comply with their discovery obligations; (iv) preparing a motion for contempt against Defendant Litwak; (v) preparing pre-trial submissions, including motions *in limine* and pre-trial findings of fact and conclusions of law; (vi) preparing post-trial submissions, including the post-trial findings of fact and conclusions of law; and (vii) preparing Gucci's Motion for Fees and Expenses.

8.  Gucci incurred $13,009.38 in litigation-related expenses in connection with the electronic legal research performed by its counsel for the tasks set forth in Paragraph 7 above. Attached hereto as Exhibit A are Arnold & Porter's internal billing records supporting the litigation-related expenses incurred by Gucci in connection with the electronic legal research performed by its counsel. As the Court can see from the attached billing records, because Gucci's counsel has been able to negotiate heavily discounted rates with Westlaw, Gucci was billed only a fraction of the "base amount" of the legal research charges. *Id*.

9.      **Electronic Discovery Expenses.**  Gucci was forced to seek multiple orders from the Court directing that Defendants comply with their discovery obligations.  Such orders included two separate orders for the forensic examinations of the computers of Jennifer Gucci (*see* Conclusions of Law, ¶ 88) and Edward Litwak (*see* August 14, 2008 Order, Dkt. No. 100).  Gucci incurred electronic discovery charges as a result of these forensic examinations in the amounts of $22,324.39.  *Id.*

10.     In its February 20, 2009 Order, this Court determined that Gucci was entitled to a reimbursement of the electronic discovery expenses incurred as a result of the examination of defendant Litwak's computer.  *See* Dkt. No. 137.  Gucci was billed $12,634.83 in connection with the examination of Litwak's computer.  Gucci is also entitled to a reimbursement of the electronic discovery expenses incurred as a result of the examination of defendant Jennifer Gucci's computer.  Gucci was billed a total of $9,689.56 in connection with the examination of Jennifer Gucci's computer.  The invoices related to the forensic examinations of Mr. Litwak and Ms. Gucci's computers are attached hereto as Exhibit B.

11.     **Deposition and Court Transcript Expenses.**  As noted in Gucci's Motion for Fees and Expenses, deposition and trial transcript expenses are recoverable.  *See, e.g.*, *Ferrostaal, Inc. v. M/V Tupungato*, 2008 U.S. Dist. Lexis 54788, *5 (S.D.N.Y. July 17, 2008) (awarding costs for deposition transcripts); *Perks v. Town of Huntington*, 2008 U.S. Dist. Lexis 108845, *7-11 (E.D.N.Y. Mar. 31, 2008) (awarding costs for trial transcripts); *see also* 28 U.S.C. § 1920(2).  Here, Gucci is entitled to recover expenses associated with deposition and trial transcripts in the amount of $34,333.35.

12.     Gucci's counsel took twenty-four (24) depositions during the course of this action, including those of Edward Litwak (6), Jennifer Gucci (2), Gemma Gucci (2), Yakov

5

Ergas, Avi Cohen, Dale Talbert, Michael Pino, Shane Springer, Sandy Cho, James Balistreri, Danny Lee (2), Richard Nabasny, John Macaluso, David Barna, Martin Simone and Mary Brand. Gucci incurred $30,509.82 in deposition transcript expenses in connection with these depositions. Attached hereto as Exhibit C are copies of the invoices for these depositions.

13. Moreover, during the course of this action, Gucci incurred expenses in the amount of $3,823.53 in connection with the ordering of court transcripts, including the trial transcript and the transcript on Gucci's hearing for damages. Attached hereto as Exhibit D are copies of the invoices for these court transcripts.

14. **Travel Expenses.** As noted in Gucci's Motion for Fees and Expenses, "expenses relating to travel, including transportation and meals, are routinely recoverable." *Bobrow Palumbo Sales*, 549 F. Supp. 2d at 287 (collecting authorities); *see also* 28 U.S.C. § 1920(3) (noting that the Court may tax fees for "disbursements" for "witnesses"). Here, Gucci is entitled to recover the actual travel expenses it was billed by Gucci's counsel (in the amount of $14,591.37), and the travel expenses paid to a number of third party witnesses who testified at trial (in the amount of $16,317.85).

