UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────────X
GUCCI AMERICA, INC.,

                Plaintiff,

-against-

JENNIFER GUCCI, JENCO DESIGNS, LLC,
JENNICOR, LLC, JENNY GUCCI COFFEE AND
GELATO COMPANY, INC., VERATEX, INC.,
COLLEZIONE DI CASA, INC., E.L. ERMAN-
DEAD SEA COSMETICS CORP., ELE BRANDS
ENTERPRISE, INC., GBN WATCH
COLLECTION, INC., GBN GLOBAL BUSINESS
NETWORK, EDWARD LITWAK d/b/a ED
LITWAK & ASSOCIATES, GEMMA GUCCI,
GEMMA GUCCI COFFEE AND GELATO
COMPANY, INC., ABC CORPORATIONS 1-10,
and JOHN DOES 1-10,

                Defendants.
──────────────────────────────────────X

Civil Action No. 07 CV 6820
(RMB)(JCF)

## DEFENDANT GEMMA GUCCI'S OBJECTIONS
## TO REPORT AND RECOMMENDATION

**HARRINGTON, OCKO & MONK, LLP**
*Attorneys for Defendant*
*Gemma Gucci*
**81 Main Street, Suite 215**
**White Plains, NY 10601**
**(914) 686-4800**
**(914) 686-4824 (fax)**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...........................................................................................-ii-

PRELIMINARY STATEMENT .........................................................................................1

ARGUMENT ......................................................................................................................5

I.  STANDARD OF REVIEW ....................................................................................5

II. THE MAGISTRATE JUDGE MADE MATERIAL ERRORS OF FACT IN HOLDING GEMMA GUCCI JOINTLY AND SEVERALLY LIABLE ...........................5

    A.   The Report Errs in Finding Gemma Gucci a Willful Infringer ...............................6

    B.   The Magistrate Judge Erred in Finding that Gemma Gucci is Jointly and Severally Liable with Litwak as a Result of a Partnership, Joint Venture, or Similar Enterprise ...........................................................................8

    C.   The Magistrate Judge Erred in Holding Gemma Gucci Jointly and Severally Liable as She Received no Money or Benefits .....................................10

CONCLUSION ..................................................................................................................12

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Abeshouse v. Ultra Graphics, Inc.*, 754 F.2d 467 (2d Cir. 1985) .................................................. 6, 8

*Del Ponte v. Universal*, 2008 WL 169358 (S.D.N.Y. Jan. 16, 2008) .................................................. 5

*Dover Ltd. v. AB Watley, Inc.*, 423 F.Supp.2d 303 (S.D.N.Y. 2006) .................................................. 9

*eScholar v. Otis*, 387 F.Supp.2d 329 (S.D.N.Y. 2005). .................................................. 5

*George Bayco, Inc. v. Blue Coral, Inc.*, 968 F.2d 1532 (2d Cir. 1992) .................................................. 10

*Grassia v. Sculley*, 892 F.2d 16 (2d Cir. 1989) .................................................. 5

*Johnson v. Tedford*, 2007 WL 4118284 (N.D.N.Y. Nov. 16, 2007 .................................................. 5

*MCA, Inc. v. Wilson*, 677 F.2d 180 (2d Cir. 1981) .................................................. 6

*McCulley v. N.Y.S. Department of Environmental Conservation*,
   593 F.Supp.2d 422 (N.D.N.Y. 2006) .................................................. 5

*Morgold, Inc. v. ACA Galleries*, 724 N.Y.S.2d 447 (2nd Dept. 2001) .................................................. 9

*Wells Fargo Home Mortgage, Inc. v. Iddekel Church of God, Inc.*,
   781 N.Y.S.2d 628 (Sup.Ct. Kings Cty. 2004) .................................................. 9

**Statutes**
15 U.S.C. §1117(a) .................................................. 7
28 U.S.C. §636(b)(1)(C) .................................................. 5

Defendant, Gemma Gucci ("Defendant"), by and through her counsel, Harrington, Ocko & Monk, LLP, submits the following objections to the September 7, 2010 Report and Recommendation of Mag. Judge Francis (the "Report"), recommending that the Court grant Plaintiff, Gucci America, Inc. ("Plaintiff") $200,750.00 in damages, and $421,974.00 in attorneys' fees against Gemma Gucci, holding Gemma Gucci joint and severally liable for these amounts with co-defendant, Edward Litwak.

