```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
GUCCI AMERICA, INC.,                  : 07 Civ. 6820 (RMB) (JCF)
                                      :
              Plaintiff,              :
                                      :
    - against -                       :        REPORT AND
                                      :     RECOMMENDATION
JENNIFER GUCCI, JENCO DESIGNS, LLC,   :
JENNICOR, LLC, JENNY GUCCI COFFEE     :
AND GELATO COMPANY, INC., VERATEX,    :
INC., COLLEZIONE DI CASA, INC.,       :
E.L. ERMAN - DEAD SEA COSMETICS       :
CORP., ELE BRANDS ENTERPRISE, INC.,   :
GBN WATCH COLLECTION, INC., GBN       :
GLOBAL BUSINESS NETWORK, EDWARD       :
LITWAK, d/b/a ED LITWAK &             :
ASSOCIATES, GEMMA GUCCI, GEMMA        :
GUCCI COFFEE AND GELATO COMPANY       :
INC., ABC CORPORATIONS 1-10, and      :
JOHN DOES 1-10,                       :
                                      :
              Defendants.             :
- - - - - - - - - - - - - - - - - - -:
```

TO THE HONORABLE RICHARD M. BERMAN, U.S.D.J.:

In a Report and Recommendation dated September 7, 2010 (the "R&R"), I recommended in part that the request of the plaintiff, Gucci America, Inc. ("Gucci"), for an award of costs be denied without prejudice to its renewing its application with appropriate documentation and explanation. (R&R at 76-77). Gucci has now made a supplemental submission in an effort to satisfy my concerns.[1]

---

[1] Counsel for defendant Gemma Gucci initially objected to Gucci's submission on the grounds that it was untimely and was improperly directed to Judge Berman. However, Gucci's counsel clarified that it was submitted to me in response to the R&R. I then confirmed that neither Gemma Gucci nor the plaintiff intended to make any further submission on the subject.

1

Gucci seeks reimbursement of the following expenses:

| CATEGORY | AMOUNT |
|---|---|
| Legal Research | $13,009.38 |
| Electronic Discovery | $22,324.89 |
| Deposition Transcripts | $30,509.82 |
| Court Transcripts | $3,823.53 |
| Travel Expenses (counsel) | $14,591.37 |
| Travel Expenses (witnesses) | $16,317.85 |
| Certified Copies of Documents | $1,827.00 |
| Book Purchases | $224.30 |
| Photocopies/Facsimile/Phone | $29,033.48 |
| Investigators/Process Servers | $3,899.26 |
| Delivery Services/Postage | $2,412.30 |
| **TOTAL:** | **$137,973.18** |

I will address each disputed category in turn.

Discussion

   A. Legal Research

Charges for computer-assisted legal research are generally compensable as costs if they are normally billed separately to the client rather than encompassed within the attorney's hourly billing rate. See Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 369 F.3d 91, 98 (2d Cir. 2004). The records of the plaintiff's counsel, Arnold & Porter LLP ("Arnold & Porter"), reflect that these expenses are billed as disbursements and are therefore compensable. (Declaration of John Maltbie dated

2

Sept. 24, 2010 ("Maltbie Decl."), Exh. A).

Nevertheless, Gemma Gucci objects to the request for reimbursement on the ground that the amount sought is "astonishing, given the global size of Arnold & Porter, and the discounts for legal research generally accorded a firm of that size." (Defendant Gemma Gucci Memorandum of Law in Opposition to the Objections by Plaintiff, Gucci America, Inc. ("Def. Memo.") at 4). Yet, the defendant has presented no evidence that Arnold & Porter conducted unnecessary research or failed to obtain an appropriate discount. Indeed, the records reflect discounted rates. (Maltbie Decl., Exh. A). Accordingly, Gucci should be awarded the full amount requested for computerized legal research.

   B. Electronic Discovery

The costs sought by Gucci for electronic discovery relate to forensic searches of the computers of defendants Edward Litwak and Jennifer Gucci, which were necessitated by the failure of these parties to comply with discovery obligations. Gemma Gucci therefore argues that she should not be held responsible for these expenses. (Def. Memo. at 4-5). She is correct. Although Gucci is entitled to reimbursement of these costs, they should be allocated to Mr. Litwak and Jennifer Gucci exclusively.

