**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
GUCCI AMERICA, INC.,                          :
                                              :
                       Plaintiff,    :
                                              :    07 Civ. 6820 (RMB) (JCF)
   - against -                                :
                                              :    **DECISION & ORDER**
JENNIFER GUCCI, et al.,                       :
                                              :
                       Defendants.   :
-------------------------------------------------------------x

**I.    Background**

On September 7, 2010, United States Magistrate Judge James C. Francis IV, to whom this case had been referred for a determination of damages, attorneys' fees, and costs, issued a thorough 79 page report and recommendation ("First Report") recommending, among other things, that judgment be entered for Gucci America, Inc. ("Plaintiff") as follows: (1) $128,892.65 in damages and $579,079.50 in attorneys' fees, for which Defendant Jennifer Gucci and Defendant Edward Litwak ("Litwak") should be jointly and severally liable; (2) $200,750.00 in damages and $421,974.00 in attorneys' fees, for which Defendant Gemma Gucci and Litwak should be jointly and severally liable; and (3) $325,000.00 in punitive damages and $266,653.50 in attorneys' fees, for which Litwak should alone be liable. (See First Report, dated Sept. 7, 2010, at 78.) Judge Francis also recommended that Plaintiff's request for costs "be denied without prejudice." (First Report at 78.) After Plaintiff submitted further documentation and explanation of its costs on September 24, 2010, Judge Francis issued a second report and recommendation, dated November 5, 2010 ("Second Report," and together with the First Report, the "Reports"), recommending that, in addition to the damages and fees recommended in the First Report, Jennifer Gucci and Litwak should be held jointly and severally

liable to Plaintiff for $121,655.33 in costs. (See Second Report, dated Nov. 5, 2010, at 6.) Judge Francis also recommended that Gemma Gucci should be held jointly and severally liable for the first $99,330.44 of that sum. (See Second Report at 6.)[1]

On September 24, 2010, Gemma Gucci filed objections to the First Report ("Objections"), arguing, among other things, that this Court should assign no liability and no attorneys' fees to her, and should "not hold [her] jointly and severally liable for the 'profits' of . . . Litwak," because the Court's finding, at the conclusion of a bench trial held on June 29, 2009, that Gemma Gucci willfully and in bad faith infringed upon Plaintiff's trademarks "was in error." (Objections, dated Sept. 24, 2010, at 1, 2, 12 (citing Court's Findings of Fact & Conclusions of Law, dated Aug. 5, 2009 ("Findings")).) On October 8, 2010, Plaintiff filed a response to Gemma Gucci's Objections ("Response"), arguing that the "Objections are based, in their entirety, on [Gemma Gucci's] attempt to rehash this Court's trial findings, [and] they should be dismissed." (Response, dated Oct. 8, 2010, at 3.)

Despite the Reports' language advising that the parties shall have fourteen (14) days to file written objections, and that "[f]ailure to file timely objections will preclude appellate review" (First Report at 78–79; Second Report at 6–7), no one other than Gemma Gucci has, to date, filed objections to either of the Reports.

**For the reasons set forth below, the Court adopts the Reports in their entirety.**

---

[1] Among other things, in the Second Report, Judge Francis reviewed Plaintiff's September 24, 2010 submission and Gemma Gucci's opposition, dated October 8, 2010. (Second Report at 1 n.1, 2–5.) Although Judge Francis denied Gemma Gucci's opposition to legal research, photocopying, and service of process costs, finding such charges "reasonable" and "sufficiently documented," Judge Francis concluded that Gemma Gucci's opposition was "correct" as to electronic discovery and witness travel, and declined to assess those costs against her. (Second Report at 2–5.)

II.  **Legal Standard**

The Court "shall make a <u>de novo</u> determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may adopt any portions of a magistrate judge's report to which no objections have been made and which are neither clearly erroneous nor contrary to the law. See <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997).

III.  **Analysis**

The facts as set forth in the Reports are incorporated herein by reference unless otherwise noted. The Court has conducted a <u>de novo</u> review of issues raised in Gemma Gucci's Objections, Plaintiff's Response, and applicable legal authorities, and finds no basis to depart from the Reports' conclusions and recommendations.[2]

In her Objections, Gemma Gucci seeks (inappropriately and unpersuasively) to re-litigate the Court's findings of fact and conclusions of law, dated August 5, 2009, which followed a bench trial. (<u>See</u> Objections at 1, 2, 12.) "[T]he Court had an excellent opportunity to observe witness demeanor and assess witness credibility" and, having done so, determined that Gemma Gucci (as well as Jennifer Gucci and Litwak) infringed and diluted Plaintiff's trademarks "willfully" and in "bad faith." (Findings at 4, 34–39, 40–41, 45.)