15. During the course of this action, Gucci's counsel traveled to California on multiple occasions to take the depositions Litwak, Yakov Ergas, Avi Cohen, Shane Springer, Sandy Cho and Martin Simone. Further, Gucci's counsel traveled to Arizona to take the depositions of Danny Lee, Richard Nabasny, John Macaluso, and Mary Brand, and traveled to Ohio for the deposition of David Barna. Attached hereto as Exhibit E are copies of Arnold & Porter's internal billing records for the travel-related expenses incurred in connection with the taking of these depositions.

6

16. Further, in connection with the trial of this matter, Gucci paid the expenses of certain out-of-state witnesses that testified at trial, including Brian Jaffe (traveling from Arizona), Richard Gazlay (traveling from Arizona) and Yakov Ergas (traveling from California). In addition, there was a non-refundable hotel deposit paid by Gucci for Avi Cohen, who ultimately did not appear as a witness at trial in accordance with an agreement entered into by the parties at trial. Attached hereto as Exhibit F are copies of Arnold & Porter's internal billing records for the travel-related expenses incurred in connection with the travel of these out-of-state witnesses for the trial in this action.

17. **Evidentiary-Related Expenses.** As noted in Gucci's Motion for Fees and Expenses, evidentiary-related expenses, such as fees incurred for obtaining certified copies of trademark registrations, are recoverable. *See, e.g.*, *Truong Giang Corp. v. Twinstar Tea Corp.*, 2007 WL 1545173, *18 (N.D.Cal. May 29, 2007); *see also* 28 U.S.C. § 1920(4) (noting that the Court may tax fees for things "necessarily obtained for use in the case"). Here, Gucci is entitled to recover evidentiary-related expenses in the amount of $2,051.30.

18. In connection with the trial of this action, Gucci's counsel obtained the following documents from the United States Patent and Trademark Office: (i) certified copies of Gucci's trademarks (*see* Pl. Exs. 206-223); and (ii) certified copies of the file wrappers for applications relating to the JENNIFER GUCCI and GEMMA GUCCI trademarks (*see* Pl. Exs. 224-229). Attached hereto as Exhibit G are copies of the invoices for obtaining these documents from the United States Patent and Trademark Office.

19. In addition, Gucci's counsel purchased a number of publications that were used as exhibits during depositions and at trial, including Jennifer Gucci's *Gucci Wars: How I Survived Murder and Intrigue at the Heart of the World's Biggest Fashion House* (2008), and *Gucci By*

7

*Gucci: 85 Years of Gucci* (2006).  Attached hereto as Exhibit H are copies of the invoices for obtaining these publications.

20. **Photocopying, Facsimile and Telephone Expenses.**  As noted in Gucci's Motion for Fees and Expenses, identifiable, out-of-pocket disbursements for items such as photocopying, facsimile and telephone expenses are recoverable.  *See, e.g.*, *Tsombanidis v. City of West Haven*, 208 F. Supp. 2d 263, 277 (D.Conn. 2002); *see also* 28 U.S.C. § 1920.  Here, Gucci is entitled to recover $29,033.48, representing the reasonable photocopying, facsimile and telephone expenses incurred by Gucci's counsel.

21. With respect to the telephone and facsimile expenses Gucci incurred during the course of this action, as the Court acknowledged in its Report and Recommendations, charges for such services "are self-explanatory and appear to coincide with the notations in the Time Sheets indicating calls with the Court or opposing counsel."  In regards to the photocopying expenses, the Court noted that as "[i]t is unlikely that Gucci's attorneys will be able to provide a receipt for in-house services such as photocopying[,] . . . they can provide information about how much this service costs per copy."  With respect to in-house copying, Gucci was charged $.15 for each black and white photocopy and $.75 for each color photocopy.  As for photocopying charges billed by outside vendors for larger projects, such as reproducing Gucci's exhibits for trial, those invoices are attached hereto as Exhibit I.