## PRELIMINARY STATEMENT

Gucci filed an Amended Complaint against numerous corporate Defendants, as well as three individual Defendants, Gemma Gucci, Jennifer Gucci and Edward Litwak, regarding alleged trademark infringement, among other claims. The District Court held a bench trial on June 29, 2009, and subsequently issued a Findings of Fact and Conclusions of Law with respect to that bench trial. In the District Court's Findings of Fact, the Court held Gemma Gucci liable for willful trademark infringement, concluding that Gemma Gucci, through Litwak, engaged in licensing activities regarding her name despite being "aware that … Gemma Gucci's USPTO trademark applications were denied". Findings of Fact and Conclusions of Law, dated August 5, 2009 ("Findings of Fact"), at 40. Such finding by the District Court was in error, as there was no actual evidence submitted at trial that Gemma Gucci filed such trademark applications, was aware of trademark applications, or was aware of the USPTO's denial of such trademarks.

The District Court also found that Gemma Gucci's infringement was willful due to her failure to keep apprised of Litwak's licensing activities; this, despite the fact that evidence introduced at trial indicated that Litwak had far exceeded any authority he had from Gemma Gucci to actually enter into license agreements, and that Litwak had actively thwarted Gemma

Gucci's attempts to stay apprised of his activities, including potentially arranging for the forgery of Gemma Gucci's name on various licensing documents.

The District Court then referred the matter to Magistrate Judge Francis for a determination as to whether Plaintiff was entitled to monetary damages, if any, and whether to hold Defendant Gemma Gucci jointly and severally liable with the other Defendants as to profits and payment of attorneys' fees.

On March 12, 2010, Magistrate Judge Francis held a hearing on the issue of damages and/or profits and attorneys' fees. During that hearing, Defendant Gemma Gucci conclusively demonstrated that the District Court's original finding of willfulness on her part was in error; Gemma Gucci presented clear evidence that she never applied for a trademark with respect to her name, was not aware of such trademark applications, and was never aware that such trademark applications had been rejected by the USPTO. Defendant Gemma Gucci's proposed Findings of Fact and Conclusions of Law ("Gemma Findings of Fact"), at ¶¶23-25; Transcript of Hearing before Magistrate Judge Francis, dated March 10, 2010 ("Hearing Trans."), at pp. 11-13; Plaintiff's Trial Exhibits 227, 228.

Moreover, during that hearing, Defendant Gemma Gucci presented uncontradicted evidence that Edward Litwak exceeded any oral agreement between Gemma Gucci and Litwak with respect to his licensing activities regarding her name. Gemma Findings of Fact, at ¶¶26-46. The evidence at the hearing conclusively demonstrated that Litwak actively hid the extent of his activities from Gemma Gucci, and that Gemma Gucci never gave Litwak authority to actually execute any license agreements with respect to the use of her name. *Id.*; Plaintiff's Trial Exhibit 277; June 29, 2009 Trial Transcript ("Trial Trans."), at 122-23.

On September 7, 2010, Magistrate Judge Francis issued a Report and Recommendation In the Report, the Magistrate Judge specifically disregarded the factual error as to Gemma Gucci's lack of any knowledge of the attempted registration of trademarks for her name, and the rejection of such registration, and held Gemma Gucci jointly and severally liable with Mr. Litwak with respect to profits obtained by Mr. Litwak, and attorneys' fees attributable to Mr. Litwak with respect to this litigation.  The Magistrate Judge also held that even if the finding of willfulness by the District Court against Gemma Gucci was in error, Gemma Gucci could be held jointly and severally liable with Mr. Litwak as a result of the District Court's determination that Mr. Litwak was Gemma Gucci's agent.  The Magistrate Judge also held that Gemma Gucci was jointly and severally liable for profits obtained by Litwak, despite his finding that Gemma Gucci obtained no monies or benefits as a result of Litwak's unauthorized acts.