   C. Travel Expenses for Witnesses

Gucci seeks reimbursement for travel expenses and accommodations for non-party witnesses who testified at or attended

the trial. (Maltbie Decl., ¶ 16 & Exh. F). Gemma Gucci contends that reimbursement is limited to the witness attendance fee provided for in 28 U.S.C. § 1821. (Def. Memo. at 5-7). This is incorrect. Reimbursement is permitted for the reasonable costs of securing the witness' appearance, including transportation and lodging. See Majeske v. City of Chicago, 218 F.3d 816, 825-26 (7th Cir. 2000); Stranski v. Homer Township Highway Department, No. 07 C 4731, 2010 WL 3824102, at *3 (N.D. Ill. Sept. 23, 2010); Ridley v. Sears Home Improvement Products, Inc., No. 6:08-cv-749, 2010 WL 1385817, at *2 (M.D. Fla. March 11, 2010); United States Media Corp. v. Edde Entertainment, Inc., No. 94 civ. 4849, 1999 WL 498216, at *8 (S.D.N.Y. July 14, 1999).

However, costs may generally be awarded only for those days when a witness actually testifies. See United States v. Merritt Meridian Construction Corp., 95 F.3d 153, 173 (2d Cir. 1996); Ridley, 2010 WL 1385817, at *3. Therefore, Gucci may not be compensated for Avi Cohen's expenses, since he never testified. (Maltbie Decl., ¶ 16). Moreover, even for the witnesses who did testify, Gucci has submitted only aggregate expenses. This deprives the court of the ability to determine the reasonableness of the costs incurred. As a result, Gucci should not be awarded reimbursement of its witness' travel expenses.

D. In-House Copying

Gemma Gucci objects to Gucci's billing for copying performed

4

in-house by Arnold & Porter on the ground that the services have not been documented. (Def. Memo. at 7). While Gucci has not identified each document copied, it has indicated that counsel charged $.15 for each black and white photocopy and $.75 for each color photocopy. (Maltbie Decl., ¶ 21). These rates are reasonable, and requiring counsel to itemize each photocopy would be unnecessarily burdensome, particularly where costs are being shifted because of the defendants' bad faith. Gucci should therefore be awarded its in-house copying costs.

### E. Investigator and Process Server Expenses

Similarly, Gemma Gucci complains that, with respect to reimbursement for service of process, Gucci has failed to indicate "what the process server was doing, who the process server was supposedly serving, or what legal documents were being served." (Def. Memo. at 7). Gucci, however, has provided the invoices for these services. (Maltbie Decl., Exh. J). And it has identified the types of services performed, including serving subpoenas on non-parties and attempting to locate Gemma Gucci in England, where Jennifer Gucci testified that she resided. (Maltbie Decl., ¶ 24). Accordingly, these costs are sufficiently documented and should be awarded.

### F. Summary of Costs

The defendants have not challenged the remaining categories of expenses. It is therefore appropriate to award costs as follows:

| CATEGORY | AMOUNT |
|---|---|
| Legal Research | $13,009.38 |
| Electronic Discovery | $22,324.89 (0 for Gemma Gucci) |
| Deposition Transcripts | $30,509.82 |
| Court Transcripts | $3,823.53 |
| Travel Expenses (counsel) | $14,591.37 |
| Travel Expenses (witnesses) | -0- |
| Certified Copies of Documents | $1,827.00 |
| Book Purchases | $224.30 |
| Photocopies/Facsimile/Phone | $29,033.48 |
| Investigators/Process Servers | $3,899.26 |
| Delivery Services/Postage | $2,412.30 |
| **TOTAL:** | **$121,655.33 ($99,330.44 for Gemma Gucci)** |

Conclusion

   For the reasons set forth above, I recommend that Gucci be awarded costs of $121,655.33 against Jennifer Gucci and Edward Litwak jointly and severally, of which Gemma Gucci should also be jointly and severally liable to the extent of $99,330.44.

   Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Richard M. Berman, Room 650, and to the

chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York, 10007.  Failure to file timely objections will preclude appellate review.

                                          Respectfully submitted,

                                          JAMES C. FRANCIS IV
                                          UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
            November 5, 2010

Louis S. Ederer, Esq.
John Maltbie, Esq.
Alan Veronic, Esq.
Arnold & Porter, LLP
399 Park Avenue
New York, New York 10017

Kevin J. Harrington, Esq.
John T.A. Rosenthal, Esq.
Harrington, Ocko & Monk
81 Main Street - Suite 215
White Plains, New York 10601

Edward Litwak
126868 Via Latina
Del Mar, CA 92014

Jennifer Gucci
La Solana de Nagueles
La Minosas 9,
269000 Marbella, SPAIN