As Plaintiff correctly observes, Gemma Gucci "never filed a Rule 59 motion for a new trial or to amend the [Findings], or . . . for a rehearing of any kind" (Response at 2), and Gemma Gucci failed to perfect her appeal to the United States Court of Appeals for the Second Circuit,

---

[2] Any objections not specifically addressed in this Order have been considered <u>de novo</u> and rejected. As to any portions of the Reports to which no objections have been made, the Court finds "no clear error on the face of the record." <u>Wilds v. United Parcel Serv.</u>, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003); <u>see</u> <u>Pizarro v. Bartlett</u>, 776 F. Supp. 815, 817 (S.D.N.Y. 1991); <u>see also</u> pages 4–5 below.

3

filed September 3, 2009, which resulted in the Second Circuit's dismissal of that appeal by order dated November 19, 2010.  (See Order of Second Circuit Court of Appeals, dated Nov. 19, 2010); see also Menghi v. Hart, -- F. Supp. 2d --, 2010 WL 3937181, at *4 (E.D.N.Y. Sept. 30, 2010) (citing Aramony v. United Way of Am., 254 F.3d 403, 410 (2d Cir. 2001)); Al-Jundi v. Oswald, No. 75 Civ. 132, 1997 WL 613232, at *2 (W.D.N.Y. Oct. 2, 1997) ("At the liability trial, such issue was properly presented to the [trier of fact] and remains the law of the case."); Softel, Inc. v. Dragon Med. & Scientific Commc'ns Ltd., 891 F. Supp. 935, 937 (S.D.N.Y. 1995).

Gemma Gucci's unpersuasive Objections aside, the Court concludes that recommendations in the Reports as to which no objections have been filed, are not clearly erroneous and, in fact, are in conformity with the law.  See Pizarro, 776 F. Supp. at 817.  After conducting a hearing on damages at which Litwak appeared pro se, Gemma Gucci appeared via counsel, and Jennifer Gucci did not appear (see First Report at 2), Judge Francis calculated the amount of monetary damages based upon an accounting of profits earned from the infringing activity; rejected as "unnecessary" Plaintiff's request to treble such damages; and determined that joint and several liability was appropriate as to Jennifer and Gemma Gucci based upon the Court's finding that "their infringement was willful and . . . in bad faith" and "not innocent" (First Report at 11, 28, 31–33, 34–35 (citing Getty Petroleum Corp. v. Batrco Petroleum Corp., 858 F.2d 103, 113 (2d Cir. 1988); Abeshouse v. Ultragraphics, Inc., 754 F.2d 467, 472 (2d Cir. 1985)).)  Judge Francis also recommended that punitive damages be assessed against Litwak consistent with legal precedent.  (See First Report at 39–40 (citing Getty Petroleum Corp. v. Island Transp. Corp., 862 F.2d 10, 14 (2d Cir. 1988)).)  And, he determined that reasonable attorneys' fees should be paid by these defendants (in an amount that was nearly $500,000 less

than the amount Plaintiff had requested). (See First Report at 41–74 (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 184 (2d Cir. 2008)).) Finally, Judge Francis evaluated the costs which should be imposed, excluding nearly $40,000 against Gemma Gucci after reviewing her submission. (See Second Report at 2, 3–4, 6 (citing United States v. Merritt Meridian Constr. Corp., 95 F.3d 153, 173 (2d Cir. 1996)).)

### IV. Conclusion and Order

For the reasons set forth therein and herein, the Court adopts the Reports in their entirety. Judgment is entered in favor of Plaintiff in the following amounts: (1) $128,892.65 in damages and $579,079.50 in attorneys' fees, for which Jennifer Gucci and Litwak are jointly and severally liable; (2) $200,750.00 in damages and $421,974.00 in attorneys' fees, for which Gemma Gucci and Litwak are jointly and severally liable; (3) $325,000.00 in punitive damages and $266,653.50 in attorneys' fees, for which Litwak is individually liable; and (4) $121,655.33 in costs, for which Jennifer Gucci and Litwak are jointly and severally liable (and for the first $99,330.44 of which Gemma Gucci is also jointly and severally liable).

Dated: New York, New York
December 30, 2010

_RMB_____
RICHARD M. BERMAN, U.S.D.J.