22. **Clerk Expenses.**  As noted in Gucci's Motion for Fees and Expenses, taxable costs under 28 U.S.C. § 1920 and Local Rule 54.1(c) include the filing fee for a federal action.  Here, Gucci is entitled to recover the $350.00 it incurred in filing the complaint.  As the Court acknowledged in its Report and Recommendations, "the amount and payment of the court's filing fee need not be documented."  *See* Report and Recommendations at 77.

8

23.     **Investigator and Process Server Expenses.**  As noted in Gucci's Motion for Fees and Expenses, investigator and process server fees are recoverable.  *See, e.g.*, *Louis Vuitton Malletier, S.A. v. LY USA*, 2008 Dist. Lexis 107592, at *7 (S.D.N.Y. Oct. 3, 2008) (the court allowed the prevailing plaintiffs to recover investigative expenses); *see also* Local Rule 54.1(c)(10) (stating that "the reasonable and actual fees of [a] . . . process server are taxable").  Here, Gucci is entitled to recover expenses in the amount of $3,899.26 associated with investigator and process server fees.

24.     During the course of this action, Gucci incurred process server fees in connection with attempts to serve the Complaint and Amended Complaint on defendants as well as serving subpoenas on various third parties.  Notably, Gucci hired a U.K.-based investigator to serve Gemma Gucci with the Amended Complaint based on Jennifer Gucci's testimony that her daughter lived in England.  At the time, Gemma Gucci was living in New York City.  Attached hereto as Exhibit J are copies of the invoices associated with investigator and process server fees.

25.     **Courier and Postage Expenses.**  As noted in Gucci's Motion for Fees and Expenses, courts allow a party to be reimbursed for use of courier services, including charges for postage and Federal Express fees, which are "reasonable and routine."  *See, e.g.*, *J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, No. 03 Civ. 1548 (GBD) (AJP), 2008 WL 4613752, at *15 (S.D.N.Y. Oct. 17, 2008) (citing authorities).  Here, Gucci is entitled to recover $2,412.30, representing the reasonable and routine courier and postage expenses incurred by Gucci's counsel over a near three year period.

26.     During the course of this action, Gucci's counsel incurred courier and postage expenses for the following activities:  (i) transmitting correspondence to opposing counsel; (ii) transmitting documents for use at depositions in California, Arizona and Ohio; (iii) courier

expenses associated with transmitting documents and trial-related materials to the Court; (iv) courier expenses associated with transmitting documents and trial-related materials to opposing counsel. Attached hereto as Exhibit K are copies of Arnold & Porter's internal billing records associated with courier and postage expenses.

27. Accordingly, Gucci seeks reimbursement of its litigation-related expenses in the following amounts:

| Category | Amount |
| --- | --- |
| Legal Research | $13,009.38 |
| Electronic Discovery | $22,324.89 |
| Deposition Transcripts | $30,509.82 |
| Court Transcripts | $3,823.53 |
| Travel Expenses (counsel) | $14,591.37 |
| Travel Expense (witnesses) | $16,317.85 |
| Certified Copies of Documents | $1,827.00 |
| Book Purchases | $224.30 |
| Photocopies/Facsimile/Phone | $29,033.48 |
| Investigators/Process Servers | $3,899.26 |
| Delivery Services/Postage | $2,412.30 |
| **Total:** | **$137,973.18** |

28. With respect to the apportionment of these litigation-related expenses, Gucci asserts that Litwak should be held jointly and severally liable for the entire amount ($137,973.18); Jennifer Gucci should be held jointly and severally liable for the entire amount minus the expense associated with the forensic examination of Litwak's computer

($125,338.35); and Gemma Gucci should be held jointly and severally liable for the entire amount minus the expenses associated with the forensic examinations of Litwak's and Jennifer Gucci's computers ($115,648.29).

Case 1:07-cv-06820-RMB-JCF   Document 181   Filed 09/24/10   Page 11 of 12

12

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.  EXECUTED IN NEW YORK, NEW YORK ON SEPTEMBER 24, 2010.

                                                 /John Maltbie/
                                               John Maltbie