These factual and legal findings by the Magistrate Judge regarding joint and several liability between Defendant Gemma Gucci and Litwak are clearly in error, and contrary to the undisputed facts presented to the Magistrate Judge during the hearing on the issue of damages and attorneys' fees.  The factual evidence presented both at the original trial of this matter, and at the hearing before Magistrate Judge Francis demonstrates that Gemma Gucci had absolutely no knowledge of any attempts to register trademarks regarding her name with the USPTO, and no knowledge that the USPTO had rejected such applications; indeed, the trademark applications do not even bear Gemma Gucci's name as the applicant.  The evidence presented at the trial of this matter demonstrated conclusively that Gemma Gucci had nothing to do with the actual wine labels used by Litwak and Gazley with respect to Gemma Gucci wine; the District Court erroneously held that Gemma Gucci should be liable for the disclaimer on the wine, despite also holding that it was Litwak and Gazley who developed the wine label without Gemma Gucci's

3

knowledge. Trial Trans., at pp. 24, 38. Absent evidence of actual knowledge by Defendant Gemma Gucci of these trademark applications and their rejection, or participation in creating the actual wine label used, any finding of "willfulness" by the Magistrate Judge is in error. Without a finding of willfulness, there can be no finding of joint and several liability as to Gemma Gucci.

Moreover, the Report improperly and incorrectly found that Gemma Gucci can be considered to have been in a partnership or joint venture with Mr. Litwak. Such finding by the Magistrate Judge is also in error. The uncontroverted evidence before the District Court and the Magistrate Judge demonstrates that Mr. Litwak far exceeded any oral authority he had to present Gemma Gucci with potential licensing activities, and that Litwak actually may have arranged for the forgery of the signatures of Gemma Gucci on several licensing documents without her knowledge. In addition, despite Gemma Gucci's attempts to monitor Litwak's activities, Litwak actively hid such activities from Gemma Gucci. Such evidence precludes a finding by the Magistrate Judge of partnership or joint venture between Gemma Gucci and Litwak, and precludes a finding of joint and several liability as to Gemma Gucci.

Lastly, the finding by the Magistrate Judge that Gemma Gucci can be held jointly and severally liable for Litwak's profits is contrary to established Second Circuit law; there can be no award of profits even as against a willful infringer, if that infringer has received no benefits as a result of the activity.

These clear errors contained in the Report require a modification of the Report by the District Court, and a finding that Gemma Gucci is not jointly and severally liable for any profits obtained by Mr. Litwak as a result of his unauthorized licensing activities, and Gemma Gucci cannot be held jointly and severally liable for any attorneys' fees attributable to Mr. Litwak's conduct. As a result, the District Court should reject those portions of the Report, and hold that

Gemma Gucci has no liability to Plaintiff for any profits or attorneys' fees, or at most, *de minimus* amounts as to both.

## ARGUMENT

### I. STANDARD OF REVIEW

In reviewing a Report and Recommendation, the Court may accept, reject, or modify, in whole or in part, the findings and recommendations by the Magistrate Judge. 28 U.S.C. §636(b)(1)(C). A District Court is required to make a *de novo* determination as to aspects of the Report to which objections are made. *eScholar v. Otis*, 387 F.Supp.2d 329, 331 (S.D.N.Y. 2005). The Court must apply a clearly erroneous standard to those portions of the Report to which a party does not object. *Johnson v. Tedford*, 2007 WL 4118284, at *1 (N.D.N.Y. Nov. 16, 2007); *Del Ponte v. Universal*, 2008 WL 169358, at *2 (S.D.N.Y. Jan. 16, 2008).

The District Court, in making a *de novo* determination with respect to a Report and Recommendation, may correct factual errors or errors of law regarding determinations made by the Magistrate Judge in a Report and Recommendation. *Grassia v. Sculley*, 892 F.2d 16, 19 (2d Cir. 1989). A material error in a factual finding contained in a Magistrate Judge's Report and Recommendation requires modification or rejection by the District Court. *McCulley v. N.Y.S. Department of Environmental Conservation*, 593 F.Supp.2d 422, 425 n.3 (N.D.N.Y. 2006).

### II. THE MAGISTRATE JUDGE MADE MATERIAL ERRORS OF FACT IN HOLDING GEMMA GUCCI JOINTLY AND SEVERALLY LIABLE

In his Report, Magistrate Judge Francis essentially affirms the uncontradicted evidence provided by Defendant Gemma Gucci at the hearing that Gemma Gucci obtained absolutely <u>no</u> money and <u>no</u> benefits from any of the unauthorized infringing activities undertaken by Litwak with respect to her name. Report, at 35. Despite this factual determination, the Magistrate Judge

5

went on to determine in the Report that Gemma Gucci could be held jointly and severally liable for the conduct and profits obtained by Litwak, and for attorneys' fees. The Report arrives at this result because it concludes that Gemma Gucci is deemed to be "not innocent" with respect to Litwak's infringing activities, and Gemma Gucci was in a joint venture with Litwak. These findings by the Magistrate Judge constitute clear error, and compound the erroneous original finding by the District Court regarding the "willfulness" as to Gemma Gucci.

In essence, the uncontroverted evidence in the record establishes that Litwak abused and far exceeded the limited authority Gemma Gucci gave him merely to <u>solicit</u> <u>potential</u> <u>licensing</u> <u>parties</u> and present opportunities for her <u>approval</u>. No licensing deals were ever presented to Gemma Gucci, or ever approved by Gemma Gucci. She was unaware that Litwak collected substantial monies, or that he had purportedly authorized parties to make and sell products using Gemma Gucci's name <u>without</u> <u>her</u> <u>knowledge</u> <u>or</u> <u>consent</u>. Litwak's clear abuse of his limited authority including his displaying forged license documents to his clients and business partners, hardly supports a finding of joint venture. Gemma Gucci was in fact as big a victim of Litwak's misconduct as any of the various parties who testified at the trial of this case. She received no benefit whatsoever from Litwak's unauthorized licensing activities.

### A.     The Report Errs in Finding Gemma Gucci a Willful Infringer.

It is black letter law in this Circuit that liability for illegal profits is several liability; one defendant is <u>not</u> liable for the profit obtained by another. *MCA, Inc. v. Wilson*, 677 F.2d 180, 186 (2d Cir. 1981). The exceptions to this rule are very limited, and only apply when an infringement is deemed "not innocent", or where the defendants were engaged in a partnership, joint venture or similar enterprise. *Abeshouse v. Ultra Graphics, Inc.*, 754 F.2d 467, 472 (2d Cir. 1985). Moreover, the obtaining of a defendant's profits under the Lanham Act is subject to the

dictates of equity as required by the statute. 15 U.S.C. §1117(a). Holding another infringer responsible for the profits of a different infringer may be deemed excessive as a matter of law, especially when the supposed profits of each infringer are radically different in amount. *Id.*

In this instance, the Magistrate Judge committed clear error in the Report in finding Gemma Gucci to be a "not innocent" infringer. The uncontroverted evidence presented at the trial and at the hearing before Magistrate Judge Francis demonstrated that Gemma Gucci cannot be deemed a willful infringer for purposes of obtaining profits or joint and several liability under the Lanham Act: (1) Gemma Gucci had no knowledge of any trademark applications filed for her name, (2) Gemma Gucci did not make any trademark applications for use of her name, (3) trademark applications submitted into the record during the trial of this matter did not contain Gemma Gucci's signature as applicant, (4) Gemma Gucci was not aware that any applications to the Trademark Office had been made to trademark her name, and (5) Gemma Gucci was not aware that the USPTO had rejected trademark applications for use of her name. Gemma Findings of Fact, at ¶¶23-25. This evidence is uncontradicted by Plaintiff.

Moreover, the evidence submitted by Plaintiff to the District Court in the form of trademark applications completely vindicates Gemma Gucci on this issue; those trademark applications bore the names of Brentwood Communications International, Inc., as applicant, and signed by Bud Brutsman or "Kari Grant". Plaintiff's Trial Exhibits 227, 228. The finding of the District Court and the Magistrate Judge that Gemma Gucci's conduct was willful was based on her supposed knowledge of these trademark applications. The uncontradicted evidence is that she had no knowledge or such applications, or the rejection of those applications. Thus, the finding of willfulness is obvious error.

7

Lastly, any finding of willfulness by the District Court and the Magistrate Judge based on Gemma Gucci's supposed participation in wine labels for Gemma Gucci Wine is also in error. The District Court specifically held that the wine labels used on Gemma Gucci Wine were created by Litwak and Gazley, with no evidence of participation regarding the actual labels used by Gemma Gucci. Compare Findings of Fact, at p. 24 with p. 38. Therefore, there can be no finding of willfulness by Gemma Gucci based upon wine labels that she did not create, and she was not aware of. The fact that she looked at other tentative designs for a wine bottle that were in fact never used is of no consequence. The record establishes that Gemma Gucci was not aware that Litwak had authorized sale of the wine product until after it had been sold, and this was done without her authority.

Without a finding of willfulness against Gemma Gucci, there can be no joint and several liability under one of the narrow exceptions provided for by *Abeshouse*. Therefore, as there can be no finding of joint and several liability as to Gemma Gucci and Litwak, the District Court should reject the Report's conclusion on this issue.

**B.   The Magistrate Judge Erred in Finding that Gemma Gucci is Jointly and Severally Liable with Litwak as a Result of a Partnership, Joint Venture, or Similar Enterprise.**

In finding Gemma Gucci jointly and severally liable with Litwak for profits and/or attorneys' fees, the Magistrate Judge determined in the Report that even if Gemma Gucci was not a willful infringer, she could be held jointly and severally liable as a result of Litwak's activity under a theory of joint venture. Report, at 36. The Magistrate Judge made such a determination, despite the uncontroverted evidence presented at the hearing, that Gemma Gucci made no representation to Gucci or any other parties indicating her consent or knowledge of Litwak's unauthorized activities, neither Gucci nor other non-parties reasonably relied on any

8

statement or communications by Gemma Gucci indicating that Litwak had authority to license her name, and despite no evidence of any written agreements between Gemma Gucci and Litwak, or Gemma Gucci's awareness of Litwak's extensive activities. Indeed, it is undisputed that the only written license agreement for use of Gemma Gucci's name had a <u>forged</u> signature and was never signed by her, and that she first learned of that document when it was sent to her by John Macaluso. If Gemma Gucci and Ed Litwak were in fact in a "joint venture", Litwak would not need a forged license agreement to conduct his business. The fact that this document was forged demonstrates that when Litwak used the document to collect money for himself and authorize licensing deals he did not act "jointly" with Gemma Gucci. The finding by the Magistrate Judge that Gemma Gucci could be held jointly and severally liable under the Lanham Act based on a theory of joint venture with Litwak is in error.

For purposes of liability, a principal is only liable for the acts of an agent that are within the scope of that agent's actual or apparent authority. *Dover Ltd. v. AB Watley, Inc.*, 423 F.Supp.2d 303, 318 (S.D.N.Y. 2006). If an agent's misconduct falls outside the scope of activities authorized by the principal, the principal will not be liable for such misconduct by the agent. *Wells Fargo Home Mortgage, Inc. v. Iddekel Church of God, Inc.*, 781 N.Y.S.2d 628 (Sup.Ct. Kings Cty. 2004). Moreover, a principal is completely relieved of any liability for an agent's acts when the agent totally abandons the principal's interest and acts entirely for his own or another's purposes. *Id.* An agent's own acts cannot imbue him with apparent authority to act for a principal. *Morgold, Inc. v. ACA Galleries*, 724 N.Y.S.2d 447, 448 (2nd Dept. 2001).

In this instance, the Magistrate Judge committed clear error in finding Gemma Gucci jointly and severally liable for the activities of Litwak. The uncontradicted evidence presented at the hearing of this matter (and at trial) demonstrates that Litwak did not have authority from

Gemma Gucci to enter into and execute actual license agreements for use of her name. Gemma Findings of Fact, at ¶28; Hearing Trans., at pp. 7-10. Moreover, several written license agreements, which appear to have Gemma Gucci's name, were not signed by Gemma Gucci, nor did she ever authorize anyone to sign on her behalf; at least one of the signatures on one of the license agreements appears to be forged. Gemma Findings of Fact, at ¶34; Trial Trans., at pp. 122-123. When Gemma Gucci confronted Litwak on several occasions with information regarding goods that were being sold using her name, but which she did not authorize, Litwak intentionally downplayed the significance of this information, and informed Gemma Gucci that he would work on resolving the matters. Gemma Findings of Fact, at ¶¶28-46. However, despite Gemma Gucci's request that Litwak ensure no more goods were sold using her name, Litwak apparently continued to enter into and execute license agreements with respect to use of Gemma Gucci's name; these activities were done without Gemma Gucci's consent or authorization. *Id.*

    **C.**    **The Magistrate Judge Erred in Holding Gemma Gucci Jointly and Severally Liable as She Received no Money or Benefits.**

The Magistrate Judge also committed error in determining that Plaintiff should be awarded profits from Gemma Gucci as a result of Litwak's exclusive activities. Case law is clear that in cases of infringement, even willful infringement, a court should not grant a plaintiff defendant's profits in cases where the infringing defendant has received <u>absolutely</u> <u>no</u> money or benefits as a result of the infringement. *George Bayco, Inc. v. Blue Coral, Inc.*, 968 F.2d 1532, 1540 (2d Cir. 1992). In assessing whether to award profits, even against a willful infringer, courts look at factors such as: (1) the degree of certainty that the defendant benefitted from the

10

unlawful conduct, (2) availability and adequacy of other remedies, (3) the role of the particular defendant effectuating the infringement, (4) plaintiff's laches, and (5) plaintiff's unclean hands.

In this instance, the Magistrate Judge specifically determined that Litwak, and <u>not</u> Gemma Gucci, received some $275,000.00 "through his efforts in licensing Gemma Gucci's name". Report, at 38. In addition, Defendant Gemma Gucci presented uncontradicted evidence that she obtained <u>absolutely</u> <u>no</u> <u>money</u>, profits or benefits from any of the unauthorized licensing activities of Litwak with respect to her name. Indeed, all of the evidence presented by Plaintiff with respect to profits is attributed to and/or received by Litwak or others acting on Litwak's behalf without knowledge or consent of Gemma Gucci. Gemma Findings of Fact, at ¶¶26-46.

Despite this uncontroverted finding by the Magistrate Judge, he determined that Gemma Gucci should be held jointly and severally liable with Litwak for monies obtained by Litwak through his unauthorized activities. Such finding is clear error, as it goes against the dictates of the Second Circuit with respect to the ability of a plaintiff to obtain profits from a defendant, even a defendant found to have committed willful infringement. As such, this finding and recommendation should be rejected.

## CONCLUSION

For these reasons, and those to proven by Defendant Gemma Gucci at the trial and hearing of this matter, the Court should apportion no liability to Gemma Gucci for non-existent profits and benefits, not hold Gemma Gucci jointly and severally liable for the "profits" of Defendant Litwak, and apportion no attorneys' fees or the most *de minimus* attorneys' fees as to Defendant Gemma Gucci.

Dated: White Plains, New York
September 24, 2010

           Respectfully submitted,

           HARRINGTON, OCKO & MONK, LLP

              s/ Kevin J. Harrington
         By: _____
           Kevin J. Harrington [KH-5027]
           John T.A. Rosenthal [JR-4819]
           *Attorneys for Defendant*
           *Gemma Gucci*
           81 Main Street, Suite 215
           White Plains, NY 10601
           (914) 686-4800

TO: Louis Sherman Ederer, Esq. [LE-7574]
    John Maltbie, Esq. [JM-3658]
    ARNOLD & PORTER, LLP
    *Attorneys for Plaintiff*
    399 Park Avenue
    New York, NY 10022
    (212) 715-1000

    Ms. Jennifer Gucci
    La Solana de Nagueles
    Las Mimosas 9
    269000 Marbella
    Spain

Mr. Edward Litwak
12868 Via Latina
Del Mar, CA  92014

Martin Simone, Esq.
SIMONE & ROOS
3530 Wilshire Boulevard, Suite 1600
Los Angeles, CA  90010

13